MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.499.5712
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Plaintiff HP Tuners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff HP Tuners, LLC, through its attorneys, Andrew P. Bleiman, Esq., MARKS & KLEIN, and Cecilia Lee, Esq. and Elizabeth High, Esq., LEE HIGH, LTD., and Defendant Kenneth Cannata, through his attorney, Bart Larsen, Esq., KOLESAR & LEATHAM, for the entry of the following protective order.

**PROTECTIVE ORDER**

1.   PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. The parties have therefore agreed to the following Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c) and LR II 26-1. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

    2.1 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: business records and employee files; documents relating to expertise and knowledge, including automotive tuning data and data related to other types of vehicles; documents relating to undisclosed advertising and marketing; management communications; pricing information; agreements with employees and non-parties; technical information about a party's products or anticipated products; communications and other non-public documents relating to the business and dealings of the parties.

    2.2 "Highly Confidential" material shall include any document, material, or information otherwise meeting the definition of "Confidential," the disclosure of which to another party or non-party the disclosing party reasonably believes would likely result in competitive, commercial, financial, or other harm to the disclosing party or its clients or potential clients. "Highly confidential" material may include, without limitation, proprietary technical information in the nature of hardware design documents, source code; proprietary software; license key generators, and computer passwords.

3. SCOPE

    The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

1   However, the protections conferred by this agreement do not cover information that is in
2   the public domain or becomes part of the public domain through trial or otherwise.
3   4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL
4   4.1   Basic Principles. A receiving party may use confidential material that is disclosed
5   or produced by another party or by a non-party in connection with this case only for prosecuting,
6   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the
7   categories of persons and under the conditions described in this agreement. Confidential material
8   must be stored and maintained by a receiving party at a location and in a secure manner that ensures
9   that access is limited to the persons authorized under this agreement.
10   4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered
11   by the court or permitted in writing by the designating party, a receiving party may disclose any
12   confidential material only to:
13   (a)   the receiving party's counsel of record in this action, as well as employees of
14   counsel to whom it is reasonably necessary to disclose the information for this litigation;
15   (b)   the officers, directors, and employees (including in house counsel) of the receiving
16   party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a
17   particular document or material produced is for Attorney's Eyes Only and is so designated;
18   (c)   experts and consultants to whom disclosure is reasonably necessary for this
19   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
20   (d)   the court, court personnel, and court reporters and their staff;
21   (e)   copy or imaging services retained by counsel to assist in the duplication of
22   confidential material, provided that counsel for the party retaining the copy or imaging service
23   instructs the service not to disclose any confidential material to third parties and to immediately
24   return all originals and copies of any confidential material;
25   (f)   during their depositions, witnesses in the action to whom disclosure is reasonably
26   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
27   unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed

deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) mediators or discovery masters (and their support staff) assisting in the above-captioned action; and

(i) any other person designated by written agreement of the parties and the disclosing party, or by order of the Court.

4.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation provided those employees are not also employees of the receiving party;

(b) experts and consultants (including computer forensic examiners and custodians) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, court personnel, and court reporters and their staff;

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e) mediators or discovery masters (and their support staff) assisting in the above-captioned action; and

(f) any other person designated by written agreement of the parties and the disclosing party, or by order of the Court, where such disclosure is reasonably necessary for this litigation and only after the above named persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.4     Filing Confidential Material.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. LR IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. LR IA 1-3(f) defines "meet and confer" as a reciprocal requirement which applies to all participants and requires direct communication and discussion in good faith. The requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference, and the exchange of written, electronic, or voice-mail communications do not satisfy this requirement. In accordance with LR IA 1-3(f), a motion regarding confidential designations must include a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention. In the event that the parties have engaged in good faith meet-and-confer efforts regarding confidentiality designations which have been unsuccessful in resolving or narrowing the dispute without court action, it is the sole responsibility of the designating party to file a motion to preserve the confidential designation at issue within fourteen (14) days of the last certified conference.

      6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality in accordance with Section 6.2 above or the confidentiality designation shall be waived. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and

summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

DATED this 5th day of June, 2019.                    DATED this 5th day of June, 2019.

LEE HIGH, LTD.                                        KOLESAR & LEATHAM

/s/ Elizabeth High, Esq.                              /s/ Bart Larsen, Esq.
CECILIA LEE, ESQ.                                     BART LARSEN, ESQ.
ELIZABETH HIGH, ESQ.                                  Attorney for Defendant, Kenneth Cannata

MARKS & KLEIN

/s/ Andrew P. Bleiman, Esq.
ANDREW P. BLEIMAN, ESQ.
Attorneys for Plaintiff HP Tuners, LLC

IT IS SO ORDERED.

DATED this ____ day of June, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
(775) 324-1011