BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:     blarsen@klnevada.com

Attorneys for Defendant
KENNETH CANNATA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HP TUNERS, LLC,, | CASE NO. 3:18-cv-00527-LRH-WGC |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| KENNETH CANNATA, | |
| Defendant. | |

## ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant, Kenneth Cannata ("Defendant"), by and through his counsel, Bart K. Larsen, Esq., of the law firm of Kolesar & Leatham, for his Answr to the Complaint for Injunctive Relief and Damages ("Complaint") filed by Plaintiff HP Tuners, LLC ("Plaintiff"), respectfully answers as follows:

### NATURE OF THE ACTION

1.      In answering Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2.      In answering Paragraph 2 of the Complaint, Defendant admits he provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

3.      In answering Paragraph 3 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1    information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies

2    the allegations contained therein.

3           4.      In answering Paragraph 4 of the Complaint, Defendant denies the allegations

4    contained therein.

5           5.      In answering Paragraph 5 of the Complaint, Defendant denies the allegations

6    contained therein.

7           6.      In answering Paragraph 6 of the Complaint, Defendant denies the allegations

8    contained therein.

9           7.      In answering Paragraph 7 of the Complaint, Defendant denies the allegations

10   contained therein.

11          8.      In answering Paragraph 8 of the Complaint, Defendant responds that Paragraph 8

12   describes the nature of the Complaint but does not set forth any factual allegation to which a

13   response is required.  To the extent that a response is required, Defendant denies the allegations

14   contained therein.

15                                          **PARTIES**

16          9.      In answering Paragraph 9 of the Complaint, Defendant admits the allegations

17   contained therein.

18          10.     In answering Paragraph 10 of the Complaint, Defendant admits the allegations

19   contained therein.

20                           **JURISDICTION AND VENUE**

21          11.     In answering Paragraph 11 of the Complaint, Defendant admits the allegations

22   contained therein.

23          12.     In answering Paragraph 12 of the Complaint, Defendant admits the allegations

24   contained therein.

25                              **BACKGROUND FACTS**

26          13.     In answering Paragraph 13 of the Complaint, Defendant admits the allegations

27   contained therein.

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

3214661 (9665-2)

14.     In answering Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15.     In answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16.     In answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

17.     In answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein. Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

18.     In answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

19.     In answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

20.     In answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

21.     In answering Paragraph 21 of the Complaint, Defendant denies the allegation that Plaintiff conducts business worldwide.  As to the remaining allegations contained therein, Defendant is without sufficient knowledge or information to either admit or deny such allegations and, on this basis, denies each and every such allegation.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

22.　　In answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

23.　　In answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein. Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

24.　　In answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein. Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

25.　　In answering Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

26.　　In answering Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein. Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

27.　　In answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

28.　　In answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

29.     In answering Paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30.     In answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

31.     In answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

32.     In answering Paragraph 32 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

33.     In answering Paragraph 33 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

34.     In answering Paragraph 34 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

35.     In answering Paragraph 35 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

36.     In answering Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37.     In answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38.     In answering Paragraph 38 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

39.     In answering Paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40.     In answering Paragraph 40 of the Complaint, Defendant admits he provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

41.     In answering Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42.     In answering Paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43.     In answering Paragraph 43 of the Complaint, Defendant admits he provided a USB flash drive containing a HPT key generator program to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

44.     In answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45.     In answering Paragraph 45 of the Complaint, Defendant admits the allegations contained therein.

46.     In answering Paragraph 46 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

47.     In answering Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

48.     In answering Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

49.     In answering Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and,

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

50.   In answering Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business practices.

51.   In answering Paragraph 51 of the Complaint, Defendant denies the allegations contained therein.

52.   In answering Paragraph 52 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

53.   In answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

54.   In answering Paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

55.   In answering Paragraph 55 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

56.   In answering Paragraph 56 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

57.   In answering Paragraph 57 of the Complaint, Defendant admits the allegations contained therein.

58.   In answering Paragraph 58 of the Complaint, Defendant admits the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

59.     In answering Paragraph 59 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

60.     In answering Paragraph 60 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

61.     In answering Paragraph 61 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

62.     In answering Paragraph 62 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

63.     In answering Paragraph 63 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

64.     In answering Paragraph 64 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

65.    In answering Paragraph 65 of the Complaint, Defendant admits that Plaintiff agreed to purchase Defendant's membership interest in HPT upon the terms and conditions set forth in a written purchase agreement and certain ancillary documents.  Defendant denies all allegations contained in this Paragraph to the extent such allegations are inconsistent or in conflict with the terms of the actual transaction documents.

66.    In answering Paragraph 66 of the Complaint, Defendant denies the allegations contained therein.

67.    In answering Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68.    In answering Paragraph 68 of the Complaint, Defendant denies the allegations contained therein.

69.    In answering Paragraph 69 of the Complaint, Defendant admits that his wife obtained an ownership interest in Syked ECU Tuning, Inc. in or around March 2017.  Defendant otherwise denies the allegations contained therein.

70.    In answering Paragraph 70 of the Complaint, Defendant denies the allegations contained therein.

71.    In answering Paragraph 71 of the Complaint, Defendant denies the allegations contained therein.

72.    In answering Paragraph 72 of the Complaint, Defendant denies the allegations contained therein.

73.    In answering Paragraph 73 of the Complaint, Defendant denies the allegations contained therein.

74.    In answering Paragraph 74 of the Complaint, Defendant denies the allegations contained therein.

75.    In answering Paragraph 75 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

76.     In answering Paragraph 76 of the Complaint, Defendant denies the allegations contained therein.

77.     In answering Paragraph 77 of the Complaint, Defendant denies the allegations contained therein.

78.     In answering Paragraph 78 of the Complaint, Defendant denies the allegations contained therein.

79.     In answering Paragraph 79 of the Complaint, Defendant denies the allegations contained therein.

80.     In answering Paragraph 80 of the Complaint, Defendant denies the allegations contained therein.

## FIRST CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY

81.     In answering Paragraph 81 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

82.     In answering Paragraph 82 of the Complaint, Defendant admits the allegations contained therein.

83.     In answering Paragraph 83 of the Complaint, Defendant denies the allegations contained therein.

84.     In answering Paragraph 84 of the Complaint, Defendant denies the allegations contained therein.

85.     In answering Paragraph 85 of the Complaint, Defendant denies the allegations contained therein.

86.     In answering Paragraph 86 of the Complaint, Defendant denies the allegations contained therein.

87.     In answering Paragraph 87 of the Complaint, Defendant denies the allegations contained therein.

88.     In answering Paragraph 88 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND CLAIM FOR RELIEF**

**FRAUD**

89.     In answering Paragraph 89 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

90.     In answering Paragraph 90 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

91.     In answering Paragraph 91 of the Complaint, Defendant admits he participated in discussions with Mr. Prociuk and Mr. Piastri during 2016 concerning the potential sale of his membership interest in HPT.  Defendant otherwise denies the allegations contained therein.

92.     In answering Paragraph 92 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

93.     In answering Paragraph 93 of the Complaint, Defendant denies the allegations contained therein.

94.     In answering Paragraph 94 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

95.     In answering Paragraph 95 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

96.     In answering Paragraph 96 of the Complaint, Defendant admits he did not disclose to Plaintiff until August 2018 that he had provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016.  Defendant otherwise denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

97.     In answering Paragraph 97 of the Complaint, Defendant denies the allegations contained therein.

98.     In answering Paragraph 98 of the Complaint, Defendant denies the allegations contained therein.

99.     In answering Paragraph 99of the Complaint, Defendant denies the allegations contained therein.

100.    In answering Paragraph 100 of the Complaint, Defendant denies the allegations contained therein.

101.    In answering Paragraph 101 of the Complaint, Defendant denies the allegations contained therein.

102.    In answering Paragraph 102 of the Complaint, Defendant denies the allegations contained therein.

103.    In answering Paragraph 103 of the Complaint, Defendant denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

## 18 U.S.C. § 1030

104.    In answering Paragraph 104 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

105.    In answering Paragraph 105 of the Complaint, Defendant denies the allegations contained therein.

106.    In answering Paragraph 106 of the Complaint, Defendant denies the allegations contained therein.

107.    In answering Paragraph 107 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.  Defendant is no longer associated with Plaintiff and has limited information concerning Plaintiff's current business operations.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

108.    In answering Paragraph 108 of the Complaint, Defendant denies the allegations contained therein.

109.    In answering Paragraph 109 of the Complaint, Defendant denies the allegations contained therein.

110.    In answering Paragraph 110 of the Complaint, Defendant denies the allegations contained therein.

111.    In answering Paragraph 111 of the Complaint, Defendant denies the allegations contained therein.

112.    In answering Paragraph 112 of the Complaint, Defendant denies the allegations contained therein.

113.    In answering Paragraph 113 of the Complaint, Defendant denies the allegations contained therein.

114.    In answering Paragraph 114 of the Complaint, Defendant denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE DEFEND THE TRADE SECRETS ACT

## 18 U.S.C. § 1836

115.    In answering Paragraph 115 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

116.    In answering Paragraph 116 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

117.    In answering Paragraph 117 of the Complaint, Defendant admits he provided a USB flash drive containing certain information related to HPT to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

118.    In answering Paragraph 118 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

119.    In answering Paragraph 119 of the Complaint, Defendant denies the allegations contained therein.

120.    In answering Paragraph 120 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

121.    In answering Paragraph 121 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

122.    In answering Paragraph 122 of the Complaint, Defendant denies the allegations contained therein.

123.    In answering Paragraph 123 of the Complaint, Defendant denies the allegations contained therein.

124.    In answering Paragraph 124 of the Complaint, Defendant denies the allegations contained therein.

125.    In answering Paragraph 125 of the Complaint, Defendant denies the allegations contained therein.

126.    In answering Paragraph 126 of the Complaint, Defendant denies the allegations contained therein.

## FIFTH CLAIM FOR REIEF

## VIOLATION OF THE COPYRIGHT ACT ARISING UNDER 17 U.S.C. § 1201(A)(1)(A)

127.    In answering Paragraph 127 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

128.    In answering Paragraph 128 of the Complaint, Defendant denies the allegations contained therein.

129.    In answering Paragraph 129 of the Complaint, Defendant denies the allegations contained therein.

130.    In answering Paragraph 130 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

131.     In answering Paragraph 131 of the Complaint, Defendant denies the allegations contained therein.

132.     In answering Paragraph 132 of the Complaint, Defendant denies the allegations contained therein.

133.     In answering Paragraph 133 of the Complaint, Defendant denies the allegations contained therein.

134.     In answering Paragraph 134 of the Complaint, Defendant denies the allegations contained therein.

135.     In answering Paragraph 135 of the Complaint, Defendant denies the allegations contained therein.

136.     In answering Paragraph 136 of the Complaint, Defendant denies the allegations contained therein.

137.     In answering Paragraph 137 of the Complaint, Defendant denies the allegations contained therein.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF THE NVADA UNIVORM TRADE SECRETS ACT

## NRS CHAPTER 600A

138.     In answering Paragraph 138 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

139.     In answering Paragraph 139 of the Complaint, is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

140.     In answering Paragraph 140 of the Complaint, Defendant admits he provided a USB flash drive containing a HPT key generator program to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

141.     In answering Paragraph 141 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

142.    In answering Paragraph 142 of the Complaint, Defendant denies the allegations contained therein.

143.    In answering Paragraph 143 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

144.    In answering Paragraph 144 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

145.    In answering Paragraph 145 of the Complaint, Defendant denies the allegations contained therein.

146.    In answering Paragraph 146 of the Complaint, Defendant denies the allegations contained therein.

147.    In answering Paragraph 147 of the Complaint, Defendant denies the allegations contained therein.

148.    In answering Paragraph 148 of the Complaint, Defendant denies the allegations contained therein.

149.    In answering Paragraph 149 of the Complaint, Defendant denies the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF THE ILLINOIS TRADE SECRETS ACT

## 765 ILCS 1065/1, ET SEQ.

150.    In answering Paragraph 138 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

151.    In answering Paragraph 151of the Complaint, Defendant admits that Plaintiff owned and possessed confidential and proprietary documents and data prior to October 20, 2016. Defendant otherwise denies the allegations contained therein or is without sufficient knowledge or information to either admit or deny such allegations and, on this basis, denies such allegations.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

152.    In answering Paragraph 152 of the Complaint, Defendant admits he provided a USB flash drive containing a HPT key generator program to Kevin Sykes-Bonnett in early 2016. Defendant otherwise denies the allegations contained therein.

153.    In answering Paragraph 153 of the Complaint, Defendant denies the allegations contained therein.

154.    In answering Paragraph 154 of the Complaint, Defendant denies the allegations contained therein.

155.    In answering Paragraph 155 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

156.    In answering Paragraph 156 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

157.    In answering Paragraph 157 of the Complaint, Defendant denies the allegations contained therein.

158.    In answering Paragraph 158 of the Complaint, Defendant denies the allegations contained therein.

159.    In answering Paragraph 159 of the Complaint, Defendant denies the allegations contained therein.

160.    In answering Paragraph 160 of the Complaint, Defendant denies the allegations contained therein.

161.    In answering Paragraph 161 of the Complaint, Defendant denies the allegations contained therein.

## EIGHTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER THE NEVADA DECEPTIVE TRADE PRACTICES ACT – NRS CHAPTER 598

162.    In answering Paragraph 162 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

163.    In answering Paragraph 163 of the Complaint, Defendant denies the allegations contained therein.

164.    In answering Paragraph 164 of the Complaint, Defendant denies the allegations contained therein.

165.    In answering Paragraph 165 of the Complaint, Defendant denies the allegations contained therein.

166.    In answering Paragraph 166 of the Complaint, Defendant denies the allegations contained therein.

167.    In answering Paragraph 167 of the Complaint, Defendant denies the allegations contained therein.

## NINTH CLAIM FOR RELIEF

## UNFAIR CMPETITION UNDER THE ILLINOIS CONSUMER FRAUD AND

## DECEPTIVE BUSINESS PRACTICES ACT

## 815 ILCS 05/1 ET SEQ.

168.    In answering Paragraph 168 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

169.    In answering Paragraph 169 of the Complaint, Defendant denies the allegations contained therein.

170.    In answering Paragraph 170 of the Complaint, Defendant denies the allegations contained therein.

171.    In answering Paragraph 171 of the Complaint, Defendant denies the allegations contained therein.

172.    In answering Paragraph 172 of the Complaint, Defendant denies the allegations contained therein.

173.    In answering Paragraph 173 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**TENTH CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

174.    In answering Paragraph 168 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

175.    In answering Paragraph 175 of the Complaint, Defendant admits the allegations contained therein.

176.    In answering Paragraph 176 of the Complaint, Defendant admits the allegations contained therein.

177.    In answering Paragraph 177 of the Complaint, Defendant denies the allegations contained therein.

178.    In answering Paragraph 178 of the Complaint, Defendant denies the allegations contained therein.

179.    In answering Paragraph 179 of the Complaint, Defendant denies the allegations contained therein.

180.    In answering Paragraph 180 of the Complaint, Defendant denies the allegations contained therein.

181.    In answering Paragraph 181 of the Complaint, Defendant denies the allegations contained therein.

182.    In answering Paragraph 182 of the Complaint, Defendant denies the allegations contained therein.

183.    In answering Paragraph 183 of the Complaint, Defendant denies the allegations contained therein.

184.    In answering Paragraph 184 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ELEVENTH CLAIM FOR RELIEF**

**TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL OR**

**ECONOMIC RELATIONS**

185.    In answering Paragraph 185 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

186.    In answering Paragraph 186 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

187.    In answering Paragraph 187 of the Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and, on this basis, denies each and every allegation set forth therein.

188.    In answering Paragraph 188 of the Complaint, Defendant denies the allegations contained therein.

189.    In answering Paragraph 189 of the Complaint, Defendant denies the allegations contained therein.

190.    In answering Paragraph 190 of the Complaint, Defendant denies the allegations contained therein.

191.    In answering Paragraph 191 of the Complaint, Defendant denies the allegations contained therein.

**TWELFTH CLAIM FOR RELIEF**

**CONVERSION**

192.    In answering Paragraph 192 of the Complaint, Defendant repeats and realleges each and every preceding paragraph as though fully set forth herein.

193.    In answering Paragraph 193 of the Complaint, Defendant denies the allegations contained therein.

194.    In answering Paragraph 194 of the Complaint, Defendant denies the allegations contained therein.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

195.    In answering Paragraph 195 of the Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.    The Complaint, in whole and/or in part, fails to state a claim against Defendant upon which relief can be granted.

2.    At all material times, Defendant acted in good faith and exercised his lawful rights in dealing with Plaintiff.

3.    Plaintiff's claims are barred because it breached the agreement and/or contract between the parties, if any.

4.    Plaintiff's claims are barred by its own failure to act in good faith and deal fairly with Defendant.

5.    Plaintiff is barred from maintaining this action by virtue of its own unclean hands and inequitable conduct.

6.    Plaintiff's claims are barred due to the lack of requisite intent by Defendant.

7.    Plaintiff would be unjustly enriched if it were allowed to the sums demanded, or any portion thereof.

8.    Plaintiff's injuries and damages, if any, were contributed to or caused by Plaintiff's own acts and negligence or those of a third party, which negligence was greater than Defendant's negligence, if any.

9.    Any claim of Plaintiff is barred by the doctrine of laches.

10.    Plaintiff's claims are barred by reason of duress.

11.    Plaintiff is estopped from bringing this action.

12.    Plaintiff has failed to mitigate its damages, if any.

13.    Defendant is informed, believes, and thereon alleges that if any contract, guarantee, obligation or amendment, as alleged in Plaintiff's Complaint on file herein, has been entered into, any duty of performance of Defendant is excused by reason of frustration of purpose.

14.    By virtue of the acts, deeds, conduct, and/or failure or omission to act under the circumstances, Plaintiff has waived its rights, if any existed, to assert the claims against Defendant.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

15.     Pursuant to Fed. R. Civ. P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to Complaint, therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury as to all issues in this action to which the right to a trial by jury has not previously been waived.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by reason of its Complaint, and that judgment be entered in favor of Defendant;

2.     That Defendant be awarded reasonable attorney's fees and costs of suit incurred in defense of this action; and

3.     For such other and further relief as the court may deem just and proper.

DATED this 29th day of August, 2019.

KOLESAR & LEATHAM

By /s/ Bart K. Larsen, Esq.
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145

Attorneys for Defendant
KENNETH CANNATA

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1

## **CERTIFICATE OF SERVICE**

2  I hereby certify that I am an employee of Kolesar & Leatham, and that on the <u>29th</u> day of

3 August, 2019, I caused to be served a true and correct copy of foregoing ANSWER TO

4 COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES in the following manner:

5  (ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of

6 the United States District Court for the District of Nevada, the above-referenced document was

7 electronically filed on the date hereof and served through the Notice of Electronic Filing

8 automatically generated by that Court's facilities upon the following:

9 Andrew P. Bleiman, Esq.
 Marks & Klein
10 1363 Shermer Road, Suite 318
 Northbrook, Illinois 0062
11 Email:  andrew@marksklein.com

12 Cecilia Lee, Esq.
 Elizabeth High, Esq.
13 Lee High, Ltd.
 448 Ridge Street
14 Reno, NV  89501
 Email:  c.lee@lee-high.com
15     e.high@lee-high.com

16 *Attorneys for Plaintiff HP Tuners, LLC*

17

18         */s/  Bart K. Larsen, Esq.*
           An employee of Kolesar & Leatham

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

3214661 (9665-2)