<pre>
</pre>

MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.499.5712
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Plaintiff HP Tuners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT'S DISCOVERY RESPONSES, DEPOSITION, AND FORENSIC EXAMINATION OF ELECTRONICALLY STORED INFORMATION AND FOR OTHER RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), brings this motion pursuant to Federal Rules of Civil Procedure 34 and 37 for an order compelling discovery responses from, the deposition of, and forensic examination of electronically stored information against Defendant, KENNETH CANNATA, and in support thereof HPT states as follows:

***Written Discovery and Cannata Deposition***

1. On May 6, 2019, Plaintiff served written interrogatories, a request for production of documents and tangible things, and requests for admission on Defendant.

2. On June 14, 2019, Defendant provided Plaintiff with objections and answers to the aforesaid written discovery, which were largely unresponsive.  In an email dated July 11, 2019 (attached hereto as **Exhibit A**), Plaintiff's counsel in good faith communicated in writing to Defendant's counsel the deficiencies in Defendant's discovery responses and sought to confer.  Defendant's counsel thereafter agreed to provide supplemental responses.

3. On June 19, 2019, Plaintiff also served upon Defendant a Notice of Deposition for Cannata for July 10, 2019 in Las Vegas, Nevada, which date and location was set by *agreement of counsel* (attached hereto as **Exhibit B**).  Cannata did not appear for his deposition on July 10, 2019 and Plaintiff's counsel's good faith attempts to confer with Defendant's counsel and procure the appearance of Cannata for his deposition at a mutually convenient time, have consistently and continuously been ignored by Defendant's counsel.  To date, the deposition of Cannata has not proceeded nor has his counsel responded to discuss any potential new dates.

4. In the aftermath of the above-referenced July 11, 2019 email and the failure to produce Cannata for his deposition as agreed, Plaintiff's counsel addressed Defendant's deficiencies by email dated August 14, 2019 (attached as **Exhibit C**).  Defendant's counsel advised that supplemental discovery responses were being finalized and that he would propose dates for Cannata's deposition.  *See* Email dated August 16, 2019 (attached as **Exhibit D**).

5. On August 29, 2019, Defendant provided his First Supplemental Response to Plaintiff's First Set of Requests for Production (attached hereto as **Exhibit E**).

6. On September 9, 2019, Plaintiff's counsel again emailed Defendant's counsel (attached hereto as **Exhibit F**) regarding insufficient discovery responses, lack of document production, and arranging for Cannata's deposition.  Defendant's counsel did not respond to the inquiries, but (a) on September 10, 2019 served Defendant's First Supplemental Response to Plaintiff's First Set of Requests for Admission (attached hereto as **Exhibit G**); and (b) on

September 11, 2019 served Defendant's First Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories (attached hereto as **Exhibit H**). Still seeking documents and a Cannata deposition date, however, Plaintiff's counsel inquired about same in writing again on September 16, 2019 (attached hereto as **Exhibit I**).

7. A month later it was still necessary for Plaintiff's counsel to request responsive discovery and cooperation in rescheduling Cannata's deposition, which Defendant's counsel had been ignoring since July. *See* Email dated October 15, 2019 (attached hereto as **Exhibit J**). When Defendant's counsel still did not respond by telephone or in writing to repeated requests, Plaintiff's counsel emailed again on October 24, 2019 (attached hereto as **Exhibit K**) and follow-up voicemails. All to no avail, as Defendant's counsel has not responded nor communicated in any way whatsoever since October 24, 2019.

8. On multiple occasions since receiving Defendant's written discovery responses on June 14, 2019 and Cannata's failure to appear for his deposition on the agreed date of July 10, 2019, Plaintiff's counsel has in good faith conferred, and attempted to confer with Defendant's counsel, either without response or cooperation. At present, Plaintiff still seeks discovery compliance from Defendant including, but not limited to: (a) a date for, and production of Cannata for his deposition; (b) complete production of email and text communications, as the requested emails remain incomplete (*i.e.* secret emails, missing attachments and links, financials, Drop Box contents) and the Defendant has produced no text messages at all to date; (c) Although Cannata identified multiple email addresses and produced emails from some of them, Plaintiff still seeks production of emails from his somethingnew1892@yahoo.com address from which no emails have been produced; (d) answers to Interrogatories[1] for which supplementation had been requested but never provided; and (e) although Defendant supplemented several of his responses[2] to Plaintiff's Requests for Admission regarding the return of certain property with a qualifier that "it

---

[1] *See* Defendant's First Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, Nos. 2-6.

[2] *See* Defendant's First Supplemental Response to Plaintiff's First Set of Requests for Admission, Nos. 17, 18, 24, 27, 30, 33, 39.

is possible" certain items were not returned until Plaintiff allegedly paid Defendant the full (asset) purchase price, Defendant provided no specific date(s) when the property inquired about was actually returned or destroyed or, if it has never been returned or destroyed.

9. To date, Defendants' production remains woefully insufficient and incomplete with respect to the following Requests for Production: 1-5, 11-19, 25-43, and 45 (See Exhibit E).

10. Similarly, Defendants' answers to the following interrogatories are insufficient and incomplete: Interrogatories: 2-6. (See Exhibit H).

### *Compelling Defendant's Removal of Arbitrary "Highly Confidential" Designations*

11. On June 6, 2019 the Court entered a Stipulation for Protective Order (Dkt. 30) (the "Protective Order," attached hereto as **Exhibit L**) which acknowledged that discovery is likely to involve information for which special protection may be warranted but that the parties' agreement "does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal." (Dkt. 30, at 2)

12. Under the Protective Order, "Confidential" material includes "business records and employee files; documents relating to expertise and knowledge, including automotive tuning data and data related to other types of vehicles; documents relating to undisclosed advertising and marketing; management communications; pricing information; agreements with employees and non-parties; technical information about a party's products or anticipated products; communications and other nonpublic documents relating to the business and dealings of the parties." "Highly Confidential" includes "any document, material, or information otherwise meeting the definition of 'Confidential', the disclosure of which to another party or non-party the disclosing party reasonably believes would likely result in competitive, commercial, financial, or other harm to the disclosing party or its clients or potential clients" and "may include, without limitation, proprietary technical information in the nature of hardware design documents, source code; proprietary software; license key generators, and computer passwords. *Id*.

13. The Protective Order requires the exercise of restraint and care in designating material for protection, specifically that parties take care to limit designation to specific material that qualifies, designating for protection only those parts is of material "so that other portions … for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. **Mass, indiscriminate, or routinized designations are prohibited**. Designations that are shown to be clearly unjustified or that have been made for an improper purpose … expose the designating party to sanctions." *Id*, at 5 (emphasis supplied)

14. In addition to the express language of the Protective Order, case law further demonstrates that Defendant is simply not permitted to impose blanket confidentiality designations. In *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-cv-2582, 2012 U.S. Dist. LEXIS 176891, at * 4 (N.D. Cal., Dec. 13, 2012), defendants sought a determination that certain documents were properly designated as "Highly Confidential – Attorneys' Eyes Only." The court denied the defendants' motion, finding that "[a]lthough Defendants have characterized the disputed documents as falling within five general categories, the categories are broad and Defendants' conclusory representations fall short of the showing required. . . These conclusory statements are insufficient." In support of its decision, the court in Ubiquiti cited *Bauer Bros. LLC v. Nike, Inc.*, No. 09-500, 2011 U.S. Dist. LEXIS 108878 (S.D. Cal., Sept. 23, 2011), in which the court declined to seal documents because the parties "failed to satisfy the compelling reasons standard as to each document the parties seek to have filed under seal"). Thus, pursuant to Ninth Circuit law, as well as under the Protective Order applicable here, the designating party bears the burden to show *with particularity to each document* that a confidentiality designation is appropriate. Defendant has not done so and cannot demonstrate the propriety of the designations sufficient to satisfy the parameters of the Protective Order and applicable case law.

15. Mass confidentiality designations are, in egregious cases, and pursuant to the Protective Order, subject to sanctions. In *Raymat Materials v. A&C Catalysts*, No. C 13-00567, 2014 U.S. Dist. LEXIS 35253 (N.D. Cal. March 6, 2014)), the defendant was awarded sanctions arising from defendants' fees relating to the challenge of a confidentiality designation where

plaintiff mass-designated documents as "Highly Confidential – Attorneys' Eyes Only." The parties were bound by a protective order that, like the applicable protective order here, included language indicating that "mass, indiscriminate, or routinized designations are prohibited," and that "[d]esignations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions."

16. In the instant case, Defendant indiscriminately designated every produced document as "Highly Confidential," taking no restraint or care to limit the designations to qualified material or designate only such qualifying parts when, in fact, the production does not meet the standards of the Protective Order for such designations. The burden of persuasion rests with Defendant as the designating party. *Id*, at 7.

17. Plaintiff's counsel has made multiple good faith efforts to meet and confer with Defendant's counsel to resolve this dispute about confidential designations, to no avail despite a sincere effort to resolve or narrow the dispute. *See* Declaration of Andrew P. Bleiman. Accordingly, Plaintiff seeks the removal by this Court of Defendant's "Highly Confidential" designations.

### ***Compelling Forensic Examination of Defendant's Computers and Devices***

18. Plaintiff's First Set of Requests For Production sought from Defendant: (a) all phones, laptops or other personal devices (including any storage devices) and any computer hardware, monitors and other peripherals in Defendant's possession, custody or control, or which you have used at any time since January 1, 2016; and (b) all versions of any cable or hardware device developed for use with Syked ECU Tuning, Inc.'s software. In both instances, Defendant objected and declined to produce the requested items. However, Defendant did respond that "to the extent that the parties are able to reach an agreement to reasonably limit the scope of this Request, Cannata will make certain hardware devices in his possession available for inspection by

1  a third party agreeable to Cannata to determine at HPT's expense whether such devices contain or
2  include confidential or proprietary information or technology belonging to HPT."[3]

3        19.      When a party fails to provide requested discovery, the requesting party may move
4  to compel that discovery. *See* Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court
5  to permit or deny discovery." *Kwasniewski v. Sanofi-Aventis U.S. LLC*, 2017 U.S. Dist. LEXIS
6  30328, ¶2 *citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).   Parties are permitted to
7  seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the
8  case. Fed. R. Civ. P. 26(b)(1).  The party seeking to avoid discovery bears the burden of explaining
9  why discovery should be denied.  *See Kwasniewski,* U.S. Dist. LEXIS 30328 at ¶2 (compelling
10 inspection of computer hard drives and mobile telephones).

11       20.      Federal Rule of Civil Procedure 34 provides that a party may request another party
12 to produce "electronically stored information . . . stored in any medium from which information
13 can be obtained."  When a request for production or an interrogatory is not answered, the party
14 seeking discovery may move for an order compelling production against the nonresponding party
15 under Federal Rule of Civil Procedure 37(a)(3). An evasive or incomplete answer is deemed to be
16 a failure to respond. Fed. R. Civ. P. 37(a)(4).  Federal Rule of Civil Procedure 26(b)(2)(B) permits
17 a district court to compel production of information that is not reasonably available only "if the
18 requesting party shows good cause."  To determine if the party has shown "good cause," among
19 factors that the court should consider are whether "the burden or expense of the proposed discovery
20 outweighs its likely benefit, considering the needs of the case, the amount in controversy, the
21 parties' resources, the importance of the issues at stake in the action, and the importance of
22 discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

23       21.      Requiring forensic inspection may be warranted where the potential benefit
24 outweighs the burden, where the electronic discovery sought is relevant to the claims and defenses
25 in the suit, or involves confidential information, its dissemination, or allegations of stealing

---

[3] *See* Defendant's First Supplemental Response to Plaintiff's First Set of Requests for Production, Nos. 7, 24.

proprietary files. *See, e.g. A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 899-900 (S.D. Tex, 2015). *See also Ameriwood Industries, Inc. v. Liberman*, 2006 U.S. Dist. LEXIS93380 (E.D. Mo. 2006);[4] *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 447-48 (D. Conn. 2010);[5] *Frees, Inc. v. McMillian*, U.S. Dist. LEXIS 4343 (W.D. La. 2007).[6]

22. In light of Plaintiff's compelling interest, the relevancy of the electronic discovery to this suit, Defendant's failure to respond to discovery along with its agreement to forensic examination, a third party forensic examination of the sources requested by Plaintiff is justified, which includes: all phones, laptops or other personal devices (including any storage devices) and any computer hardware, monitors and other peripherals in Defendant's possession, custody or control, or which Defendant has used at any time since January 1, 2016; and all versions of any cable or hardware device developed for use with Syked ECU Tuning, Inc.'s software.

WHEREFORE, HP TUNERS, LLC, respectfully prays for the Court to enter an order which compels the following against Defendant Kenneth Cannata:

1. That Defendant be compelled to give his deposition within thirty (30) days;

2. That Defendant be compelled to provide all of the requested answers, information, and documents as sought hereinabove;

3. That Defendant be compelled to remove all of its "Highly Confidential" designations from documents;

4. That Defendant be compelled to submit to a third-party forensic examination of electronically stored information on his computers and devices as set forth hereinabove.

---

[4] The court found that the close relationship between plaintiff's claims and defendants' computer equipment and the evidence raised questions whether defendants had produced all responsive documents and allowed an independent expert to obtain and search a mirror image of defendants' computer equipment.

[5] A sufficient nexus was found between claims and need for computer imaging where plaintiff alleged that defendant used the computers to disseminate plaintiff's confidential information.

[6] Computer inspection permitted where plaintiff alleged that defendant had stolen proprietary computer files.

5. That this Court enter such other and further relief as deemed necessary and appropriate.

DATED this 20th day of December, 2019.

                                                                                                   LEE HIGH, LTD.

                                                                                                   /s/ Elizabeth High, Esq.
                                                                                                   CECILIA LEE, ESQ.
                                                                                                   ELIZABETH HIGH, ESQ.

                                                                          MARKS & KLEIN

                                                                          /s/ Andrew P. Bleiman, Esq.
                                                                          ANDREW P. BLEIMAN, ESQ.
                                                                          Attorneys for Plaintiff HP Tuners, LLC

LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

**INDEX OF EXHIBITS**

| Exhibit | Description | Number of Pages |
|---|---|---|
| A | Email dated July 11, 2019 | 4 pages |
| B | Email dated June 4, 2019 | 3 pages |
| C | Email dated August 14, 2019 | 3 pages |
| D | Email dated August 16, 2019 | 4 pages |
| E | Defendant's First Supplemental Response to Plaintiff HP Tuners, LLC's First Set of Requests for Production | 39 pages |
| F | Email dated September 9, 2019 | 5 pages |
| G | Defendant's First Supplemental Responses to Plaintiff HP Tuners, LLC's First Set of Requests for Admission | 16 pages |
| H | Defendant Cannata's First Supplemental Answers and Objections to Plaintiff HP Tuners, LLC's First Set of Interrogatories | 8 pages |
| I | Email dated September 16, 2019 | 3 pages |
| J | Email dated October 15, 2019 | 4 pages |
| K | Email dated October 24, 2019 | 4 pages |
| L | Protective Order, Docket No. 30 | 10 pages |

Lee High, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

10

CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify under penalty of perjury that I am an employee of LEE HIGH, LTD., 448 Ridge Street, Reno, Nevada 89501, and that on December 20, 2019, I served copies of the PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT'S DISCOVERY RESPONSES, DEPOSITION, AND FORENSIC EXAMINATION OF ELECTRONICALLY STORED INFORMATION AND FOR OTHER RELIEF via the Court's Notice of Electronic Filing to all those persons listed on the United States District Court CM/ECF Confirmation Sheet.

DATED this 20th day of December, 2019.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal