# EXHIBIT A

to Plaintiff's Motion for an Order Compelling Defendant's Discovery Responses, Deposition, and Forensic Examination of Electronically Stored Information and for Other Relief

**Email dated July 11, 2019**

# Elizabeth Dendary

| | |
|---|---|
| **From:** | Andrew Bleiman <andrew@marksklein.com> |
| **Sent:** | Thursday, July 11, 2019 5:53 AM |
| **To:** | Bart K. Larsen |
| **Cc:** | Mark Fishbein; Elizabeth Dendary; Elizabeth High; Katie Harris |
| **Subject:** | FW: Overview - Cannata Discovery Responses |

Bart:

We write with regard to Defendant's recent answers and responses to written discovery. Please advise when you are available for a meet and confer to discuss these issues.

First, Defendant's general objections are improper. As you likely know, general objections are prohibited under FRCP 34(b)(2)(B) and 34(b)(2)(C). Please provide amended answers and responses without reliance on any general objections.

**REQUESTS FOR PRODUCTION**

Defendant's responses to several requests that "to the best of his knowledge" he does not possess or have custody or control of numerous items is not a proper response and is non-sensical. Either he has these items or does not. Moreover, based on the email communications from his secret (somethingnew1892@yahoo.com) email address, clearly he possesses and has custody of many of the specific documents in question. Consequently, please provide amended responses and documents in response to the following requests: (1) documents relating to source code, programming, products, credits since 1/1/16; (2) HPT interfaces, source code, designs, schematics, program files, software, firmware, intellectual property; (3-4) firmware/software, designs/schematics re: HPT's MPVI; (11-13) documents re: sale of HPT credits/application keys, and re: HPT interfaces since 1/1/16; (14) docs re: duplication or cloning of HPT interfaces since 1/1/16; (15-16) docs re: removal of licensing restrictions, or which refer to from HPT's VCM Suite Software since 1/1/16; (17-18) docs re: PayPal accounting, or otherwise sent/received by using discounthptunercredits@mail.com, (19) docs re: decompiling, deconstructing, reverse engineering any HPT software; (27) corporate records/docs for KJC LLC since 1/1/16; (28) records re: Team Viewer session(s) with Sykes-Bonnet since 1/2/16; (29-38) docs, including electronic, re: folders named "Firmware" Firmware Hack", HP Tuners Decryptor", "HP Coned Cable", "HPT Cracked Software", "HPT Resources DB2_26_2017", "KeyGenWindows", "License", ":Lic Transfer", or "VCM"; (39-42) docs re: MPVI, any Key Generation Tool, or HPT's PCM Tools Software, HPT's PCM Harness; (43) docs re: payment to KJC LLC since 1/1/16; and (45) payment to Cannata for services provided to Syked ECU since 1/1/16.

Furthermore, with regard to Defendant's responses to various requests regarding hardware devices to which Cannata responded by objecting but stated he "would provide a good faith response upon clarification," Please advise what clarification is needed. (*See* (5) "all hardware programming devices and programming device software"; (25-26) documents "to develop any hardware device since 1/1/16" and re: the "sale of any hardware device to any third party since 1/1/16"). These requests are clear and unambiguous and should be responded to.

With regard to the issue of a forensic examination of Mr. Cannata's computers, phones and electronic storage devices, please provide suggested third parties to conduct such an examination. This inspection needs to be commenced as soon as possible, particularly given the fact that we are moving to modify the Scheduling Order by only approximately 60 days.

As discussed, we dispute and deny that the document production provided to date has been properly marked as Highly Confidential. Please advise whether you intend to remove such designation from any of the documents marked CAN000001 – CAN000616.

Finally, Defendant's wholesale objections to the following requests are improper.  (49-54) all tax returns, W2s, wW9s; (55) Balance sheets, P/Ls, financials for KJC LLC; (56-57) Invoices, POs, billing; (58) PayPal records; (59) Internet service provider docs showing IP addresses.  The documents sought in connection with these requests are relevant and properly within the scope of permissible discovery.

**INTERROGATORIES**

With regard to Interrogatory #1, please provide the requested information at this time.

In light of the discovery of Mr. Cannata's secret email address, Defendant's answers to Interrogatories 2, 3, 4 and 6 are clearly false.  Please amend.

Similarly, in light of the discovery of Mr. Cannata's secret email address, Defendant's answer to Interrogatory 5 is clearly false.  Please amend.

**REQUESTS FOR ADMISSION**

Once again, in light of the discovery of Mr. Cannata's secret email address, Defendant's responses to many of the requests for admission are clearly false.  Please advise if you are going to provided amended Responses to Requests for Admission.

Please let me know if you are available on Friday or Monday for a meet and confer.

Finally, please let me know when you expect to produce the additional documents which you advised were forthcoming.  Thank you.

Regards,

Andrew

---

**Andrew P. Bleiman, Esq.**

*2018 Chambers USA: America's Leading Lawyers for Business, Franchise*



1363 Shermer Road, Suite 318
Northbrook, Illinois 60062

205 West Randolph Street, Suite 2200
Chicago, Illinois 60606

Tel: 312.206.5162 Cell: 312.420.5568

Fax: 732.219.0625

Web: www.marksklein.com

2

New Jersey · New York · Chicago · Boca Raton

A proud member of the Northern Illinois Franchise Association.  Please visit www.northernilfranchise.org.



---

This email and any files transmitted with it may contain privileged or confidential information.  Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited.  If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.