MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.499.5712
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Plaintiff HP Tuners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR AN ORDER COMPELLING DEFENDANT'S DISCOVERY RESPONSES, DEPOSITION, AND FORENSIC EXAMINATION OF ELECTRONICALLY STORED INFORMATION AND FOR OTHER RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), for its reply brief in further support of its Motion for an Order Compelling Defendant's Discovery Responses, Deposition, and Forensic Examination of Electronically Stored Information and for Other Relief ("Motion") pursuant to Federal Rules of Civil Procedure 34 and 37 against Defendant,

KENNETH CANNATA, states as follows:

**INTRODUCTION**

Defendant has improperly asserted broad, boilerplate objections to all of Plaintiff's discovery requests in violation of Rule 34. Moreover, Defendant's Rule 34 production is woefully insufficient and incomplete. Based on information uncovered to date in the form of emails and text messages in another proceeding, Defendant has maintained and disseminated HPT's confidential and proprietary information (including trade secrets) on portable storage devices, and via email and text messages. In fact, in other proceedings, third parties have produced documents, communications, text messages, electronically stored information and tangible items demonstrating this. Yet, to date, Defendant has failed and refused to produce virtually *any* of these same documents, communications, text messages, electronically stored information or tangible items in this case. Consequently, Defendant's non-compliance with discovery is egregious and his gamesmanship herein should not be tolerated.

Given the extent of Defendant's fraud and duplicitous conduct, which has been detailed in the Complaint and the pleadings filed in this matter, Defendant's vague contention that he does not possess "*documents*" in response to various straightforward requests is misleading and should be ignored. Contrary to Defendant's claims, Defendant undoubtedly possesses electronically stored information and tangible items in the form of source code, software, hardware, devices, computers, servers, tablets and phones, among other things, that contain information and discovery which are responsive to Plaintiff's requests, but which have been withheld from production and not identified by Defendant.

Here, Defendant's repeated use of the word "documents" in his responses and opposition to the motion is intentional and deceptive. Despite Defendant's claims, in addition to "documents," Rule 34 mandates production of "electronically stored information" and "tangible things" in response to discovery requests and permits inspection of such electronically stored information and tangible things to obtain responsive discovery. Such items are particularly sought here as Plaintiff's claims in this case include that Defendant wrongfully possesses HPT's

intellectual property in electronic format and that he has used the intellectual property in connection with the development of source code, software, firmware and hardware for a competitive business. To date, in response to specific discovery requests on these issues, Defendant has failed to produce any of the source code, software, firmware or hardware in his possession nor has Defendant permitted inspection of various tangible items including computers, devices, tablets, phones and servers in his possession, custody and control. Moreover, any claim that he does not possess such electronically stored information is simply outrageous and utterly false.

The rules of discovery are designed to foster and promote the exchange of information, not for gamesmanship and avoidance. Here, Plaintiff's motion to compel was precipitated because Defendant's counsel failed to respond to numerous attempts to address the outstanding discovery issues. Defendant possesses responsive and relevant information in response to Plaintiff's requests and Defendant's production of responsive information and discovery should be compelled.

## ARGUMENT

**A.     Cannata's Responses to HPT's Discovery are Improper, Misleading and Incomplete.**

Contrary to Defendant's claim, Cannata's responses to discovery are improper and incomplete in several material respects.[1] With regard to Defendant's responses, Defendant has asserted general, boilerplate objections to all of Plaintiff's requests. "Boilerplate and generalized objections are inadequate and tantamount to no objection at all." *Partner Weekly, LLC v. Viable Mktg. Corp.*, No. 2:09-CV-2120-PMP-VCF, 2014 WL 1577486, at *2 (D. Nev. Apr. 17, 2014) (*citing Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.1999). Likewise, in violation of Rule 34(c), Defendant has failed to state whether any responsive materials

---

[1]     Defendant's claim that Plaintiff's Motion violates LR 26-7(b) is not well founded. Contrary to Defendant's claims, Plaintiff attached complete copies of Defendant's responses to the discovery propounded which contained the full text of discovery sought by Plaintiff and the Defendant's responses to the Motion in accordance with the rule. There is no requirement that such requests and responses be included in the body of the motion and compliance with page limitations would not be possible if all of the requests and responses at issue had to be incorporated into the body of the motion.

are being withheld on the basis of the objections. Consequently, Defendant's responses violate Rule 34 and production of responsive documents, electronically stored information and tangible items should be compelled.

As detailed above, Defendant's responses and arguments in this regard are intentionally misleading. In response to virtually all of the Rule 34 requests, Defendant contends that he is not "in possession, custody or control of *documents* responsive to HPT's requests." (*See* Ex. E to Motion; Defendant's Response, at p. 2 (emphasis added)). However, Plaintiff's requests are not limited to the production of "documents"[2] and Rule 34 mandates production of tangible items and electronically stored information, which is broader than documents. To date, Defendant has failed to produce any tangible items (e.g. hardware, computers, storage devices, tablets, phones, servers, etc.) or electronically stored information (e.g. source code, software or firmware) aside from the meager production of approximately 616 pages of emails.[3] In fact, Defendant's production of

---

[2]  "Documents" is a defined term in Plaintiff's Rule 34 Requests for Production, which means: "every draft, original or non-identical copy (whether different from the original by reason of notations made on such copy or otherwise), regardless of location, of every tangible item or object in Your possession, custody or control (or in the possession, custody or control of Your attorneys), however, and by whomever prepared, produced, reproduced, disseminated, or made in any form, including, but not limited to, the following: letters, minutes, correspondence, electronic communications (in native and hard copy format), e-mail, text message, electronic message, electronic communication, instant message, direct message, facsimiles, notes or summaries or conversations, inter- and intra-office memoranda, contracts, agreements, desk calendars, appointment books, diaries, books, manuals, bulletins, circulars, catalogues, charts, transcripts, reports, studies, evaluations, analyses, graphs, worksheets, notices, notes, notebooks, journals, statistical records, maps, surveys, drawings, blueprints, opinion letters, newsletters, press releases, brochures, booklets, flyers, sketches, data sheets, data compilations, computer data sheets, photographs, movie film, videotape, sound recordings, microfilm, microfiche and any other written, printed, typed, recorded or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useable form, including electronic mail or data stored electronically. Any alterations, notes, comments or other material contained thereon or attached thereto not included in any original or other copies shall be deemed a separate document within the foregoing definition. All drafts and non-identical copies are to be separately identified." Consequently, "Documents" is far broader than literal pieces of paper.

[3]  For example, in Defendant's Answers to Interrogatory No. 2 and No. 3, Defendant admits that he possesses an "administrative version of HPT's VCM Suite Software." Leaving aside the fact that this is in direct violation of the terms of the agreement between the parties, Defendant has failed and refused to even produce this electronically stored information.

electronic communications is woefully insufficient and incomplete and notably absent from Defendant's production are text messages with John Martinson, Kevin Sykes-Bonnett and others. The complete and utter failure to produce such text messages further supports the requests for inspection of all hardware, computers, storage devices, tablets, phones and servers to determine if responsive information and discovery materials can be found and recovered.

Plaintiff's claims in this case include that Defendant wrongfully possesses HPT's intellectual property and that he used the intellectual property in connection with the development of source code, software, firmware and hardware for a competitive business. Defendant's production of these materials for Plaintiff's review and analysis bears directly on these claims and should be compelled.

In addition, Defendant's general and boilerplate objections to Plaintiff's discovery requests should be overruled. Defendant should be compelled to respond to Plaintiff's requests and produce responsive documents, electronically stored information and tangible items in response to Plaintiff's requests. Likewise, to the extent that Defendant has allegedly produced documents in response to various requests (e.g. Requests 8, 9, 20, 21, 22, 23 and 59), Defendant should be compelled to produce responsive electronically stored information and tangible items in response to such requests as well.

Furthermore, with regard to Request No. 5, 25 and 26, Defendant's objections on the basis of vagueness are not well founded. The requests clearly identify the nature of the documents, electronically stored information and tangible items sought to be produced.

Likewise, Defendant should be compelled to supplement the answers to Interrogatory Nos. 2, 3 and 4 as Defendant's answers to these interrogatories are not responsive. Defendant's answers to Interrogatory Nos. 2 and 3 are that he has an administrative version of HPT's VCM Suite Software in his possession and that "[t]o the best of Cannata's knowledge and recollection, all confidential and proprietary information and documents of HPT in Cannata's possession were deleted or returned to HPT upon the sale of Cannata's ownership interest in HPT." Defendant's answer to Interrogatory No. 4 similarly claims he has deleted or returned Documents (including

but not limited to electronically stored information) relating to HPT's MPVI.

However, these interrogatories do not request that Defendant identify "Documents (including but not limited to electronically stored information)" *currently* in Defendant's possession but rather that Defendant identify any and all of the certain categories of "Documents (including but not limited to electronically stored information)" which he had in his possession at any time on or after October 21, 2016. Defendant's answers to these interrogatories fail to identify what he possessed as propounded in the interrogatory. Moreover, Defendant's claims are suspect given Cannata's (unfounded) assertions in response to the Requests for Admission (Ex. G to Motion). In response to various Requests for Admission, Defendant stated that "Cannata does not know the precise date that such items [various items consisting of and containing HPT's confidential and proprietary information] were deleted or returned to HPT. HPT's payment of the purchase price for the sale of Cannata's ownership interest in HPT was delayed for several weeks after October 21, 2016 (a portion of the purchase price currently remains unpaid). It is possible that such items were not deleted or returned to HPT until after the purchase price was received by Cannata." Notwithstanding that Cannata's claims in this regard concerning payment and non-payment are unfounded and baseless, his responses to the Requests for Admissions undermine his answers to interrogatories and demonstrate that Cannata possessed HPT's confidential and proprietary intellectual property after October 21, 2016 and that he likely still possesses such confidential and proprietary intellectual property to this day. HPT is entitled to complete answers to Interrogatory Nos. 2, 3 and 4 and Cannata's detailed identification of what he possessed on and after October 21, 2016 bear directly on the claims asserted by Plaintiff in the Complaint.

Similarly, Defendant's answer to Interrogatory No. 6 is non-responsive. Interrogatory No. 6 seeks information regarding payments made to Cannata by Kevin Sykes-Bonnett, John Martinson, or Syked ECU Tuning, Inc. Defendant's opposition brief wholly misstates Defendant's answer to Interrogatory No. 6. Contrary to Defendant's contentions, Defendant's answer to Interrogatory No. 6 is that "he has not received any payment *in any material amount*" (Ex. H, p. 4 (emphasis added)), not as stated in the opposition brief at page 5 that "he has received no such

payments." However, Interrogatory No. 6 does not seek information as to whether Defendant has received payment of "material" amounts from those persons but rather to identify "all payments" which were received. Plaintiff is entitled to an answer to Interrogatory No. 6 and for Defendant to identify "all payments" whether material or not material (whatever that means). Such information bears directly on the claims which have been asserted by Plaintiff in the Complaint and Defendant should be compelled to provide a complete, responsive answer.

As demonstrated herein, Defendant's responses and production are misleading, woefully insufficient and incomplete. Defendant's objections should be overruled, and Defendant should be compelled to produce responsive documents, electronically stored information and tangible items in accordance with Rule 34 and complete answers to interrogatories pursuant to Rule 33.

In the alternative and to the extent necessary, HPT hereby requests a hearing with the Court to go through each of the requests, responses and objections in detail. Given Defendant's prior misconduct, deception and the issues which have been detailed in the pleadings filed herein, Defendant's compliance with discovery and production of responsive information is critical in this case as Defendant, not Plaintiff, has access to virtually all of the information and discovery bearing on many of the issues in this case.

**B.  An Order Compelling Defendant's Cooperation and Appearance for Deposition Following Defendant's Compliance with Written Discovery is Reasonable and Necessary Under the Circumstances.**

Contrary to Defendant's claims, Defendant unilaterally cancelled the July 10, 2019 deposition after it was scheduled by agreement of the parties. Since that time, as detailed in the Motion and exhibits, Plaintiff's counsel has repeatedly attempted to coordinate with Defendant's counsel on an agreeable date and location for the rescheduled deposition. However, to date, Defendant has failed and refused to provide available dates for deposition despite these numerous requests. Moreover, Plaintiff has refrained from unilaterally picking a date as it requires out of state travel by multiple persons and Defendant has failed and refused to comply with written discovery as detailed in the Motion and herein.

Here, Plaintiff's motion to compel Defendant's deposition was precipitated based on

Defendant's failure and refusal to provide available dates and cooperate in connection with the re-scheduling of the deposition after Defendant's unilateral cancellation and, also, to avoid addressing the various outstanding discovery issues with this Court in a piecemeal fashion. Consequently, an order compelling Defendant's cooperation and appearance for deposition following Defendant's compliance with written discovery is reasonable and necessary under the circumstances.

**C.    A Third-Party Forensic Examination is Reasonable, Necessary and Appropriate at this time.**

Defendant's duplicitous dealings while negotiating a $7,000,000 buyout, his use of a secret email account to avoid detection, his blatant dissemination of HPT's confidential and proprietary information (including trade secrets) to third parties and his conduct and actions to work with, support and assist a competitive business in direct violation of the terms of the agreements he signed with HPT has been well detailed in the pleadings filed in this matter to date. In this case, Defendant's credibility is substantially in question and the vague claims and contentions that he does not possess responsive documents, electronically stored information and other responsive discovery are highly suspect. Defendant's history and pattern of deceptive conduct and non-compliance with discovery to date mandate forensic inspection of his computers, phones, storage devices, devices, tablets and servers by a third party for responsive discovery and information.

Defendant's current objections to such forensic inspection are likewise unfounded, particularly considering that Defendant previously agreed to permit a forensic inspection of "certain" devices. However, such a limitation to "certain devices" is not appropriate where it is clear given Defendant's misconduct and that Defendant has engaged in a pattern and practice to evade discovery in this case.

Moreover, based on information uncovered to date in the form of emails and text messages in another proceeding, Defendant has maintained, possessed and disseminated HPT's confidential and proprietary information (including trade secrets) on portable storage devices, and via electronic mail and text message. In fact, in other proceedings, third parties have produced documents, communications, text messages, electronically stored information and tangible items

1  demonstrating this. However, Defendant has failed and refused to produce *any* of these same
2  documents, communications, text messages, electronically stored information or tangible items in
3  this action. Likewise, Defendant possesses (and possessed) HPT's confidential and proprietary
4  information (including trade secrets) on his computers, mobile phones, an FTP server and in
5  various email accounts, which is also evidenced by discovery obtained in other proceedings. Here,
6  Defendant's claim that he does not have *any* text messages, the emails from the
7  somethingnew1892@yahoo.com email account or access to that email account is particularly
8  concerning, and HPT (or its third party consultant) should be permitted to access the email account
9  to determine the credibility of these claims. Defendant's non-production of this relevant and
10 material discovery likewise suggests that Defendant engaged in spoliation of evidence bearing
11 directly on the issues and claims in this case, and Plaintiff is entitled to pursue its investigation of
12 whether such spoliation occurred.

13  Given these compelling facts, "good cause" exists to order the forensic examination sought
14 by HPT herein. Likewise, the potential benefit of forensic inspection by a third party far outweighs
15 the burden and the electronic discovery sought is relevant to the claims and defenses in this case.
16 *See, e.g. A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 899-900 (S.D. Tex, 2015). *See also*
17 *Ameriwood Industries, Inc. v. Liberman*, 2006 U.S. Dist. LEXIS93380 (E.D. Mo. 2006); *Genworth*
18 *Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 447-48 (D. Conn. 2010); *Frees, Inc. v.*
19 *McMillian*, U.S. Dist. LEXIS 4343 (W.D. La. 2007).

20  In light of Plaintiff's compelling interest, the relevancy of the electronic discovery to this
21 suit, Defendant's failure to respond to discovery along with its agreement to forensic examination,
22 a third-party forensic examination of the sources requested by Plaintiff is justified. For these
23 reasons, (a) all of Defendant's mobile phones, tablets, laptops or other personal devices (including
24 any storage devices and servers) and any computer hardware, monitors and other peripherals in
25 Defendant's possession, custody or control, or which Defendant has used at any time since January
26 1, 2016; and (b) all versions of any cable or hardware device developed for use with Syked ECU
27 Tuning, Inc.'s software (including firmware and all source code) should be tendered for forensic

examination by a third party designated by HPT along with a Declaration that all such sources in his possession, custody and control have been tendered for forensic examination.

**D.     Defendant's Designation of ALL Documents Produced as "Highly Confidential" is Inappropriate and Improper.**

As detailed in the Motion, Defendant has improperly designated *all* of the documents he produced in this matter as "Highly Confidential" in violation of the Protective Order and relevant case law.  Contrary to Defendant's claim, Defendant has failed to demonstrate or establish that the documents in question (approximately 616 pages of emails) are "Highly Confidential."[4]  In fact, the majority of communications produced involve third parties and Defendant has not demonstrated (or even claimed) that such communications or documents were subject to any confidentiality protections or restrictions whatsoever.  Nor do the emails themselves with these third parties contain any confidentiality legend, indication or other identification that the communications are confidential or contain confidential information.  While Plaintiff does not dispute that such documents may be appropriately marked as "Confidential" in accordance with the Protective Order for use only in connection with these proceedings, the designation of all such documents as "Highly Confidential" subject to attorneys' eyes only review is inappropriate and improper.

As detailed in the Motion, the Protective Order and applicable case law requires the exercise of restraint and care in designating material for protection, specifically that parties take care to limit the "Highly Confidential" designation to specific material that qualifies, designating for protection only those parts is of material "so that other portions … for which protection is not

---

[4]     Defendant claims that his wife produced documents which were not marked as "Highly Confidential" in support of his claim that not all documents have been marked as "Highly Confidential."  Once again, this argument is misleading and should be ignored.  First, the documents produced by Defendant's wife were in response to a subpoena in a separate proceeding, not by Defendant, and involved some issues which are different that than which are at issue here.  Moreover, Defendant has not referenced or referred to any of the documents which were produced by his wife as responsive to Plaintiff's requests in this case.  If such documents are responsive to Plaintiff's requests herein, Defendant should advise as such immediately and also identify which requests each of the documents are responsive to in accordance with Rule 34.

warranted are not swept unjustifiably within the ambit of this agreement. ***Mass, indiscriminate, or routinized designations are prohibited***. Designations that are shown to be clearly unjustified or that have been made for an improper purpose … expose the designating party to sanctions." *Id.*, at 5 (emphasis supplied)

Pursuant to Ninth Circuit law, as well as under the Protective Order applicable here, Defendant bears the burden to show *with particularity to each document* that a "Highly Confidential" designation is appropriate. Defendant has not done so and cannot demonstrate the propriety of the designations sufficient to satisfy the parameters of the Protective Order and applicable case law. Consequently, Defendant's mass, indiscriminate designation of all emails and "documents" produced to date as "Highly Confidential" should be overruled and such designation should be lifted from these documents.

WHEREFORE, HP TUNERS, LLC, respectfully prays for the Court to: (a) enter an Order Granting Plaintiff's Motion for an Order Compelling Defendant's Discovery Responses, Deposition, and Forensic Examination of Electronically Stored Information and for Other Relief; or (b) Enter an Order setting a hearing with the Court on each of the discovery issues raised herein and to go through each of the issues, requests, responses and objections in detail; and/or (c) enter such other and further relief as deemed necessary and appropriate.

DATED this 9th day of January, 2020.

LEE HIGH, LTD.

/s/ Elizabeth High, Esq.
CECILIA LEE, ESQ.
ELIZABETH HIGH, ESQ.

MARKS & KLEIN

/s/ Andrew P. Bleiman, Esq.
ANDREW P. BLEIMAN, ESQ.
Attorneys for Plaintiff HP Tuners, LLC

CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify under penalty of perjury that I am an employee of LEE HIGH, LTD., 448 Ridge Street, Reno, Nevada 89501, and that on January 9, 2019, I served copies of the <u>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR AN ORDER COMPELLING DEFENDANT'S DISCOVERY RESPONSES, DEPOSITION, AND FORENSIC EXAMINATION OF ELECTRONICALLY STORED INFORMATION AND FOR OTHER RELIEF</u> via the Court's Notice of Electronic Filing to all those persons listed on the United States District Court CM/ECF Confirmation Sheet.

DATED this 9th day of January, 2020.

                                               /s/ Elizabeth Dendary, CP
                                               ELIZABETH DENDARY, CP
                                               Certified Paralegal