BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: blarsen@klnevada.com

Attorneys for Defendant
KENNETH CANNATA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HP TUNERS, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>               Defendant. | CASE NO. 3:18-cv-00527-LRH-WGC<br><br>**MOTION TO WITHDRAW AS ATTORNEYS FOR DEFENDANT KENNETH CANNATA** |

Bart K. Larsen, Esq. of the law firm of Kolesar & Leatham ("K&L"), counsel of record for Defendant Kenneth Cannata ("Cannata") in this action, respectfully moves this Honorable Court pursuant to Local Rule IA 11-6 and Nevada Rule of Professional Conduct 1.16 for entry of an order approving K&L's immediate withdrawal as counsel for Cannata. This Motion is based upon the Declaration of Bart K. Larsen and Points and Authorities set forth below, the pleadings and papers on file in this case, and such further argument as may be allowed by the Court.

DATED this 9th day of January, 2020.

KOLESAR & LEATHAM

By /s/ Bart K. Larsen
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendant
KENNETH CANNATA

### DECLARATION OF BART K. LARSEN, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT KENNETH CANNATA

BART K. LARSEN, ESQ. hereby declares as follows:

1. I am an attorney at law licensed and admitted to practice in the State of Nevada and before this Court, and I am a shareholder in the law firm of Kolesar & Leatham, which is counsel of record for Defendant Kenneth Cannata in this action.

2. I am primarily responsible for the handling of this matter on Cannata's behalf, and I have personal knowledge of the matters asserted herein.

3. On or about November 13, 2018, Cannata retained K&L to represent him in this action and agreed to timely pay K&L for services to be regularly billed on an hourly basis and to timely reimburse K&L for expenses incurred on his behalf.

4. Since that time, other K&L attorneys and I have prepared pleadings and other documents on behalf of Cannata, participated in numerous discussions regarding this matter with Cannata, prepared and responded to extensive discovery requests, and attended to numerous other matters on Cannata's behalf.

5. Notwithstanding K&L's efforts in this case, Cannata has failed to pay K&L for its services and to reimburse K&L for costs incurred in this case.

6. I have given Cannata reasonable warnings that K&L would seek to withdraw from representing him in this action if he did not pay K&L's fees and costs.

7. Due to the substantial amount of unpaid attorney's fees and costs already incurred in this matter, counsel cannot continue to represent Cannata and to incur additional fees and costs without undue hardship.

8. Cannata's last known mailing address, email address, and phone number are as follows:

> Kenneth Cannata
> 16455 Bonnie Lane
> Reno, Nevada 89511
> ken_cannata@charter.net
> (661) 644-4410

9. This Motion is not made for purposes of delay or any other improper purpose.

10. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 9th day of January, 2020.

*BART K. LARSEN, ESQ.*

## POINTS AND AUTHORITIES

Nevada Rule of Professional Conduct 1.16, in combination with LR 11-6, govern the standard for the withdrawal of an attorney from representation of a client in a legal matter. It states, in pertinent part, a lawyer may withdraw from representation where:

> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) The client has used the lawyer's services to perpetrate a crime or fraud;
> (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
> (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) Other good cause for withdrawal exists.

LR 11-6 states, in pertinent part:

> **LR IA 11-6. APPEARANCEES, SUBSTITUTIONS, AND WITHDRAWALS**
>
> (a) A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by an attorney.

      (b)    No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

. . .

      (e)    Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

Cannata has failed to satisfy his financial obligations to K&L despite being allowed ample time to make payment and after receiving reasonable warnings. Further representation of Cannata has been made untenable by his inability or unwillingness to pay for K&L's services and would impose and unreasonable financial burden on K&L. Accordingly, good cause exists for granting K&L's request to withdraw.

K&L's withdrawal can be accomplished without adverse effect on Cannata's interests in this matter and will not result in any prejudicial delay to any party. No trial date has been set in this action. The current discovery cut-off date is March 31, 2020. While ample time remains for the parties to complete discovery after K&L's withdrawal, the deadlines for the designation of expert witnesses and rebuttal expert witnesses are February 7, 2020 and March 6, 2020, respectively. To ensure that Cannata has adequate time to engage and designate an expert witness after retaining new counsel should he choose to do so, K&L respectfully requests that the Court briefly stay all discovery deadlines until Cannata has retained new counsel or, in the alternative, extend the current deadlines for the designation of expert witnesses and rebuttal expert witnesses by two (2) weeks each to February 21, 2020 and March 20, 2020, respectively. To be clear, however, K&L's request to withdraw from this matter is not contingent upon the Court staying or otherwise extending discovery.

Plaintiff's HP Tuners, LLC's *Motion for an Order Compelling Defendant's Discovery Responses, Depositions, and Forensic Examination of Electronically Stored Information and for*

*other Relief* [ECF No. 49] is currently pending before the Court but has not been set for hearing. K&L has already filed an opposition to Plaintiff's motion on Cannata's behalf [ECF No. 51]. In the event that the Court sets Plaintiff's motion for hearing, K&L requests that the Court set such hearing to occur after K&L has been allowed to withdraw from this matter.

## CONCLUSION

Good cause exists to grant K&L's motion and no unfair prejudice to Plaintiff or other reasons exists to deny the Motion, it is respectfully requested that the court grant K&L's Motion to Withdraw as counsel of record for Cannata in this case.

DATED this 9th day of January, 2020.

KOLESAR & LEATHAM

By /s/ Bart K. Larsen
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145

Attorneys for Defendant
KENNETH CANNATA

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 9th day of January, 2020, I caused to be served a true and correct copy of foregoing MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT KENNETH CANNATA in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the person listed below at their last-known mailing address, on the date above written:

> Kenneth Cannata
> 16455 Bonnie Lane
> Reno, Nevada 89511
> *Defendant*

/s/ Mary A. Barnes
An Employee of KOLESAR & LEATHAM

3297132 (9665-2)