UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| HP TURNERS, LLC, | ) | |
| | ) | CASE NO.  3:18-cv-00527-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | MINUTES OF PROCEEDINGS |
| KENNETH CANNATA, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | DATED:  February 25, 2020 |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Karen Walker</u>     REPORTER:  <u>Liberty Court Recorder</u>

COUNSEL FOR PLAINTIFF(S):     Andrew P. Bleiman, Esq. and Elizabeth A. High, Esq.

COUNSEL FOR DEFENDANT(S):  Bart K. Larsen, Esq. (telephonic)

**MINUTES OF PROCEEDINGS:   MOTIONS HEARING**

10:02 a.m. Court convenes.

The court holds today's hearing on Plaintiff's Motion to Compel (ECF No. 49) and Mr. Larsen's Motion to Withdraw as Counsel for Defendant Kenneth Cannata (ECF No. 54).

The court advises counsel that Plaintiff's Motion to Compel (ECF No. 49) will be addressed first and Mr. Larsen's Motion to Withdraw as Counsel will be addressed at the end of today's hearing.  The court will discuss the subjects of Plaintiff's motion in the order identified in Plaintiff's motion.

Mr. Bleiman advises the court that a notice setting the deposition of Defendant Cannata had not been done due to one of his client's representatives having to travel from Australia and

the risk of paying traveling expenses for a deposition that may not go forward. In addition, Mr. Bleiman states the other reason for not noticing the deposition is the lack of document production from Defendant. The court instructs Mr. Bleiman to notice the deposition, and if traveling is an issue for his client, his client can attend by video or telephone. Mr. Larsen has no objection with Plaintiff setting Mr. Cannata's deposition. The court advises Mr. Larsen to inform his client a failure to appear for his deposition may result in Fed.R.Civ.P. Rule 37 sanctions, including possibility striking Defendant's answer and the entry of a default.

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 49) as to the deposition of Mr. Cannata is **granted**. Plaintiff is to set and notice the deposition of Mr. Cannata.

The court next discusses Plaintiff's request for a forensic examination or inspection of Defendant's computers and devices. Mr. Larsen advises that Defendant has offered to make available the Defendant's computers and/or devises but would like to have a specific inspection protocol in place. Plaintiff wants a list from Defendant identifying such computers and/or devises. The court advises the parties to work together to come up with a protection protocol and identify the specific devises to be inspected by the forensic expert.

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 49) seeking relief to allow for the forensic examination of Defendant's computer and devices is **granted**. Mr. Bleiman is instructed to prepare a proposed order, to also be reviewed in advance of submission to the court by Mr. Larsen, for court approval. The proposed order will outline the specifics regarding equipment and material to be inspected along with a protocol for the inspection with the requested protections discussed in today's hearing.

The court advises Defendant's counsel that the failure of Defendant Cannata to follow through with the inspection as ordered by this court may result in sanctions, including Defendant's answer being stricken pursuant to Fed.R.Civ.P. Rule 37.

If the forensic examination reveals that the computers and/or devises were scrubbed prior to the inspection, the parties are advised that the court will entertain a motion for spoliation.

The court next turns to Defendant's Responses to Interrogatories Nos. 2-6 addressed in Plaintiff's Motion to Compel (ECF No. 49). Mr. Bleiman states that Mr. Cannata has an administrative copy of the software/VCM software but did not produce the copy of the software in response to the request for production of documents. Mr. Larsen explains the apparent contradiction between responses to Interrogatory No. 4 and Request for Production of Documents No. 16.
Mr. Larsen indicates his client can produce a copy of the software on a thumb drive or storage disc to Plaintiff.

IT IS ORDERED that Defendant produce the software or electronic stored information pursuant to Interrogatory No. 4. In addition, Mr. Bleiman will include in the proposed order that Defendant will supplement answers to Interrogatory Nos. 2-4.

The court next discusses Defendant's Response to Request for Admissions 17, 18, 24, 27, 30, 33 and 39. Plaintiff advises the court that Defendant has provided supplements to the admissions and will depose Defendant regarding his answers to those admissions. The Plaintiff withdraws the component of its Motion to Compel (ECF No. 49) relating to Defendant's Responses to Plaintiff's Request for Admissions.

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 49) as it relates to the Responses to Request for Admissions is **denied** without prejudice.

MINUTES OF PROCEEDINGS - 3

The court's discussion turns to the Defendant's Responses to the Request for Production 1-5, 11-19, 25-43, and 45.  Request for Production of Documents Nos. 1 – 5 deal with the forensic examination which was discussed earlier in today's hearing.  Mr. Larsen states that Defendant's responses are clear, and no documents have been withheld.  Mr. Larsen further advises that request Nos. 25 and 26 are broad and provide no definition for the term "hardware device".  Mr. Bleiman notes that Defendant did not respond to No. 44 at all.  The court states that No. 45 is responsive in conjunction with the interrogatory previously discussed.  Mr. Larsen states the objection to

Nos. 44 and 45 were made out of an abundance of caution because Defendant was not sure what Plaintiff was asking for and request that Plaintiff limit the request to specific categories of payment or certain services.  The court agrees with Defendant's objection.  Mr. Bleiman states he can limit the requests for payments of services relating to technology.

IT IS ORDERED that the parties meet and confer to discuss clarification of Request for Production of Documents Nos. 25 and 26.  Defendant will supplement the Response to Request for Production No. 44.  Mr. Bleiman will include the order to supplement No. 44 in the proposed order.  Plaintiff's Motion to Compel (ECF No. 49) as it relates to the other Responses to Request for Production of Documents noted in the motion are **denied** without prejudice.

The court then discusses Plaintiff's objection to the identification of "highly confidential" designations by Defendant of his document production.  The court notes that Plaintiff cites *Ubiquiti Networks, Inc. v. Kozumi USA Corporation*, No. 12-cv-2582, 2012 U.S. Dist. LEXIS 176891, at * 4 (N.D. Cal., Dec. 13, 2012).  The court agrees that the burden is on the objecting party to demonstrate that the "highly confidential" designation is appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 49) as it relates to Defendant's document designation of "highly confidential" is **granted** and such designation should be removed.  If, however Defendant wants to review the documents and re-classify certain documents from "highly confidential" to "confidential", a motion should be filed with the court under seal by **March 27, 2020**.  Any response by Plaintiff's to any attempts by Defendant to re-classify his document designations will be filed under seal.

The court discusses Plaintiff's request to modify the Scheduling Order (ECF No. 47). Mr. Bleiman states that in light of Mr. Larsen's withdrawal, Plaintiff requests a delay in re-setting the discovery deadlines.  The court will schedule a status conference in thirty (30) to forty (40) days to see if Defendant has retained new counsel and set new deadlines at that time.  The court further states that the Scheduling Order (ECF No. 47) will be modified as follows:

| | |
|---|---|
| Discovery Cut-off: | **July 31, 2020** |
| Initial Expert Disclosure: | **May 29, 2020** |
| Rebuttal Expert Disclosure: | **June 30, 2020** |
| Dispositive Motions: | **August 31, 2020** |
| Joint Pre-trial Order: | **September 30, 2020**. |

In the event dispositive motions are filed, the deadline for filing the proposed joint pretrial order will be suspended until thirty (30) days after decision on the dispositive motions or further court order.

IT IS ORDERED that a status conference is scheduled for **Thursday, April 2, 2020 at 11:00 a.m.**  Counsel or Mr. Cannata, if he is unrepresented, may appear telephonically at the status conference.

///

Any party wishing to appear telephonically shall dial **1-888-557-8511**, enter the access code **3599743**, and enter the security code **4220**, approximately five (5) minutes prior to the hearing.

IT IS FURTHER ORDERED that the court will issue a separate order granting Mr. Larsen's Motion to Withdraw as Counsel for Defendant Kenneth Cannata (ECF No. 54).

IT IS FURTHER ORDERED that Mr. Bleiman will prepare a proposed order regarding today's hearing as discussed.  Mr. Bleiman shall submit the proposed order to Mr. Larsen prior to submission.  The proposed order shall be filed with the court by the close of business no later than **Wednesday, March 4, 2020**.

There being no additional matters to address at this time, court adjourns at 11:32 a.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
　　　Karen Walker, Deputy Clerk