Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Eq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: blarsen@shea.law
        kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>                  Plaintiff,<br><br>    vs.<br><br>KENNETH CANNATA,<br><br>                Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO REDACT OR SEAL SPECIFIED EXHIBIT AND INFORMATION CONTAINED IN CANNATA'S OPPOSITION TO PLAINTIFF'S MOTION FOR WRIT OF ATTACHMENT [ECF NO. 86] AND CORRESPONDING DECLARATION [ECF NO. 87]** |

Pursuant to Local Rule 10-5, Defendant Kenneth Cannata ("Cannata"), by and through its counsel of record, hereby files this Motion to Redact or Seal Specified Exhibits and Information contained in Cannata's Opposition to Plaintiff's Motion for Writ of Attachment [ECF No. 86] and Corresponding Declaration [ECF No. 87]. Specifically, Cannata seeks to redact/seal information contained within his Opposition to Plaintiff's Motion for Writ of Attachment as well as information contained in his corresponding Declaration and Exhibit A thereto.

Cannata seeks an order from this Court authorizing the filing of the redactions contained in Cannata's Opposition to Plaintiff's Motion for Writ of Attachment [ECF No. 86] (the "Opposition") as well as the Cannata's Declaration in Support thereto [ECF No. 87] (the

- 1 -

1  "Declaration"), for which corrected images and notices of the same were filed as ECF No. 88 and

2  ECF No. 89, respectively.

3      DATED this 17th day of December 2020.

4      SHEA LARSEN

5

6      /s/ *Bart K. Larsen, Esq.*
       Bart K. Larsen, Esq.
7      Nevada Bar No. 8538
       Kyle M. Wyant, Esq.
8      Nevada Bar No. 14652
       1731 Village Center Circle, Suite 150
9      Las Vegas, Nevada 89134
       *Attorneys for Kenneth Cannata*
10

## I.  INTRODUCTION

11

12     On or about June 6, 2019, this Court entered an Order granting Cannata and Plaintiff HP

13 Tuners, LLC's ("Plaintiff") stipulation for protective order (the "Protective Order") [ECF No. 30].

14 The Protective Order outlines various types of "Confidential" information, which includes non-

15 public documents relating to the business and dealings of the parties.  Cannata timely filed his

16 Opposition and Declaration on December 15, 2020.  On December 17, 2020, Plaintiff's counsel

17 contacted Cannata's counsel to request that certain information contained in the Opposition and

18 Declaration as well as Exhibit A to the Declaration be designed as "confidential" under the

19 Protective Order and requested that Cannata take action to redact such information and documents

20 from the publicly filed versions of the Opposition and Declaration.  Cannata's counsel agreed to

21 accommodate these requests.   Accordingly, Cannata respectfully requests that this Court grant

22 this Motion and authorize Cannata's filing of the redactions contained in his corrected filing of his

23 Opposition and Declaration.

## II.  LEGAL STANDARD

24

25     Public "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*,

26 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Although a strong presumption of public access to judicial

27 records exists, information such as "confidential business information, proprietary technology, and

28 trade secrets are routinely protected by filing under seal…." *Collectors Coffee Inc. v. Blue Sunsets,*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

*LLC*, No. 2:17-cv-01252-JCM, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017). Additionally, the public's interest in accessing court records is diminished when the document and confidential information therein is included with a non-dispositive motion as opposed to a dispositive motion. *See Kamakana*, 447 F.3d at 1179.

Indeed, when the motion to be sealed/redacted (or the documents attached thereto) is a dispositive motion—i.e., summary judgment or a motion to dismiss—the party seeking to redact/seal must show a compelling reason as to why sealing or redaction is necessary. *Id.* However, when there is a "discovery document [attached] to a non-dispositive motion" the normal presumption of access to judicial records is rebutted, and the party seeking to seal or redact only need to show that "good cause" exists to protect this information from the public eye. *Id.* at 1179-80. Put differently, a good cause showing will suffice to keep sealed records attached to nondispositive motions. *Id.*

Here, the pleading at issue which is sought to be redacted/sealed is a response to a Motion for Prejudgment Writ of Attachment. This is not a dispositive motion as it will not effectively resolve all issues in this matter. As such, the good cause standard applies. As is shown below, good cause exists to redact/seal the information contained in Cannata's Response/Opposition to the Motion for Prejudgment Writ of Attachment as well as his supporting Declaration thereto.

**III.   GOOD CAUSE EXISTS TO GRANT THE MOTION AND ALLOW FOR REDACTION OF THE SPECIFIED PORTIONS OF CANNATA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT WRIT AND SUPPORTING DECLARATION THERETO**

Applying the good cause standard from *Kamakana*, the Motion should be granted based on the language of the Protective Order stipulated to between the parties, as well as this Court's comments to the same, and the fact that the information sought to be redacted/sealed is private business information and dealings between the parties.

The Protective Order defines "Confidential Material" as:

2.1 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: business records and employee files; documents relating to expertise and knowledge, including automotive tuning data and data related to other types of vehicles; documents relating to undisclosed

advertising and marketing; management communications; pricing information; agreements with employees and non-parties; technical information about a party's products or anticipated products; ***communications and other nonpublic documents relating to the business and dealings of the parties***.

[ECF No. 30] (emphasis supplied). The Protective Order goes on to authorize, at ¶ 4.4, parties to seek permission from the Court to file material under seal. *Id.* The Court also added comments at the end of the Protective Order, requiring any motion to seal to comply with the requirements of *Kamakana*. Here, all of the information requested to be sealed complies with the foregoing requirements, and the Motion should be granted.

Specifically, by way of this Motion, Cannata seeks to redact/seal:

- Pg. 4, lines 3-23, including footnote 5, of Cannata's Opposition to Plaintiff's Motion for Prejudgment Writ of Attachment [ECF No. 86];
- Pg. 2, lines 9-28, and pg. 3, lines 1-2 of Cannata's corresponding Declaration in Support of his Opposition [ECF No. 87], which contains the same information sought to be redacted in the Opposition; and,
- The entirety of Exhibit A to Cannata's Declaration, which is the documentation supporting the statements made in the Opposition and supporting Declaration thereto.

Good cause exists to redact/seal this information because the public's interest in the same does not outweigh the confidential nature of such information.

## IV.    CONCLUSION

Accordingly, Cannata respectfully requests that his Opposition [ECF No. 86], and corresponding Declaration and Exhibit A thereto [ECF No. 87] remain redacted.

DATED this 17th day of December 2020.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2020, I electronically transmitted the foregoing DEFENDANT KENNETH CANNATA'S MOTION TO REDACT OR SEAL SPECIFIED EXHIBIT AND INFORMATION CONTAINED IN CANNATA'S RESPONSE TO PLAINTIFF'S MOTION FOR WRIT OF ATTACHMENT [ECF NO. 86] AND CORRESPONDING DECLARATION [ECF NO. 87] to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*