UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH CANNATA,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>ORDER |

Before the court is Plaintiff's HP Tuners, LLC's ("HP Tuners") motion for prejudgment writ of attachment (ECF No. 81). Defendant Kenneth Cannata opposes the motion (ECF No. 86).

## I.　BACKGROUND

This dispute arises out of Defendant Kenneth Cannata's ("Cannata") alleged misappropriation of HP Tuners' intellectual property and work with a competitor. *See* ECF No. 1. Because of the dispute, this Court enjoined Cannata on May 19, 2019, from various activities involving HP Tuners' intellectual property. ECF No. 28.

Following this Court's entry of preliminary injunction, Cannata suffered a medical emergency on March 3, 2020, which resulted in significant communication impairment and full-time nursing care. ECF Nos. 72–73. Because of Cannata's health, HP Tuners alleges that third parties are primarily responsible for the handling of his affairs. ECF No. 81, at 11. As such, HP Tuners is seeking a prejudgment writ of attachment on Cannata's assets that would be used to satisfy a potential judgment in this case. *Id.*

///

## II. DISCUSSION

Federal Rule of Civil Procedure 64 provides, "[E]very remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). "Rule 64 codifies 'long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgement untimely entered.'" *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1064 n.13 (9th Cir. 1991) (quoting *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (1974)). Thus, under Rule 64, "state law controls the availability of provisional remedies to secure satisfaction of judgments in a federal district court." *Id.* (citations omitted).

Nevada Revised Statutes sections 31.024 and 31.026 govern the procedures for obtaining a writ of attachment when notice and a hearing are required. Under section 31.024, if the "plaintiff's affidavit, alone or as supplemented by additional evidence received by the court, meets the requirements of subsection 2 of NRS 31.020, the court shall issue an order directed to the debtor to show cause why the order for attachment should not issue." Nev. Rev. Stat. § 31.024. Section 31.020(2) provides, "All applications to the court for an order directing the clerk to issue a writ of attachment with notice to the defendant shall be accompanied by an affidavit" that meets the requirements of subsection 1. Nev. Rev. Stat. § 31.020(2).

Here, the court has reviewed HP Tuners' affidavit submitted in support of their motion for the writ of attachment and finds that the affidavit as it now stands does not meet the requirements of section 31.020(1). While the affidavit sets forth the nature of HP Tuners' claims for relief and identifies the amount to which the affiant believes HP Tuners is entitled, the affidavit does not, as subsection f requires, name all third parties, if any, upon whom a writ of garnishment in aid of the writ of attachment will be served. In addition, Cannata has filed a declaration stating he has "recovered from [his] medical emergency," and that he is "fully in control of and competent to handle [his] own financial affairs." ECF No. 87, at 5. These statements directly contradict the

1 allegations made in HP Tuners' affidavit in support of the motion, and more significantly, cut
2 against the entire premise of the motion.
3    Accordingly, the Court will deny HP Tuners' motion without prejudice.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff HP Tuners' motion (ECF No. 81) is denied without prejudice.

IT IS SO ORDERED.

DATED this 12th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE