Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Eq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail: blarsen@shea.law
        kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO EXTEND LIMITED DISCOVERY DEADLINES**<br><br>**(Fourth Request)** |

Defendant Kenneth Cannata ("Cannata"), by and through his counsel, Shea Larsen, hereby respectfully requests that this Court enter an order extending the current deadlines for (a) the discovery cut-off date from March 31, 2021 to May 31, 2021 for the limited purpose of allowing the parties additional time to resolve pending disputes relating to the adequacy of Plaintiff HP Tuner, LLC's  ("Plaintiff" or "HPT") responses to Cannata's Second Set of Requests for Production and his Second Set of Requests for Interrogatories; (b) the dispositive motion deadline from May 3, 2021 to June 30, 2021; and (c) the Joint Pre-trial Order Deadline from June 3, 2021 to July 30, 2021 in accordance with LR 26-1.

///

///

///

1    This Motion is made and based upon LR 26-1, LR 26-3, LR IA 6-1, Fed. R. Civ. P.

2  16(b)(4), the pleadings and papers on file in this action, the included Declaration of Bart K. Larsen,

3  Esq., the following Points and Authorities, and any addition argument that the Court may consider

4  on this Motion.

5    Dated this 10th day of March 2021.

6                                                SHEA LARSEN
                                                 /s/ *Bart K. Larsen, Esq.*
7                                                Bart K. Larsen, Esq.
                                                 Nevada Bar No. 8538
8                                                Kyle M. Wyant, Esq.
                                                 Nevada Bar No. 14652
9                                                1731 Village Center Circle, Suite 150
                                                 Las Vegas, Nevada 89134
10

11                                               *Attorneys for Kenneth Cannata*

12

13

14              **DECLARATION OF BART K. LARSEN, ESQ.**
                 **IN SUPPORT OF MOTION TO EXTEND**

15    I, Bart K. Larsen, Esq. hereby declare as follows:

16    1.    I am an attorney licensed to practice law in the state of Nevada and am admitted to

17  practice before this Court.  I have personal knowledge of the matters stated herein except as to

18  those matters stated upon information and belief, which I believe to be true.

19    2.    I am a shareholder of Shea Larsen, and I am counsel of record for Defendant

20  Kenneth Cannata in this action.

21    3.    On May 5, 2021, I sent HPT's counsel the letter attached hereto as <u>Exhibit 1</u>

22  requesting that Plaintiff supplement its responses to Cannata's Second Set of Requests for

23  Production and his Second Set of Requests for Interrogatories.

24    4.    In response, HPT's counsel agreed to participate in a meet and confer conference

25  on March 15, 2021.

26    5.    Despite counsel's best efforts to resolve this matter without court intervention, I

27  expect it may be necessary to file a motion to compel to fully resolve the discovery disputes

28

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

- 2 -

1   outlined in my March 5, 2021 correspondence.

2       6.      Prior to filing this Motion, I requested that HPT agree to file a joint motion for

3   extension of the discovery deadline for the limited purpose of allowing the parties additional time

4   to resolve outstanding discovery disputes.  As of the filing of this Motion, HPT's counsel has not

5   responded to this request.

6       7.      As this Court is aware, any motion or stipulation for extension of discovery

7   deadlines must be received by the Court no later than 21 days before the expiration of the subject

8   deadline.  Based on the current discovery deadline of March 31, 2021, the deadline for the filing

9   of this Motion is today, March 10, 2021.

10      8.      At the time the previous schedule was agreed to, it was unforeseen that Plaintiff

11  would assert boilerplate objections and resist discovery in the manner it has.  These extenuating

12  circumstances have made the filing of this Motion necessary.

13      9.      Under penalty of perjury under the laws of the United States, I declare that the

14  foregoing is true and correct.

15      DATED this 10th day of March 2021.

16

17                                          /s/ Bart K. Larsen, Esq.
                                            Bart K. Larsen, Esq.

18

19                      **MEMORANDUM OF POINTS AND AUTHORITIES**

20  **I.      INTRODUCTION**

21      The above-captioned matter arises out of Plaintiff's numerous claims against Cannata

22  which are based on intellectual property issues, including but not limited to ownership of the same

23  and alleged infringement and misappropriation, as well as allegations related to breaches of several

24  written agreements.  These claims involve interpretations of federal law as well as Nevada and/or

25  Illinois law.  Additionally, many of Plaintiff's claims relate to ongoing litigation in Washington

26  State against several third parties.  This case is complex based on the wide range of issues involved

27  as well as the facts which are subject to discovery in this matter.

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

- 3 -

On September 26, 2019, the Court entered a scheduling order setting forth a number of deadlines (the "Scheduling Order") [ECF No. 47].  Subsequently, the Court stayed these deadlines and discovery entirely as a result of the pending motions and Plaintiff's request to modify the Scheduling Order [ECF No. 64].  The Court subsequently vacated the deadlines outlined in ECF No. 64 and stayed discovery for ninety (90) days because of health concerns of Cannata [ECF no. 72]. On August 11, 2020, the Court held a telephonic status conference to discuss Cannata's health status and set new discovery deadlines.  Subsequently, the parties filed a Joint Motion to Modify the Scheduling Order and extend: (1) the discovery cut-off deadline to March 31, 2021; (2) the rebuttal expert disclosure of January 8, 2021; (3) the dispositive motion deadline of May 3, 2021; and (4) the joint pre-trial order deadline to June 3, 2021 [ECF No. 84].

By way of this Motion, Cannata seeks to extend: (1) the discovery cut-off date from March 31, 2021 to May 31, 2021; (2) the dispositive motion deadline from May 3, 2021 to June 30, 2021; and (3) the Joint Pre-trial Order Deadline from June 3, 2021 to July 30, 2021 in accordance with LR 26-1.  Extenuating circumstances exist to grant this request.  Despite the fact that Cannata and his counsel have been diligent in discovery in this matter, Plaintiff has put up numerous roadblocks in discovery, including but not limited to Plaintiff's most recent assertion of boilerplate objections and refusal to respond to valid and relevant discovery requests that Cannata served via his Second Set of Requests for Production and his Second Set of Requests for Interrogatories.  Cannata's counsel has attempted to resolve these discovery disputes with Plaintiff's counsel; however, it appears as though a motion to compel will be necessary.

## II.   LEGAL ANALYSIS

Pursuant to LR 26-3, a motion or stipulation to extend a discovery deadline must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery.  Any request made must be made no later than 21 days before the expiration of the deadline, unless good cause is shown.  *See* LR 26-3.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1    In addition to the foregoing, the extenuating circumstances that led to the necessity of the

2    filing of this Motion are included herein based on this Court's language in its prior order [ECF No.

3    84].

4        1.    *Statement of Completed Discovery*

5    To date, the following discovery has been conducted:

6    • Entry of a stipulated protective order [ECF No. 30]

7    • Plaintiff's initial production of documents and witnesses

8    • Cannata's initial production of documents and witnesses

9    • Plaintiff's First Set of Requests for Production to Cannata

10   • Cannata's Objections and Responses to Plaintiff's First Set of Requests for
11     Production

12   • Plaintiff's First Set of Interrogatories to Cannata

13   • Cannata's Objections and Responses to Plaintiff's First Set of Interrogatories

14   • Plaintiff's First Set of Requests for Admission to Cannata

15   • Cannata's Objections and Responses to Plaintiff's First Set of Requests for
16     Admission

17   • Cannata's First Set of Requests for Production to Plaintiff

18   • Plaintiff's Objections and Responses to Cannata's First Set of Requests for
19     Production

20   • Cannata's First Set of Interrogatories to Plaintiff

21   • Plaintiff's Objections and Responses to Cannata's First Set of Interrogatories

22   • Cannata's First Supplemental Objections and Responses to Plaintiff's First Set of
23     Requests for Production

24   • Cannata's First Supplemental Objections and Responses to Plaintiff's First Set of
25     Interrogatories

26   • Cannata's Second Supplemental Objections and Responses to Plaintiff's First Set
27     of Requests for Production

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1   •    Cannata's Second Supplemental Objections and Responses to Plaintiff's First Set

2       of Interrogatories

3   •    Plaintiff's Initial Expert Disclosure of John Bone, CPA

4   •    Plaintiff's Initial Expert Disclosure of Elizabeth Groves, Ph.D.

5   •    Cannata's Rebuttal Expert Disclosure of Jeremiah Grant, CPA

6   •    Cannata's Rebuttal Expert Disclosure of Mark Gianturco, Ph.D.

7   •    Cannata's Second Set of Requests for Production to Plaintiff

8   •    Plaintiff's Objections and Responses to Cannata's Second Set of Requests for

9       Production

10  •    Cannata's Second Set of Interrogatories to Plaintiff

11  •    Plaintiff's Objections and Responses to Cannata's Second Set of Interrogatories

12  •    Deposition of John Bone, CPA

13    2.    *Statement of Remaining Discovery*

14  •    Deposition of Cannata

15  •    Deposition of Elizabeth Groves, Ph.D.

16  •    Deposition of Keith Prociuk

17  •    Deposition of Jeremiah Grant, CPA

18  •    Deposition of Chris Piastri

19  •    Deposition of Mark Gianturco, Ph.D.

20  •    Deposition of Kevin Sykes-Bonnett

21  •    Supplementation of Plaintiff's Responses to Cannata's First Set of Requests for

22      Production

23  •    Supplementation of Plaintiff's Responses to Cannata's First Set of Interrogatories

24  •    Supplementation of Plaintiff's Responses to Cannata's Second Set of Requests for

25      Production

26  •    Supplementation of Plaintiff's Responses to Cannata's Second Set of

27      Interrogatories

28

3.   *The reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan*

Only a portion of the foregoing remaining discovery is at issue in this Motion. All of the pending depositions mentioned above are scheduled to occur before the current discovery deadline of March 31, 2021. However, the supplementation of Plaintiff's responses to Cannata's written discovery is unlikely to occur before March 31, 2021 based on meet-and-confer attempts held between the parties. In its responses to Cannata's discovery, Plaintiff has asserted generalized, boilerplate objections. Despite correspondence between the parties to resolve this issue without court intervention, it appears that a Motion to Compel will be necessary in order to obtain supplementation.

Moreover, the circumstances surrounding this case as well as Cannata's Second Set of Interrogatories and Second Set of Requests for Production should be considered extenuating and the Court should extend the remaining deadlines in a limited fashion as requested below. On or about January 8, 2021, Cannata served his Second Set of Requests for Production concurrently with his Second Set of Interrogatories. Plaintiff's responses were due within thirty (30) days—on or about February 8, 2021. On February 8, 2021, Plaintiff's counsel asked for an extension and sought permission to serve its responses to Cannata's second set of written discovery by February 15, 2021. Out of professional courtesy, Cannata's counsel granted the request.

On or about February 15, 2021, Plaintiff served its Objections and Responses to Cannata's Second Set of Requests for Production as well as Cannata's Second Set of Interrogatories. These responses were deficient in many respects as outlined in the March 5, 2021 letter attached hereto. Plaintiff did not provide any documentation in response to Cannata's Second Set of Requests for Production until February 19, 2021. As such, Cannata's counsel has had Plaintiff's responses for approximately only one month (and any responsive documentation for even less time) prior to filing this Motion. It was not expected that Plaintiff would assert boilerplate objections to Cannata's relevant discovery and refuse to respond to many of the requests therein. Moreover, Cannata's counsel is diligent in trying to hold meet-and-confer efforts to obtain supplementation of these responses without court intervention.

Additional extenuating circumstances exist, including but not limited to: Plaintiff did not provide a full calculation of its damages allegedly suffered in this matter until its expert disclosure of John Bone, CPA on November 20, 2021.  Until recently, Plaintiff has delayed providing discovery from the Washington matter, which is relevant to Plaintiff's claims in this matter. Moreover, this is a complex matter that involves over ten claims for relief and requires analysis of federal law, Nevada law, and Illinois law.  In summary, Plaintiff should not be allowed to assert $14 million in claims against Cannata while refusing to provide Cannata with the relevant information necessary to put forth a proper defense in this matter.  As such, Cannata is seeking a limited extension of the remaining discovery deadlines as follows.

      4.    <u>*Proposed Schedule for Completing all Remaining Discovery*</u>

Based on the extenuating circumstances outlined herein, Cannata respectfully requests the modest extension of the following remaining deadlines:

- the discovery cut-off date from March 31, 2021 to May 31, 2021;

- the dispositive motion deadline from May 3, 2021 to June 30, 2021; and,

- the Joint Pre-trial Order Deadline from June 3, 2021 to July 30, 2021.

These deadlines are in accordance with LR 26-1(b).  Additionally, these deadlines should allow for any necessary Motion to Compel to be brought and ruled upon by the Court before the passing of any deadline, which will allow for further discovery or supplementation of the same.

**III.**    <u>**CONCLUSION**</u>

Based on the extenuating circumstances outlined herein, Cannata respectfully requests that the Motion be granted, and the remaining discovery deadlines be extended as set forth herein.

Dated this 10th day of March 2021.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 10, 2020, I electronically transmitted the foregoing DEFENDANT KENNETH CANNATA'S MOTION TO EXTEND LIMITED DISCOVERY DEADLINES to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

- 9 -

**<u>EXHIBIT 1</u>**



Bart K. Larsen, Esq.
blarsen@shea.law

March 5, 2021

*VIA EMAIL*

Andrew P. Bleiman, Esq.
MARKS & KLEIN
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Email: andrew@marksklein.com

Cecilia Lee, Esq.
Elizabeth High, Esq.
LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

> **Re:    *Kenneth Cannata adv. HP Tuners LLC***
> ***Request for Supplemental Discovery Responses and Meet and Confer***

Dear Counsel:

In reference to Plaintiff HP Tuners, LLC's ("HPT" or "Plaintiff"): (i) *Response to Defendant Kenneth Cannata's Second Set of Request for Production of Documents to Plaintiff HP Tuners, LLC* and (ii) *Response to Defendant Kenneth Cannata's Second Set of Interrogatories to Plaintiff HP Tuners, LLC*, a significant number of Plaintiff's responses are inadequate and legally insufficient.  Mr. Cannata (also referred to herein as "Defendant") takes issue with the responses for the following reasons and points out the following deficiencies in the responses as set forth below.

This correspondence shall serve as a demand for Plaintiff to provide supplemental responses as set forth below.  To discuss these issues, I would like to set a meet and confer call for the week of March 8, 2021.  Please advise as to your availability.  If these issues are not resolved, Mr. Cannata will be forced to file a motion to compel based on these discovery deficiencies, as

well as deficiencies previously raised and discussed between the parties relating to Plaintiff's responses to: (i) *Mr. Cannata's First Set of Interrogatories to Plaintiff HP Tuners, LLC* and (ii) *Mr. Cannata's First Set of Requests for Production of Documents to Plaintiff HP Tuners, LLC.*

## A.    Plaintiff's Responses to Second Set of Interrogatories Are Deficient

As a preliminary matter, most Plaintiff's Responses to Defendant's Second Set of Interrogatories consisted only of boilerplate objections and constitute non-answers.  As you are aware, a party must make specific objections to Interrogatories.  FRCP 33(b)(4).  Indeed, as raised and discussed previously regarding Mr. Cannata's First Set of discovery requests, generalized boilerplate objections are not favored and are tantamount to no objection whatsoever.  "[G]eneral objections and boilerplate objections are tantamount to making no objection at all."  *In re MGM Mirage Sec. Litig.*, 2014 WL 6675732, at *5 (D. Nev. Nov. 25, 2014) (citations omitted).  As such, a court will overrule general objections to Interrogatories on the ground of vagueness.  *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494, 497-98 (S.D.N.Y. 1958) (citations omitted).  Beyond the impermissible lack of specificity of the objections, the Responses are otherwise deficient.  To cure the deficiencies (as discussed below), the Responses to Interrogatories Nos. 10-18 must be supplemented.

### Interrogatory No. 10:

Identify and describe, in detail, all actions taken by HPT to mitigate its alleged damages resulting from the distribution by Sykes-Bonnett of any "cracked" or "hacked" version of HPT's software.

### Response to No. 10:

Objection, Interrogatory #10 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony.

### Deficiencies:

None of the boilerplate objections listed by Plaintiff absolve it from providing an actual response to the Interrogatory.  Plaintiff has also objected, in part, on the basis that this Interrogatory "is neither relevant to any claim or defense nor proportional to the needs of the case, and does not bear any importance in resolving the issues of the case."  We disagree.  "In Nevada, a plaintiff has a duty to mitigate damages and cannot recover for damages which could have been avoided by the exercise of reasonable care."  *See, e.g.*, *Virgin Valley Water Dist. v. Vanguard Piping Sys.*, 2011 U.S. Dist. LEXIS 5569 (D. Nev. Jan. 15, 2011).  As such, it is completely relevant to Plaintiff's claims in this matter what steps were taken, if any, to mitigate its damages.  Additionally, Cannata has asserted failure to mitigate as an affirmative defense.  Moreover, based on the asserted damages of over $10 million, this interrogatory is entirely proportional to the needs of the case.

Lastly, Plaintiff's objection that this interrogatory is better suited for a deposition is improper.  First, Plaintiff cannot dictate Cannata's discovery methods and discovery is broad under the federal rules.  Second, "[n]umerous courts have held that a party may not…otherwise rely on future deposition testimony in lieu of offering a complete and separate response to each interrogatory."  *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 U.S. Dist. LEXIS 10871 (D. Conn. June 14, 2004).  Thus, Plaintiff's boilerplate objections in this regard are simply incorrect and require supplementation.

**Interrogatory No. 11:**

Identify and describe, in detail, all actions taken by HPT to mitigate its alleged damages resulting from the fraudulent sale of HPT credits by Sykes-Bonnett.

**Response to No. 11:**

Objection, Interrogatory #11 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony.

**Deficiencies:**

Other than changing the number "10" to number "11" in the response, this response (or lack thereof) is word-for-word identical to Plaintiff's Response to Interrogatory No. 10.  As such, it is clearly not tailored to respond specifically to Interrogatory No. 11 as required by FRCP 33.  Moreover, for all of the reasons that Plaintiff's Response to Interrogatory No. 10 is deficient, the same reasons apply here.  As such, supplementation is required.

**Interrogatory No. 12:**

Identify and describe, in detail, all similarities that HPT contends exists between software developed by HPT and the Syked ECU software that is the subject of the Washington Action.

**Response to Interrogatory No. 12:**

Objection, Interrogatory #12 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony.

**Deficiencies:**

Again, it appears based on the nearly identical language when comparing Plaintiff's Response to Interrogatory No. 12 to Plaintiff's Responses to Interrogatories Nos. 10 and 11 that this response was copied and pasted.  As such, it is not specific, constitutes a boilerplate objection, and is entirely improper.  *See, e.g.*, FRCP 33.

Moreover, Interrogatory No. 12 requests similarities between two separate software based on the allegations asserted by Plaintiff in this matter. Plaintiff has asserted that Syked ECU copied HPT's software and as such, Cannata requests what parts are allegedly copied. Therefore, the information sought is entirely relevant, and it is unclear how Plaintiff can assert otherwise. Additionally, Plaintiff's objection relating to this Interrogatory being better suited for deposition testimony is improper for the same reasons discussed herein. Plaintiff's failure to provide specifics as to how this Interrogatory can be considered overly broad or unreasonably burdensome only bolsters the fact that Plaintiff's objections in this regard are improper, and Plaintiff must provide a meaningful response to Interrogatory No. 12 accordingly.

**Interrogatory No. 13:**

Identify and describe, in detail, all software files of any kind obtained by HPT from any third party that HPT contends constitute Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response to Interrogatory No. 13:**

Objection, Interrogatory #13 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony.

**Deficiencies:**

Plaintiff's Objection to Interrogatory No. 13 similarly parrots the language from the previously discussed interrogatories and is not specific; rather, it is boilerplate and tantamount to no objection whatsoever. *See, e.g.*, FRCP 33. For this reason alone, Plaintiff's response is improper and requires supplementation.

Moreover, Interrogatory No. 13 seeks information directly relevant to the heart of Plaintiff's claims, which are that Cannata misappropriated or improperly shared Plaintiff's Intellectual Property or Proprietary Information. *See, e.g.*, ECF No. 1, Plaintiff's Complaint in this matter, ¶¶ 55-56. To the extent that HPT utilized, copied, or in any way referred to third-party software in developing Plaintiff's alleged Intellectual Property or Proprietary Information, that drastically changes the analysis on whether Plaintiff can even claim protection of the same. This information is necessary for the parties to review their relative position, and to ensure the Court is fully apprised of the actual ownership of any software, firmware, or hardware at issue. Thus, supplementation is required especially considering that Plaintiff's identical boilerplate responses to four separate interrogatories seeking distinct and separate information is likely to be disapproved of by the court in any motion practice seeking to compel Plaintiff to supplement the same.

**Interrogatory No. 14:**

Identify with specificity and by file name all HPT source code, firmware, hardware schematics, communication algorithms, communication protocols, parameter lists, or other

software files that HPT contends constitute Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) that HPT alleges Cannata maintained in his possession in violation of the Purchase Agreement after December 31, 2016.

**Response to Interrogatory No. 14:**

Objection, Interrogatory #14 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony. Subject to and without waiving said objections, see the Complaint filed in this matter; see also the expert report of Dr. Elizabeth Groves; Declarations provided by Cannata in case number 3:17-cv-05760 in the United States District Court for the District of Wester Washington and in this matter; text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff's Objection to Interrogatory No. 14 similarly parrots the language from the previously discussed interrogatories and is not specific; rather, it is boilerplate and tantamount to no objection whatsoever. *See, e.g.*, FRCP 33. For this reason alone, Plaintiff's response is improper and requires supplementation. However, unlike the previously discussed Interrogatory responses by Plaintiff, Plaintiff provides overly generalized descriptions of documents that may or may not have been produced in this matter. Such an attempt is inappropriate for several reasons.

First, although Plaintiff may have the option to produce a party's business records as an alternative to responding to an interrogatory, *see* FRCP 33(d), the documents referred to are not Plaintiff's business records. Indeed, the documents referenced are court filings, pleadings, and papers—not records kept by Plaintiff in the course of its regularly conducted business (i.e. automotive tuning). Additionally, even if the records could be classified as Plaintiff's business records, they only refer to generalized categories of documents rather than "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FRCP 33(d)(1); *see also Queensridge Towers, LLC v. Allianz Global Risks US Ins. Co.*, 2014 U.S. Dist. LEXIS 14167 (D. Nev. Feb. 4, 2014) (granting a motion to compel and requiring a party to supplement its responses because its statement that it "has produced or will produce" all documents is insufficient). As such, this response does not comply with Plaintiff's discovery obligations and must be supplemented, especially considering that Cannata should not be forced to try and guess as to what information is particularly responsive in those documents as to the HPT source codes, firmware, hardware, or other alleged Intellectual Property or Proprietary Information which Plaintiff believes Cannata improperly kept in violation of the referenced agreement. Plaintiff, not Cannata, is in the best position to answer this question, and should do supplement accordingly.

**Interrogatory No. 15:**

Identify with specificity and by file name all HPT source code, firmware, hardware schematics, communication algorithms, communication protocols, parameter lists, or other software files that HPT contends constitute Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) that HPT alleges Cannata used to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response to Interrogatory No. 15:**

Objection, Interrogatory #15 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defense at issue in the action, and calls for a narrative response better suited for deposition testimony. Subject to and without waiving said objections, see the Complaint filed in this matter; see also the expert report of Dr. Elizabeth Groves; Declarations provided by Cannata in case number 3:17-cv-05760 in the United States District Court for the District of Wester Washington and in this matter; text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See documents produced.

**Deficiencies:**

Plaintiff's Objection to Interrogatory No. 15 asserts the same boilerplate objections discussed in each of the interrogatory responses above and is nearly word-for-word identical to Plaintiff's "response" to Interrogatory No. 14. As stated herein, this boilerplate objection is improper, and tantamount to no objection whatsoever.  Additionally, the same deficiencies that exist with respect to Plaintiff's Response to Interrogatory no. 14 apply here.   Thus, supplementation is required.

**Interrogatory No. 16:**

Identify with specificity and by file name all HPT source code, firmware, hardware schematics, communication algorithms, communication protocols, parameter lists, or other software files that HPT contends constitute Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) that HPT alleges Syked ECU or Sykes-Bonnet used to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response to Interrogatory No. 16:**

Objection, Interrogatory #16 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Interrogatory No. 16 is puzzling at best.  Plaintiff's Complaint in this matter alleges at numerous places that Plaintiff has sued Cannata based on his consulting or providing services for a competitive business—i.e. Syked ECU.  *See* Complaint, ¶¶ 3-4.  Additionally, the Complaint states that Cannata was allegedly developing products or software for competitors.  *Id.* at ¶¶ 54-56.  The only "competitor" of Plaintiff identified in the Complaint is Syked ECU.  The Complaint furth states that it has brought claims under violation of the Copyright Act based on alleged use of HPT's alleged Proprietary Information and Intellectual Property for private and commercial gain.  *Id.* at ¶¶ 127-134.  As such, to the extent that Plaintiff is claiming any copying of its alleged Proprietary Information and Intellectual Property, a list of files that were allegedly copied is entirely relevant to the needs of this case.  To the extent Plaintiff is not claiming that any information was copied, please confirm such by way of declaration from an authorized representative of the client.  Otherwise, supplementation is required.

**Interrogatory No. 17:**

Identify and describe, in detail, all benefits You contend Cannata received as a result of the use of Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) by Syked ECU or Sykes-Bonnett to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response to Interrogatory No. 17:**

Objection, Interrogatory #17 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Interrogatory No. 17 is deficient for the same reasons as Plaintiff's Objection to Interrogatory No. 16.  As such, all of the reasoning contained above is incorporated herein, and supplementation is required.

**Interrogatory No. 18:**

Identify and describe, in detail, each and every copyright, trademark, trade secret, patent, or other intellectual property that HPT contends was infringed upon or misappropriated and serves as a basis for HPT's claims against Cannata.

**Response to Interrogatory No. 18:**

Objection, Interrogatory #15 [sic] is overly broad, unreasonably burdensome, and calls for a narrative response better suited for deposition testimony.  Subject to and without waiving said

objection, see expert report of Dr. Elizabeth Groves; Declarations provided by Cannata in case number 3:17-cv-05760 in the United States District Court for the District of Wester Washington and in this matter; text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

As the case law and applicable rules cited herein evidence, Plaintiff's Objection to Interrogatory No. 18 is deficient based on its boilerplate and non-specific nature. Additionally, Plaintiff's overly generalized and non-specific reference to numerous pleadings and filings in this matter is improper for the same reasons espoused above related to Interrogatory Nos. 14 and 15. It is entirely relevant to this matter and necessary for HPT to define and identify what alleged Intellectual Property and Confidential Information that Cannata allegedly infringed upon. The failure to identify this information immediately, prior to depositions, can only be considered an improper attempt to withhold discovery until Plaintiff intends to use it—which amounts to nothing more than trial by ambush. In the event that Plaintiff does not provide the requested information by supplementation, Cannata will seek to preclude any reference of the same at trial or depositions.

**B.** **Plaintiff's Responses to Second Set of Requests for Production are Deficient**

First, Plaintiff's repeated use of boilerplate objections without any actual response to requests is entirely inappropriate. "Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." *Collins v. Landry's Inc.*, 2014 WL 2770702, at *3 (D. Nev. June 17, 2014) (citation omitted); *Kristensen v. Credit Payment Servs., Inc.*, 2014 WL 6675748, at *4 (D. Nev. Nov. 25, 2014) (federal courts have routinely held that boilerplate objections are improper). A conclusory objection is improper. *Collins* at *3. Conversely, a proper objection "shows" or "specifically details" why the disputed discovery request is improper. *Id.*

Second, Mr. Cannata reminds Plaintiff of its affirmative duty to seek information reasonably available to it when responding to requests for production of documents. "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *EnvTech, Inc. v. Suchard*, 2013 WL 4899085, at *5 (D. Nev. Sept. 11, 2013) (*quoting A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006)). And where a party does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* (*quoting Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Finally, "control," within the meaning of FRCP 34 – requiring a party to produce responsive documents that are in its possession, custody or control – comprehends not only possession but also the right, authority, or ability to obtain the documents. *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992) (citations omitted). With these general legal principles in mind, the specific requests are referenced below.

**Requests Nos. 49-50, 52-56, and 119-121:**

As an initial matter, Plaintiff's responses/objections to several requests indicate that Plaintiff will produce documents at some undisclosed time in the future. This includes Plaintiff's responses to Requests Nos. 49-56, and 119-121. Since the service of Plaintiff's responses, Plaintiff has produced additional documents but has not identified which of those newly produced documents relate to which of Defendant's requests. Nor has Plaintiff indicated whether all documents responsive to these requests have been produced. Accordingly, Defendant requests Plaintiff supplementing its responses to Requests Nos. 49-50, 52-56, and 119-121 to identify the documents produced in response to such requests and to state whether all responsive documents have been produced.

**Request No. 57:**

All Documents You contend support Your allegation that Cannata has sold or attempted to sell cloned HPT interfaces with fraudulently obtained credits for use of HPT's software or services.

**Response:**

See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

As is the case with most to all of Plaintiff's responses to Cannata's Second Set of Discovery Requests, Plaintiff's responses are filled with numerous cut-and-paste responses. Plaintiff's response to Request No. 57 is simply one of those examples. Indeed, the exact same response is provided in response to, but not limited to, Cannata's Requests No. 58, 59, and 60 and nearly identical to many other of Plaintiff's "responses" to Cannata's Requests. There is no specificity provided whatsoever, despite the requests, and each of them, seeking separate information. As such, these boilerplate responses are tantamount to no response whatsoever and require supplementation.

Additionally, the United States District Court of Nevada has already determined that statements surrounding documents that may have been produced, have been produced, or will be produced are simply evasive and incomplete responses. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Stating "see documents produced" provides no specificity or clarity to Cannata or our office, and is akin to citing to the entire volume of documents produced in this matter, which is considered improper by Nevada courts. *Id.* As such,

please supplement the response to Request No. 57 with specific bates numbers identifying all of the documents responsive to this request.

**Request No. 58:**

All Documents You contend support Your allegation that Cannata, acting in concert with others, has used HPT's key generator to sell fraudulently obtained credits for use of HPT's software or services.

**Response:**

See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff's "response" to Request No. 58 is identical to Plaintiff's "response" to Request No. 57. As such, all of the deficiencies addressed in respect to Request No. 57 apply here. Supplementation is required.

**Request No. 59:**

All Documents You contend support Your allegation that Cannata has manipulated HPT interfaces for unauthorized use by others.

**Response:**

See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff's "response" to Request No. 59 is identical to Plaintiff's "response" to Request Nos. 57 and 58. As such, all of the deficiencies addressed in respect to Request Nos. 57 and 58 apply here. Supplementation is required.

**Request No. 61:**

All Documents evidencing distributions paid to Cannata by HPT in 2016.

**Response:**

See documents produced.

**Deficiencies:**

Plaintiff's "response" to Request No. 60 is clearly insufficient based on case law cited herein. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Here, Cannata is not sure what documents Plaintiff is referencing and as such, supplementation is required.

**Request No. 62:**

All Documents You contend support Your allegation that Syked ECU used Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) received from Cannata in developing any software.

**Response:**

Objection, Request #62 is overly broad, unreasonably burdensome, and is not narrowly tailored to the matters, claims and defenses in this action. Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced. See expert report and opinions of Dr. Elizabeth Groves.

**Deficiencies:**

As an initial matter, Plaintiff's objections that the request is overly broad, unreasonably burdensome, and is not narrowly tailored to the matters, claims and defenses in this action are generalized, non-specific, and therefore improper. Additionally, it is improper for Plaintiff to object that this request is not tailored to the claims and defenses in this action, or the matters related to the same, because this request stems from Plaintiff's very allegations in this matter. As such, supplementation is required as the objections are not well-founded.

Supplementation is also required for reasons similar to the need for supplementation to Request No. 57. As such, the reasoning stated above is incorporated herein.

**Request No. 63:**

All Documents You contend support Your allegation that Syked ECU used Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) received from Cannata in developing any hardware.

**Response:**

Objection, Request #63 is overly broad, unreasonably burdensome, and is not narrowly tailored to the matters, claims and defenses in this action.  Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See documents produced.  See expert report and opinions of Dr. Elizabeth Groves.

**Deficiencies:**

Plaintiff's objections and response to Request # 63 are nearly identical to Plaintiff's objections and response to Request # 62.  As such, the reasoning outlined above is incorporated herein, and Plaintiff must supplement this response.

**Request No. 64:**

All Documents You contend support Your allegation that Cannata used Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) to assist Syked ECU in developing any software.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves.  See Declarations provided by Cannata in the pending action in the United States District Court for the District of Western Washington and in this matter.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's response to Request # 64 is deficient because it fails to specifically identify what documents and bates numbers are responsive to the request.  Additionally, "see documents

produced" is akin to referring to the entire production in this matter, and such an attempt is improper. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Supplementation is required.

**Request No. 65:**

All Documents You contend support Your allegation that Cannata used Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) to assist Syked ECU in developing any hardware.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves.  See Declarations provided by Cannata in the pending action in the United States District Court for the District of Western Washington and in this matter.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's response to Request # 65 is deficient because it fails to specifically identify what documents and bates numbers are responsive to the request.  Additionally, "see documents produced" is akin to referring to the entire production in this matter, and such an attempt is improper. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Supplementation is required.

**Request No. 66:**

All Documents You contend support Your allegation Syked ECU used VCM Editor source code version 2.23 to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #66 is overly broad, unreasonably burdensome, and is not narrowly tailored to the matters, claims and defenses in this action.  Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See documents produced.  See expert report and opinions of Dr. Elizabeth Groves.

**Deficiencies:**

Plaintiff's objection to Request # 66 is not specific, but rather generalized, conclusory, and boilerplate.  As such, it is improper and tantamount to no objection whatsoever.  Additionally, it is unclear how Plaintiff can allege that Request #66 is overly broad and not narrowly tailored to the matters, claims and defenses in this action because Request # 66 stems directly from allegations made by Plaintiff in this matter.  If Plaintiff wishes to clarify or retract those allegations, please advise.  Otherwise, supplementation is required.

Moreover, as Plaintiff's objection and response to Request # 66 is identical to Plaintiff's Response to Requests # 61 and # 62, the reasoning listed above applies and is incorporated herein.

**Request No. 67:**

Al Documents You contend support Your allegation that Cannata benefitted from Syked ECU's use of VCM Editor source code version 2.23 to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #67 is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's objection is not well founded and is unlikely to stand if a Motion to Compel is filed with the Court.  Besides the fact that this objection is not specific and boilerplate, and thus no objection at all, the Court will not likely look favorably on Plaintiff's objection considering that the request stems from Plaintiff's allegations in this action contained in its operative pleading.  As such, supplementation is required.

**Request No. 68:**

Al Documents You contend support Your allegation that Cannata used VCM Editor source code version 2.23 to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's response to Request # 68 is deficient because it fails to specifically identify what documents and bates numbers are responsive to the request.  Additionally, "see documents produced" is akin to referring to the entire production in this matter, and such an attempt is improper.  *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request).  Supplementation is required to ensure Cannata and his counsel are specifically aware of what documents (or portions thereof) Plaintiff is referring.

**Request No. 69:**

All Documents You contend support Your allegation Syked ECU used MPVI firmware to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #69 is overly broad, unreasonably burdensome, and is not narrowly tailored to the matters, claims and defenses at issue in this action.  Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See also text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter.  See documents produced. See expert report and opinions of Dr. Elizabeth Groves.

**Deficiencies:**

Again, this is a boilerplate and generalized objection, which is not proper under the rules. As such, it amounts to no objection at all.

Additionally, Plaintiff's generalized and vague reference to various documents without bates numbers, as well as citing to every document produced as well as documents that have not been produced, is improper. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Supplementation is required to ensure Cannata and his counsel are specifically aware of what documents (or portions thereof) Plaintiff is referring.

**Request No. 70:**
All Documents You contend support Your allegation that Cannata benefitted from Syked ECU's use of MPVI firmware to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #70 is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being a boilerplate objection lacking specificity and identical to Plaintiff's objection to Request # 67, these objections are not proper. Again, it is unclear how Plaintiff can assert that this request is not relevant to this litigation when it is derived from the very claims and allegations made by Plaintiff in its operative pleading. Supplementation is required.

**Request No. 71:**

All Documents You contend support Your allegation that Cannata used MPVI firmware to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Besides the fact that this "response" is a copy-and-paste from Plaintiff's "response" to Request # 68, Plaintiff's failure to specifically reference documents by bates number as to which parts of said documents are responsive, as well as Plaintiff's reference to all documents produced and documents which may or may not be produce is unlikely to be looked favorably upon by the Court. *See, e.g., Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Supplementation is required to ensure Cannata and his counsel are specifically aware of what documents (or portions thereof) Plaintiff is referring.

**Request No. 72:**
All Documents You contend support Your allegation Syked ECU used MPVI hardware or hardware schematics to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #72 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

The objections are boilerplate, not specific, and thus not proper.  Additionally, the objections are not well taken considering that Request # 72 is derived from Plaintiff's allegations in this case.  As such, supplementation is required.

Additionally, Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein.  Please supplement accordingly.

**Request No. 73:**

All Documents You contend support Your allegation that Cannata benefited from Syked ECU's use of MPVI hardware or hardware schematics to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #73 is neither relevant to any claim or defense nor proportional to the needs of the case, is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being a boilerplate objection lacking specificity and identical to Plaintiff's objection to Request # 67, these objections are not proper. Again, it is unclear how Plaintiff can assert that this request is not relevant to this litigation when it is derived from the very claims and allegations made by Plaintiff in its operative pleading. Supplementation is required.

**Request No. 74:**

All Documents You contend support Your allegation that Cannata used MPVI hardware or hardware schematics to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Please supplement accordingly.

**Request No. 75:**

All Documents You contend support Your allegation that Cannata misappropriated communication algorithms developed by HPT.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Plaintiff's "response" to Request # 75 is deficient for the same reasons that Plaintiff's response to Request # 74 is deficient. As such, the reasoning and case law cited therein is incorporated herein. Supplementation is required.

**Request No. 76:**

All Documents You contend support Your allegation Syked ECU used HPT's communication algorithms to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request # 76 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

The objections are boilerplate, not specific, and thus not proper. Additionally, the objections are not well taken considering that Request # 72 is derived from Plaintiff's allegations in this case. As such, supplementation is required.

Additionally, Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein.  Please supplement accordingly.

**Request No. 77:**

All Documents You contend support Your allegation that Cannata benefitted from Syked ECU's use of HPT's communication algorithms to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request # 77 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being a boilerplate objection lacking specificity and identical to Plaintiff's objection to Request # 67, these objections are not proper.  It is unclear how Plaintiff can assert that this request is not relevant to this litigation when it is derived from the very claims and allegations made by Plaintiff in its operative pleading.  Supplementation is required.

**Request No. 78:**

All Documents You contend support Your allegation that Cannata used HPT's communication algorithms to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein.  *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation

of responses to indicate which of the previously disclosed documents are responsive to each request).  Please supplement accordingly.

**Request No. 79:**

All Documents You contend support Your allegation that Cannata misappropriated any communication protocol developed by HPT.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves.  See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's "response" to Request # 79 is deficient for the same reasons that Plaintiff's response to Request # 78, as well as over a dozen other "responses" to other requests are deficient. As such, the reasoning and case law cited therein is incorporated herein.  Supplementation is required.

**Request No. 80:**

All Documents You contend support Your allegation Syked ECU used HPT's any communication protocol to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #80 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

The objections are boilerplate, not specific, and thus not proper.  Additionally, the objections are not well taken considering that Request # 80 is derived from Plaintiff's allegations in this case.  As such, supplementation is required.

Additionally, Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein.  Please supplement accordingly.

**Request No. 81:**

All Documents You contend support Your allegation that Cannata benefited from Syked ECU's use of HPT's any communication protocol to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request # 81 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being a boilerplate objection lacking specificity and identical to Plaintiff's objection to numerous other requests issued in this matter, these objections are not proper.  It is unclear how Plaintiff can assert that this request is not relevant to this litigation when it is derived from the very claims and allegations made by Plaintiff in its operative pleading.  Supplementation is required.

**Request No. 82:**

All Documents You contend support Your allegation that Cannata used HPT's any communication protocol to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Please supplement accordingly.

**Request No. 83:**

All Documents You contend support Your allegation that Cannata misappropriated any list of parameters developed by HPT.

**Response:**

See expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Again, Plaintiff's "response" is not specific and improper for the same reasons espoused in reference to Request # 82 as well as elsewhere herein. Please supplement accordingly.

**Request No. 84:**

All Documents You contend support Your allegation Syked ECU used any list of parameters developed by HPT to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #84 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see expert report and opinions of Dr. Elizabeth Groves. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-

05760 in the United States District Court for the District of Western Washington.  See documents produced.

**Deficiencies:**

The objections are boilerplate, not specific, and thus not proper.  Additionally, the objections are not well taken considering that Request # 80 is derived from Plaintiff's allegations in this case.  As such, supplementation is required.

Additionally, Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein.  Please supplement accordingly.

**Request No. 85:**

All Documents You contend support Your allegation that Cannata benefited from Syked ECU's use of any list of parameters developed by HPT to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #85 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being a boilerplate objection lacking specificity and identical to Plaintiff's objection to numerous other requests issued in this matter, these objections are not proper.  It is unclear how Plaintiff can assert that this request is not relevant to this litigation when it is derived from the very claims and allegations made by Plaintiff in its operative pleading.  Supplementation is required.

**Request No. 86:**

All Documents You contend support Your allegation that Cannata used any list of parameters developed by HPT to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

See the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Plaintiff's continual generalized reference to documents that have been or may be produced, as well as referencing all documents produced in this matter, is improper for the reasons stated herein. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Additionally, we are not involved in the Washington matter, unlike your office. Please supplement accordingly.

**Request No. 87:**

All Documents evidencing the fraudulent sale of HPT credits by Sykes-Bonnett.

**Response:**

Objection, Request #87 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objection, see expert report and opinions of John Bone. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Plaintiff's objection is boilerplate and improper. Additionally, as you are aware, Plaintiff is attempting to recover damages from Cannata as a result of alleged fraudulent HPT credits and their uses and sales. As such, information relating to the same is entirely relevant and proportional to the needs of this case, especially considering that Plaintiff is alleging over $10 million in damages. Moreover, Plaintiff's generalized reference to documents which may or may not have been produced in this matter is improper as stated herein. Supplementation is required.

**Request No. 88:**

All Communications between HPT and any person regarding the fraudulent sale of HPT credits by Sykes-Bonnett.

**Response:**

Objection, Request #88 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's boilerplate, generalized, and improper objections amount to no objection at all. Additionally, seeing as there is no objection relating to privilege, any such objection has been waived and relevant documents must be produced.  Additionally, Plaintiff's objections are not well-founded considering the amount at stake in this action being asserted by Plaintiff, and the fact that Plaintiff's claims arise out of fraudulent sale of credits.  Moreover, any communications between members of HPT must be produced as they are responsive to this request. Supplementation is necessary.

**Request No. 89:**

All Communications between HPT and any person HPT contends purchased fraudulent HPT credits from Sykes Bonnett.

**Response:**

Objection, Request #89 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being boilerplate and word-for-word identical to Plaintiff's objection to Request #88, the objections therein are improper and misplaced for the same reasons addressed above.  As such, supplementation is required.

**Request No. 90:**

All Documents evidencing any agreement entered into between HPT and any person HPT contends purchased fraudulent HPT credits from Sykes-Bonnett.

**Response:**

Objection, Request #90 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Besides being boilerplate and word-for-word identical to Plaintiff's objection to Request #88, the objections therein are improper and misplaced for the same reasons addressed above. Additionally, at least one document has been produced in which Plaintiff apparently was offering

to pay individuals for testimony.  Because additional documentation likely exists, and Plaintiff's objections are improper, supplementation is required.

**Request No. 91:**

All Documents relating to HPT's ability to identify fraudulent HPT credits.

**Response:**

Objection, Request #91 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

This boilerplate objection provides no specificity and is tantamount to no objection whatsoever.  The information sought by this Request is relevant to Plaintiff's duty to mitigate its damages.  As such, Plaintiff has failed to respond to Request #91 and must supplement accordingly.

**Request No. 92:**

All Documents relating to HPT's Identification of fraudulent HPT credits sold by Sykes-Bonnett.

**Response:**

Objection, Request #92 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objection, see expert report and opinions of John Bone. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

Besides the fact that the objections to Request #92 are boilerplate and improper, Plaintiff again has referred generally to documents that may have been produced or will be produced, as well as citing to all documents produced in this matter.  Such a response is improper.  *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request).  Accordingly, supplementation is required.

**Request No. 93:**

All Documents relating to or evidencing actions taken by HPT to disable, invalidate, or otherwise prevent the use of fraudulent HPT credits sold by Sykes-Bonnett.

**Response:**

Objection, Request #93 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

This boilerplate objection provides no specificity and is tantamount to no objection whatsoever. The information sought by this Request is relevant to Plaintiff's duty to mitigate its damages. As such, Plaintiff has failed to respond to Request #91 and must supplement accordingly.

**Request No. 94:**

All Documents evidencing the distribution by Sykes-Bonnett of any "cracked" or "hacked" version of HPT software.

**Response:**

Objection, Request #94 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objection, see expert report and opinions of John Bone. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

This is a copied-and-pasted objection identical to Plaintiff's objection to Request # 92. It is also deficient for the same reasons. Supplementation is necessary.

**Request No. 95:**

All Communications with any person regarding the distribution by Sykes-Bonnett of any "cracked" or "hacked" version of HPT software.

**Response:**

Objection, Request #95 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

This boilerplate objection provides no specificity and is tantamount to no objection whatsoever. The information sought by this Request is relevant to Plaintiff's duty to mitigate its damages. Additionally, it is notable that very little communications have been produced from HPT or any of its members with anyone regarding the issues involved in this litigation. All of those documents are relevant and must be produced. As such, Plaintiff has failed to respond to Request #91 and must supplement accordingly.

**Request No. 96:**

All Documents relating to HPT's ability to identify downloads of any "cracked" or "hacked" version of HPT software.

**Response:**

Objection, Request #96 is overly broad, unduly burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Request # 96 is identical to dozens of Plaintiff's other objections, including but not limited to, Plaintiff's Objection to Request # 95. As such, it is not specific, but simply a boilerplate recitation provided in an attempt for Plaintiff to avoid complying with its discovery obligations. As such, and for the same reasons as stated above, supplementation is required.

**Request No. 97:**

All Documents relating to HPT's identification of downloads of any "cracked" or "hacked" version of HPT software distributed by Sykes-Bonnett.

**Response:**

Objection, Request #97 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objection, see

expert report and opinions of John Bone. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See documents produced.

**Deficiencies:**

This is a copied-and-pasted objection identical to Plaintiff's objection to Requests # 92 and #94. It is also deficient for the same reasons. Supplementation is necessary.

**Request No. 98:**

All Communications between HPT and any person HPT contends downloaded any "cracked" or "hacked" version of HPT software distributed by Sykes-Bonnett.

**Response:**

Objection, Request #98 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

This boilerplate objection provides no specificity and is tantamount to no objection whatsoever. The information sought by this Request is relevant to Plaintiff's duty to mitigate its damages. Additionally, it is notable that very little communications have been produced from HPT or any of its members with anyone regarding the issues involved in this litigation. All of those documents are relevant and must be produced. As such, Plaintiff has failed to respond to Request #91 and must supplement accordingly.

**Request No. 99:**

All Documents evidencing any agreement entered into between HPT and any person HPT contends downloaded any "cracked" or "hacked" version of HPT software distributed by Sykes-Bonnett.

**Response:**

Objection, Request #99 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Request # 99 is identical to dozens of Plaintiff's other objections, including but not limited to, Plaintiff's Objection to Request # 98.  As such, it is not specific, but simply a boilerplate recitation provided in an attempt for Plaintiff to avoid complying with its discovery obligations.  As such, and for the same reasons as stated above, supplementation is required.

**Request No. 100:**

All Documents relating to or evidencing actions taken by HPT to disable, invalidate, or otherwise prevent the use of any "cracked" or "hacked" version of HPT software distributed by Sykes-Bonnett.

**Response:**

Objection, Request #100 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Request # 100 is identical to dozens of Plaintiff's other objections, including but not limited to, Plaintiff's Objection to Request # 98 and # 99.  As such, it is not specific, but simply a boilerplate recitation provided in an attempt for Plaintiff to avoid complying with its discovery obligations.  As such, and for the same reasons as stated above, supplementation is required.

**Request No. 101:**

All Documents You contend support Your allegation that Cannata retained possession of Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016) after December 2016.

**Response:**

See Operating Agreement and Membership Interest Purchase Agreement produced in this matter. See expert report and opinions of Dr. Elizabeth Groves. See Declarations provided by Cannata in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington and in this matter. See the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff again has referred generally to documents that may have been produced or will be produced, as well as citing to all documents produced in this matter.  Such a response is improper. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Accordingly, supplementation is required.

**Request No. 102:**

All Documents You contend support Your allegation that Cannata used the email address somethingnew1892@yahoo.com to communicate with Sykes-Bonnett.

**Response:**

See Cannata's Supplemental Answers to Interrogatories responses provided in discovery in this matter. See also the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff again has referred generally to documents that may have been produced or will be produced, as well as citing to all documents produced in this matter.  Such a response is improper. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of responses to indicate which of the previously disclosed documents are responsive to each request). Accordingly, supplementation is required.

**Request No. 103:**

All Documents evidencing the results of any comparison of software developed by Syked ECU or Sykes-Bonnett with software developed by HPT.

**Response:**

Objection, Request #103 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's Objection to Request # 100 is identical to dozens of Plaintiff's other objections, including but not limited to, Plaintiff's Objection to Request # 98 and # 99.  As such, it is not specific, but simply a boilerplate recitation provided in an attempt for Plaintiff to avoid complying with its discovery obligations.  Moreover, it is unclear how Plaintiff can claim that similarities between HPT's software and the allegedly infringing software is not relevant or proportional to the needs of this case in which Plaintiff has asserted claims for copyright infringement.  As such, and for the same reasons as stated above, supplementation is required.

**Request No. 104:**

All Documents You contend support Your allegation that intellectual property owned by HPT is included in source code for software developed by Syked ECU.

**Response:**

Objection, Request #104 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff's objections to Request # 104 are boilerplate and not specific.  Additionally, the information sought is entirely relevant for the reasons stated above regarding Request #103.

Moreover, Plaintiff again has referred generally to documents that may have been produced or will be produced, as well as citing to all documents produced in this matter.  Such a response is improper.  *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, *7-8 (D. Nev. May 2, 2016); *see also Buchanon v. Las Vegas Metro Police Dep't*, 2012 U.S. Dist. LEIS 64810, *1 (D. Nev. May 9, 2012) (stating that the discovering party is entitled to know specifically which documents are responsive to each request and requiring supplementation of

responses to indicate which of the previously disclosed documents are responsive to each request). Accordingly, supplementation is required.

**Request No. 105:**

All Documents evidencing any admission by Sykes-Bonnett that HPT's source code was used by him or Syked ECU to develop any product that is similar to or competes with any product offered for sale by HPT at any time after January 1, 2016.

**Response:**

Objection, Request #105 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action. Subject to and without waiving said objections, see the deposition of Kevin Sykes-Bonnett filed of record in case number 3:17-cv-05760 in the United States District Court for the District of Western Washington. See also the text message communications between Cannata and Kevin Sykes-Bonnett and/or John Martinson, and electronic mail communications and documents between Cannata and Kevin Sykes-Bonnett and/or John Martinson, which have been and will be produced in this matter. See documents produced.

**Deficiencies:**

Plaintiff's response to Request #105 is identical to its response to Request #104. As such, the same reasoning as to why Plaintiff's response to Request #104 is deficient applies here and is incorporated herein. Please supplement accordingly.

**Request No. 106:**

All HPT payroll records evidencing hours worked by employees or owners of HPT from January 1, 2004 through December 31, 2013.

**Response:**

Objections, Request #103 is overly broad, unreasonably burdensome, and calls for documents that were maintained in the sole possession, custody and control of Defendant Cannata.

**Deficiencies:**

Plaintiffs objections are boilerplate and again, tantamount to no objections whatsoever. Additionally, it is curious that Plaintiff would claim that its payroll records are in the sole possession of Cannata when they are Plaintiff's records. This is especially true considering that Plaintiff allegedly provided hourly rates and hours expended in developing alleged intellectual property at issue to its experts. That information must have come from somewhere and those documents are requested. Supplementation is required.

**Request No. 107:**

All Documents and reports prepared by Dr. Ernesto Staroswiecki, Ph.D., P.E. in connection with the Washington Action.

**Response:**

Objection, Request #107 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Again, Plaintiff's boilerplate, nonspecific objections are improper and not valid. Plaintiff has also directed Cannata's attention to documents produced in the Washington Action by way of its previous requests; thus, it is confusing as to why Plaintiff would now suggest that other documents are not relevant here. Please supplement accordingly. Defendant is informed and believes that the report prepared by Dr. Ernesto Staroswiecki, Ph.D., P.E. in connection with the Washington Action relates specifically to a comparison of Plaintiff's software to software developed by the defendants in the Washington Action, which Plaintiff has alleged infringes upon or was developed using proprietary and confidential intellectual property owned by Plaintiff and has further alleged was provided to the defendants in the Washington Action

**Request No. 111:**

All Documents evidencing any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) source code (including open source code) HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #111 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

As an initial matter, Plaintiff's objection to Request #111 is tantamount to no objection at all based on its boilerplate, nonspecific nature. As such, Plaintiff has currently failed to respond to this Request. Moreover, the information sought is entirely relevant to this proceeding because Plaintiff is claiming ownership over certain alleged intellectual property. To the extent that Plaintiff derived or copied any code from any source, Plaintiff has no ownership rights in the same.

**Request No. 112:**

All Communications relating to any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) source code (including open source code) which HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #112 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's "response" to Request #112 is simply more parroted language from earlier requests and identical to Plaintiff's "response" to Request #111.  It is boilerplate and tantamount to no objection at all.  As such, supplementation is required, and responsive documents must be provided without objections.

**Request No. 113:**

All Documents evidencing any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) hardware HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #113 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's repeated use of word-for-word boilerplate objections is improper under Nevada law.  As such, and for the same reasons stated above, Plaintiff must supplement this response with responsive documents, sans objections.

**Request No. 114:**

All Communications relating to any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) hardware HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary

Page 37

Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #114 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's repeated use of word-for-word boilerplate objections is improper under Nevada law. As such, and for the same reasons stated above, Plaintiff must supplement this response with responsive documents, sans objections.

**Request No. 115:**

All Documents evidencing any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) firmware HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #115 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Based on the identical word-for-word objections asserted by Plaintiff, Cannata and his counsel incorporate the addressed deficiencies regarding Request No. 111, 112, 113, and 114 herein.

**Request No. 116:**

All Communications relating to any third-party (including but not limited to Bosch, Motorola, Ford, GMC, and Dodge) firmware HPT used, referred to, reverse engineered, or referenced in any way in developing any of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objection, Request #116 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Plaintiff's nonspecific, boilerplate, and copied-and-pasted objection is tantamount to no objection whatsoever.  As such, Plaintiff must supplement with responsive documents without objections, including those sounding in privilege which were not asserted and as such have been waived.

**Request No. 117:**

All Documents You contend evidence HPT's ownership of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objections, Request #117 is overly broad, unreasonably burdensome and vague such that Plaintiff is incapable of formulating a response.

**Deficiencies:**

Like most of Plaintiff's objections, this is boilerplate and nonspecific.  Indeed, Plaintiff does not describe with specificity the burden imposed or why Plaintiff believes the request is vague.  The request seeks documentation supporting Plaintiff's required element of ownership of the alleged Intellectual Property or Proprietary Information.  Plaintiff's failure to produce any documents only supports that Plaintiff does not own any of the software, firmware, or hardware at issue.  Supplementation is required.

**Request No. 118:**

All Communications You contend evidence HPT's ownership of its alleged Intellectual Property or Proprietary Information (as such terms are defined in the Membership Interest Purchase Agreement dated as of October 20, 2016).

**Response:**

Objections, Request #118 is overly broad, unreasonably burdensome and vague such that Plaintiff is incapable of formulating a response.

**Deficiencies:**

Plaintiff's "objections" are again vague, nonspecific, and tantamount to no objection at all. Additionally, it is word-for-word identical to Plaintiffs "response" to Request #117. As such, Plaintiff's response to Request #118 is deficient for the same reasons espoused above, and those reasons are incorporated by reference herein.

**Request No. 119:**

All Communications between Keith Prociuk and Chris Piastri regarding the above-captioned lawsuit.

**Response:**

Objection, Request #119 calls for privileged communications. Plaintiff will produce non-privileged communications, if any.

**Deficiencies:**

Plaintiff's objection is not well taken. First, it is not specific and fails to identify what privilege is being asserted. Additionally, Keith Prociuk and Chris Piastri are members in HPT Tuners, LLC and no privilege exists to protect communications between LLC members. As such, no privilege exists, and all communications must be produced.

**Request No. 120:**

All Communications between Keith Prociuk and any other person (including but not limited to Eric Brooks) regarding the above-captioned lawsuit.

**Response:**

Objection, Request #120 calls for privileged communications. Plaintiff will produce non-privileged communications, if any.

**Deficiencies:**

Plaintiff's objection is not well taken. First, it is not specific and fails to identify what privilege is being asserted. Additionally, privilege is not implicated simply because Keith Prociuk is talking with third-parties such as Eric Brooks. As such, Plaintiff has failed to identify any specific privilege which may apply, and all communications must be produced.

**Request No. 121:**

All Communications between Chris Piastri and any other person (including but not limited to Eric Brooks) regarding the above-captioned lawsuit.

**Response:**

Objection, Request #121 calls for privileged communications.  Plaintiff will produce non-privileged communications, if any.

**Deficiencies:**

For the same reason that Plaintiff's "responses" to Request Nos. 119 and 120 are deficient, Plaintiff's "response" to Request No. 121 is similarly deficient.  As such, supplementation is required.

**Request No. 122:**

All Communications between Keith Prociuk and Chris Piastri regarding the Washington Action.

**Response:**

Objection, Request #122 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

First, it is notable that Plaintiff did not object on privilege grounds to this request, yet objected to privilege grounds to Request #119, seeking communications between these individuals.  As such, it is likely that Plaintiff's privilege objection in Request #119 is incorrect.  Additionally, Plaintiff cannot now assert privilege objections as the time to object to these requests has passed.

Moreover, the communications regarding the Washington Action are entirely relevant and proportional to the needs of this case (considering Plaintiff is seeking over $10 million in alleged damages) because Plaintiff has sued Syked ECU in the Washington Action and claims that Cannata was the cause for both actions.  As such, the information sought is entirely relevant, and Plaintiff's boilerplate, nonspecific "objections" do not hold water.  As such, supplementation is required.

**Request No. 123:**

All Communications between Keith Prociuk and any other person (including but not limited to Eric Brooks) regarding the Washington Action.

**Response:**

Objection, Request #123 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

As Plaintiff's response to Request #123 is identical to its response to Request #122, it is similarly deficient for the same reasons, which are incorporated in full herein.

**Request No. 124:**

All Communications between Chris Piastri and any other person (including but not limited to Eric Brooks) regarding the Washington Action.

**Response:**

Objection, Request #124 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

For the same reason Plaintiff's "responses" to Request #122 and 123 are deficient, Plaintiff's response here is deficient as well. As such, the reasons stated above are incorporated herein. Please supplement accordingly.

**Request No. 125:**

All Documents and Communications evidencing the sharing of information, data, code, software or assisting with creation of the same between HPT and Sykes-Bonnett from January 1, 2014 through December 1, 2017.

**Response:**

Objection, Request #125 is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

This objection is boilerplate, like many to all of the other objections asserted by Plaintiff to Cannata's Second Set of Requests for Production. As such, it is tantamount to no objection whatsoever. Additionally, any communications or documents evidencing the transfer or sharing of information between HPT and Sykes-Bonnett is relevant to Cannata's defenses in this matter, including the fact that Plaintiff may have self-inflicted its own wounds. As such, supplementation is required.

Page 42

**Request No. 126:**

All Documents and Communications evidencing the current value (as of the date of this Request) of HPT, including but not limited to all appraisals, current P/L sheets, balance sheets, and any other document evidencing HPT's value as of the date of this Request.

**Response:**

Objection, Request #126 is overly broad, unreasonably burdensome, imposes a burden on Plaintiff outweighing any likely benefit to Defendant, is neither relevant to any claim or defense nor proportional to the needs of the case, and is not narrowly tailored to the matters, claims and defenses at issue in this action.

**Deficiencies:**

Again, Plaintiff's boilerplate and nonspecific objections are improper and tantamount to no objection whatsoever. Moreover, the information sought is entirely relevant to the issue of damages. For example, it would be inequitable for Plaintiff to claim over $10 million in damages resulting to Plaintiff's business if Plaintiff's business is only worth $4 million. As such, this information is relevant and proportional, especially considering the panoply of claims asserted by Plaintiff and the amount at issue.

**C.    Conclusion**

As stated in detail herein, Plaintiff's responses to Cannata's Second Set of Discovery Requests are insufficient and require supplementation. Given the limited time remaining to complete discovery under the current scheduling order, it is imperative that Plaintiff act promptly to correct the deficiencies outlined above.

Respectfully,

*/s/ Bart K. Larsen, Esq.*