MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Plaintiff HP Tuners, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT KENNETH CANNATA'S MOTION TO EXTEND LIMITED DISCOVERY DEADLINES** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), by its attorneys, Andrew P. Bleiman, Esq., MARKS & KLEIN, and Cecilia Lee, Esq. and Elizabeth High, Esq., LEE HIGH, LTD. as local counsel, hereby submits its opposition to the motion to extend limited discovery deadlines, fourth request ("Motion" or "Motion to Extend"), filed by Defendant Kenneth Cannata ("Cannata" or "Defendant") (Dkt. 101)

## INTRODUCTION

Defendant is seeking a fourth request for an extension of time for discovery. Discovery

has already been extended three times pursuant to Federal Rule of Civil Procedure 16(b)(4) and applicable local rules. *See* Fed. R. Civ. P. 16(b)(4), LCR 26-1, 26-4, IA 6-1. On December 15, 2020, following the third request, this Court stated as follows in its Order Granting Joint Motion to Modify Scheduling Order (Dkt. 84):

- At this time, the Parties do not anticipate that further extensions of the schedule will be necessary; and,
- **There shall be no further extensions granted barring unforeseen and extenuating circumstances**.

(Dkt. 84, at 4)

No unforeseen or extenuating circumstances have occurred since the above-referenced Court Order, and the Parties' then current representation that further extensions would not be necessary remains unchanged. Nothing unforeseen has transpired in the interim period between the two requests. Rather, Defendant Cannata manufactures purportedly new developments as cover for his failure to previously pursue discovery under the Court's previous scheduling, as graciously extended three (3) times. No issues in this case have ever changed from the outset. And nothing whatsoever has prohibited or hindered Cannata from seeking any discovery from HPT at any time, specifically over at least the past year. Insofar as Cannata has neglected to do so by his own volition, he should not be rewarded at the eleventh hour.

## ARGUMENT

### THERE IS NO GOOD CAUSE, NOR ANY UNFORSEEN OR EXTENUATING CIRCUMSTANCES, TO SUPPORT EXTENDING THE TIME FOR DISCOVERY

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). And, for good cause shown, this Court has granted three (3) prior extensions with the latest having been on December 15, 2020. (Dkt. 84; *see also* Dkts. 47, 64). At that time, the Court noted that the impact of Covid-19 on party and nonparty availability, combined with the holidays, comprised good cause to extend all discovery until March 31, 2021. (Dkt. 84, at 3). The Court emphasized that "**there shall be no further extensions granted barring unforeseen and**

**extenuating circumstances**". (Id, at 4). Defendant Cannata now asserts that such circumstances exist because it was unforeseen that Plaintiff would allegedly "assert boilerplate objections and resist discovery in the manner it has." (Dkt. 101, at 3, ¶8). A review of the chronology is instructive. Moreover, contrary to Defendant's claims, Plaintiff has not asserted boilerplate objections or resisted discovery in any manner whatsoever.

Defendant Cannata filed his answer on August 29, 2019. (Dkt. 45). Over three (3) months *earlier*, on May 6, 2019, Cannata served on HPT his First Set of Interrogatories and First Set of Requests for Production of Documents. HPT served responses to both on June 1, 2019. No claims or issues in this case have ever changed since these initial pleadings and discovery.

After the passage of seven (7) months from Defendant's receipt of Plaintiff's answers and responses, Cannata's counsel wrote a letter on January 3, 2020 to HPT's counsel under the header "Request For Supplemental Discovery Responses" which took issue with HPT's June, 2019 discovery responses, and requesting that HPT "provide supplemental responses addressing the deficiencies discussed herein and provide responsive documents on or before Friday, January 17, 2020. If these issues are not resolved, Mr. Cannata will be forced to file a Motion to Compel." (A copy of Cannata's counsel's letter dated January 3, 2020 is attached hereto as Exhibit A). Similar to the present Motion, Cannata's counsel alleged that "the majority of Plaintiffs Responses to Defendant's First Set of Interrogatories consisted only of boilerplate objections and constitute non-answers." *Compare* Exhibit A *with* Motion. Counsel for both parties conferred about the alleged discrepancies in HPT's responses and resolved any issues in alleged dispute. Defendant Cannata never brought any motion to compel.

Mr. Cannata states that on March 3, 2020, he suffered a medical emergency that required hospitalization and left him unable to materially participate in the case for several months. (Dkt. 87[1], ¶24). Although this may conceivably have hindered Cannata's personal ability to answer discovery or attend depositions, it would have had no bearing whatsoever on counsel's ability to

---

[1]    Dkt. 87 is the Declaration of Kenneth Cannata in Support of Opposition to Plaintiff's Motion for Prejudgment Writ of Attachment.

serve supplemental discovery on HPT or move to compel vis-à-vis allegedly inadequate responses. That did not happen. By December 15, 2020, Cannata attested that he was fully recovered from his medical emergency, no longer on medication or limitations, and fully in control of his finances and affairs. (Id, at ¶¶25-26). The Court concurred. (Dkt. 92, at 2-3). Nevertheless, it was at this time that the Court granted the parties their third modification of the scheduling order to extend discovery. (Dkt. 84).

On January 8, 2021, over three weeks after the above-referenced third extension of the discovery cutoff, *more than a year after* Cannata's last demand for HPT to supplement discovery responses and less than 3 months before the discovery cutoff, Cannata served upon HPT a Second Set of Interrogatories and Second Set of Requests for Production of Documents. *See* Exhibit B[2]. This "supplemental discovery" propounded an additional 10 interrogatories and **78** requests for production on Plaintiff HPT – the overwhelming majority of such discovery having no relation to the claims or issues in this case and which was merely intended to burden and harass Plaintiff HPT on irrelevant issues and matters that no witnesses or experts have provided any testimony, information or reference to whatsoever.

Nonetheless, on February 15, 2021, HPT provided responses[3]. *See* Exhibit C. On February 19, 2021[4], HPT produced over 2300 additional documents. *See* Exhibit D. Another 2 weeks passed and then, on March 5, 2021, Cannata's counsel directed a 42-page letter to HPT's counsel alleging that "a significant number of Plaintiff's responses are inadequate and legally insufficient" and seeking to meet and confer. (Dkt. 101, at 11). This letter has been submitted in support of Cannata's Motion to Extend as the ostensible illustration of the need for more discovery time.

---

[2]   The Certificates of Service (only) for Defendant's Second Set of Interrogatories and Second Set of Requests for Production of Documents are attached hereto as Exhibit B.

[3]   The cover page and Certificates of Service for HPT's Response to Defendant Kenneth Cannata's Second Set of Interrogatories and Second Set of Requests for Production are attached hereto as Exhibit C.

[4]   HPT's counsel's email to Cannata's counsel dated February 19, 2021, and which references the shared Dropbox folder containing produced documents marked for identification and Bates-stamped HPT-KC000238-0002593 is attached hereto as Exhibit D.

1  (Dkt. 101).

2  Notably, Counsel for Defendant and Counsel for Plaintiff conducted a comprehensive meet and confer conference to discuss these discovery issues on March 15, 2021. At the conclusion of the meet and confer, the more than 80 allegedly deficient answers and responses were substantially narrowed down. Counsel for Defendant advised at the conclusion of the conference that he would provide a correspondence concerning what he viewed to be remaining issues to be. As of the filing of this brief, no such correspondence has been received more than one week since the meet and confer. Not only did Cannata let a year pass before serving the subject supplemental discovery, but the actual discovery related dispute is far more miniscule than the lengthy letter in support of Defendant's Motion would suggest. (Dkt. 101, at 11-52). Even if every single alleged deficiency in HPT's discovery responses remained unresolved and contentious, nothing therein would constitute an "unforeseen or extenuating circumstance" which this Court ordered to be the sole basis upon which discovery would be extended a fourth time.

Nothing here was unforeseen. Nothing is extenuating. Nothing raises the requisite good cause for further extension. Plaintiff has not put up any "roadblocks" in discovery in this case. Rather, the sole reason that there is an alleged time crunch with discovery is that Defendant Cannata chose to do in early 2021 what he could have done in early 2020 or at any other time before that. The issues in this case have remained static and known to all parties since late 2018. Defendant Cannata's Motion to Extend should appropriately be denied.

WHEREFORE, Plaintiff, HP TUNERS, LLC, respectfully prays for an order DENYING Defendant's Motion to Extend Limited Discovery Deadlines and for such other relief as this Court deems necessary and appropriate.

DATED this 23rd day of March, 2021.

Respectfully Submitted,

LEE HIGH, LTD.

/s/ Elizabeth High, Esq.
CECILIA LEE, ESQ.
ELIZABETH HIGH, ESQ.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

                                                                                                                                    MARKS & KLEIN

                                                                         /s/ Andrew P. Bleiman, Esq.
                                                                         ANDREW P. BLEIMAN, ESQ.
                                                                         Attorneys for Plaintiff HP Tuners, LLC

LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

## INDEX OF EXHIBITS

| Exhibit | Description | Page Count |
|---|---|---|
| A | Cannata's Counsel's Letter dated January 3, 2020 | 27 |
| B | Certificates of Service (Only) for Defendant's Second Set of Interrogatories and Second Set of Requests for Production of Documents | 3 |
| C | Cover Page and Certificates of Service for HP Tuners' Response to Defendant Kenneth Cannata's Second Set of Interrogatories and Second Set of Requests for Production | 5 |
| D | HP Tuners' Counsel's Email to Cannata's Counsel dated February 19, 2021 | 5 |

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Local Rule IC 4-1, I certify under penalty of perjury that I am an employee of LEE HIGH, LTD., 448 Ridge Street, Reno, Nevada 89501, and that on March 23, 2021, I served copies of the <u>Plaintiff's Opposition to Defendant Kenneth Cannata's Motion to Extend Limited Discovery Deadlines</u> by the United States District Court's electronic filing system to the following:

> Bart K. Larsen, Esq.
> blarsen@klnevada.com
> jierien@klnevada.com
> mbarnes@klnevada.com
> usdistrict@klnevada.com
> Attorney for Defendant Kenneth Cannata

DATED this 23rd day of March, 2021.

/s/ Elizabeth Dendary
ELIZABETH DENDARY, CP
Certified Paralegal

LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

8