# EXHIBIT B
## to Plaintiff's Motion for Sanctions

## Defendant Cannata's Answers and Objections to Plaintiff HP Tuner (sic), LLC's First Set of Interrogatories

BART K. LARSEN, ESQ.
Nevada Bar No. 8538
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   blarsen@klnevada.com

Attorneys for Defendant
KENNETH CANNATA

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HP TUNERS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>    Defendant. | CASE NO. 3:18-cv-00527-LRH-WGC<br><br>**DEFENDANT CANNATA'S ANSWERS AND OBJECTIONS TO PLAINTIFF HP TUNER, LLC'S FIRST SET OF INTERROGATORIES** |

Defendant Kenneth Cannata ("Cannata" or "Defendant"), by and through his counsel of record, Kolesar & Leatham, hereby responds to Plaintiff HP Tuners, LLC's ("HPT" or "Plaintiff") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS AND STATEMENTS WITH RESPECT TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant reserves the right to object to the use of information produced in response to these Interrogatories for any purpose, in this or any other proceeding, action, or matter; to object to the admissibility at trial of any information produced in response to these Interrogatories, including without limitation, all objections on the grounds that such information is not relevant to the subject matter involved in the action or to the claims or defenses of any party.  Defendant expressly reserves the right to supplement its responses after the date hereof, if necessary or appropriate.

. . .

**GENERAL OBJECTION 1:**

Defendant objects to any definitions and instructions to the extent they are vague, ambiguous, overly broad, and unduly burdensome, exceed the usual and ordinary meaning of the words defined therein and are beyond the permissible scope of discovery as set forth in the applicable Federal Rules of Civil Procedure. Defendant will define the referenced words with their usual and customary meaning and/or in accordance with the applicable Federal Rules of Civil Procedure.

**GENERAL OBJECTION 2:**

Defendant objects to each request, or portion thereof, in which Plaintiff has asked Defendant to identify "each," "every," "any," or "all" person(s) or document(s) relating to a specific subject matter on the grounds that it would be unduly burdensome for Defendant to review every documents in his possession. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Defendant will respond to such requests not otherwise objected to with information and/or documents located by a reasonable, good faith effort.

**GENERAL OBJECTION 3:**

Defendant objects to each interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product, doctrine, or information subject to protection as trial preparation material, or information protected from discovery by any other applicable privileges, or information which is otherwise immune from or outside the ordinary scope of discovery. Defendant will not produce any information or materials protected by the attorney-client privilege, the work product doctrine or other available legal privileges or protections against discovery.

**GENERAL OBJECTION 4:**

Defendant objects to each request to the extent that it is not limited to a relevant or reasonable period of time or the time period at issue on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and harassing, in that it is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTION 5:**

Defendant objects to any interrogatory, or portion thereof, that seeks sensitive and private information, including but not limited to the home address and/or telephone number of any of its current employees on the grounds that disclosure of such information may be considered an invasion of the employee's privacy.

**GENERAL OBJECTION 6:**

Defendant objects to each interrogatory to the extent it calls for information or documents already in the public domain, already in Plaintiff's possession, custody or control, or equally available to Plaintiff.

**GENERAL OBJECTION 7:**

Defendant objects to each interrogatory that seeks information that is either irrelevant to this action or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant will respond to such requests to the extent that Plaintiff seeks relevant information or information reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTION 8:**

Defendant objects to each interrogatory, or portion thereof, that is overbroad, unduly burdensome, harassing, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**GENERAL OBJECTION 9:**

Defendant objects to each interrogatory to the extent it seeks discovery that is inconsistent with or enlarges the scope of discovery under the applicable Federal Rules of Civil Procedure.

**GENERAL OBJECTION 10:**

Defendant objects to each interrogatory to the extent it seeks information or documents regarding the identity of facts known or opinions held by non-testifying experts retained by Plaintiff in anticipation of litigation in violation of the applicable Rules of Civil Procedure.

Each of Defendant's General Objections is incorporated in each individual response as if fully stated therein, and each answer is made subject to these General Objections.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Within the limitations set forth above, Defendant responds to Plaintiff's Interrogatories as follows:

**INTERROGATORY NO. 1**:

Identify by make, model and serial number, all computers used by Defendant at any time from January 1, 2016 to the present. For each such computer identified, state the current address and location of each such computer.

**ANSWER TO INTERROGATORY NO. 1**:

Cannata objects to this Interrogatory on the basis that (i) it seeks the disclosure of information already in the possession of HPT or readily available to HPT, (ii) it seeks the disclosure of information that is not relevant to any claim or defense at issue in this action, (iii) it imposes an undue burden on Cannata, and (iv) it is vague as to the terms "computer" and "used." Without waiving any objection, Cannata responds as follows: To the extent information concerning the make, model, or serial number of computers used by Cannata since January 1, 2016 is available to Cannata, he will supplement this answer to provide such information.

**INTERROGATORY NO. 2**:

Identify all Documents (including but not limited to electronically stored information) which evidence, refer or relate to HPT's source code, software, programming, products and/or credits which have been in Your possession, custody or control at any time on or after October 21, 2016.

**ANSWER TO INTERROGATORY NO. 2**:

Cannata objects to this Interrogatory on the basis that (i) it imposes an undue burden on Cannata, and (ii) it is vague as to the terms "evidence, refer or relate" and "HPT's source code, software, programming, products and/or credits." Without waiving any objection, Cannata responds as follows: Cannata has in his possession an administrative version of HPT's VCM Suite software. To the best of Cannata's knowledge and recollection, all confidential or proprietary information and documents of HPT in Cannata's possession were deleted or returned to HPT upon the sale of Cannata's ownership interest in HPT.

**INTERROGATORY NO. 3**:

Identify all Documents (including but not limited to electronically stored information) which evidence refer or relate to HPT's interfaces, source code, designs, schematics, program files, software, firmware or other intellectual property of HPT which have been in Your possession, custody or control at any time on or after October 21, 2016.

**ANSWER TO INTERROGATORY NO. 3**:

Cannata objects to this Interrogatory on the basis that (i) it imposes an undue burden on Cannata, and (ii) it is vague as to the terms "evidence refer or relate" and "HPT's interfaces, source code, designs, schematics, program files, software, firmware or other intellectual property of HPT." Without waiving any objection, Cannata responds as follows: Cannata has in his possession an administrative version of HPT's VCM Suite software. To the best of Cannata's knowledge and recollection, all confidential or proprietary information and documents of HPT in Cannata's possession were deleted or returned to HPT upon the sale of Cannata's ownership interest in HPT.

**INTERROGATORY NO. 4**:

Identify all Documents (including but not limited to electronically stored information) relating to HPT's MPVI which have been in Your possession, custody or control at any time on or after October 21, 2016.

**ANSWER TO INTERROGATORY NO. 4**:

Cannata objects to this Interrogatory on the basis that (i) it imposes an undue burden on Cannata, and (ii) it is vague as to the term "relating to HPT's MPVI." Without waiving any objection, Cannata responds as follows: Cannata has in his possession an administrative version of HPT's VCM Suite software. To the best of Cannata's knowledge and recollection, all confidential or proprietary information and documents of HPT in Cannata's possession were deleted or returned to HPT upon the sale of Cannata's ownership interest in HPT.

**INTERROGATORY NO. 5**:

State all email addresses You have used to send email communications to Kevin Sykes-Bonnett at any time since January 1, 2016.

. . .

1 **ANSWER TO INTERROGATORY NO. 5**:

2 Without waiving any objection, Cannata responds as follows: To the best of Cannata's
3 knowledge and recollection, the email addresses Cannata used to communication with Kevin
4 Sykes-Bonnett after January 1, 2016 include ken_cannata@att.net, ken_cannata@charter.net, and,
5 possibly, ken@hptuners.com.

6 **INTERROGATORY NO. 6**:

7 List all payments you have received from Kevin Sykes-Bonnett, John Martinson or Syked
8 ECU Tuning, Inc. at any time since January 1, 2016 including the date and amount of each payment
9 and describe the service performed for each such payment.

10 **ANSWER TO INTERROGATORY NO. 6**:

11 Without waiving any objection, Cannata responds as follows: To the best of Cannata's
12 knowledge and recollection, he has not received any payment in any material amount from either
13 Kevin Sykes-Bonnett, John Martinson, or Syked ECU Tuning, Inc. at any time since January 1,
14 2016.

15 **INTERROGATORY NO. 7**:

16 List all internet service providers you have used for each of Your residences at any time
17 since January 1, 2016, including the time period of service for each such internet service provider.

18 **ANSWER TO INTERROGATORY NO. 7**:

19 Cannata objects to this Interrogatory on the basis that (i) it imposes an undue burden on
20 Cannata, and (ii) it seeks the disclosure of information that is not relevant to any claim or defense
21 at issue in this action. Without waiving any objection, Cannata responds as follows: To the best
22 of Cannata's knowledge and recollection internet service providers he has used since January 1,
23 2016 include Time Warner Cable (termination date to be provided in supplemental response),
24 AT&T (terminated May 2018), Charter Communications (May 2018 to present).

25 **INTERROGATORY NO. 8**:

26 State the name, state of incorporation or organization, date of incorporation or organization
27 and all shareholders or members (including the percentages of ownership) of any non-public

28

company, corporation or entity in which you have held an ownership interest at any time since October 21, 2016.

**ANSWER TO INTERROGATORY NO. 8**:

Cannata objects to this Interrogatory on the basis that it seeks the disclosure of information that is not relevant to any claim or defense at issue in this action.  Without waiving any objection, Cannata responds as follows: Cannata owns 100% of KJC Communications, LLC, which was registered as a Nevada partnership on or about October 1, 2018.

**INTERROGATORY NO. 9**:

If any of the responses to Plaintiff's Requests for Admission are anything other than an unqualified admission, describe the complete factual basis for Defendant's response.

**ANSWER TO INTERROGATORY NO. 9**:

Cannata objects to this Interrogatory on the basis that it imposes an undue burden on Cannata.  Without waiving any objection, Cannata responds as follows: The factual basis for each of Cannata's responses to HPT's Requests for Admission are set forth in detail within such responses.

DATED this 14th day of June, 2019.

                KOLESAR & LEATHAM

By /s/ *Bart K. Larsen, Esq.*
    BART K. LARSEN, ESQ.
    Nevada Bar No. 8538
    400 South Rampart Boulevard, Suite 400
    Las Vegas, Nevada  89145

    Attorneys for Defendant
    KENNETH CANNATA

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## **VERIFICATION**

I, Kenneth Cannata**,** have read the entirety of the foregoing responses to Plaintiff HP Tuner, LLC's First Set of Interrogatories, and I hereby verify that such responses are true and correct to the best of my knowledge, information, and belief.

Dated _____, 2019.

_____
KENNETH CANNATA

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472


# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 14th day of June, 2019, I caused to be served a true and correct copy of foregoing **DEFENDANT CANNATA'S ANSWERS AND OBJECTIONS TO PLAINTIFF HP TUNER, LLC'S FIRST SET OF INTERROGATORIES** in the following manner:

(ELECTRONIC SERVICE)   The above-referenced document was electronically mailed on the date hereof to the following parties:

Andrew P. Bleiman, Esq.
MARKS & KLEIN
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Email:  andrew@marksklein.com

*Attorneys for Plaintiff*
*HP TUNERS, LLC*

Cecilia Lee, Esq.
Elizabeth High, Esq.
LEE HIGHT, LTD
499 West Plumb Lane, Suite 201
Reno, Nevada 89509
Email:  c.lee@lee-high.com
        e.high@lee-high.com

*Attorneys for Plaintiff*
*HP TUNERS, LLC*

/s/ Mary A. Barnes
An Employee of KOLESAR & LEATHAM