# EXHIBIT D
## to <u>Plaintiff's Motion for Sanctions</u>

## Defendant's Response to Plaintiff HP Tuners, LLC's First Set of Requests for Production

1  BART K. LARSEN, ESQ.
   Nevada Bar No. 8538
2  KOLESAR & LEATHAM
   400 South Rampart Boulevard, Suite 400
3  Las Vegas, Nevada  89145
   Telephone:  (702) 362-7800
4  Facsimile:  (702) 362-9472
   E-Mail:     blarsen@klnevada.com
5
   Attorneys for Defendant
6  KENNETH CANNATA

7              UNITED STATES DISTRICT COURT

8              DISTRICT OF NEVADA

9                     * * *

10 HP TUNERS, LLC,,                    CASE NO. 3:18-cv-00527-LRH-WGC

11                Plaintiff,

12      vs.

13 KENNETH CANNATA,

14                Defendant.

15

16       DEFENDANT'S RESPONSE TO PLAINTIFF HP TUNERS, LLC'S
              FIRST SET OF REQUESTS FOR PRODUCTION
17
18       Defendant Kenneth Cannata ("Cannata" or "Defendant"), by and through his attorneys,

19 KOLESAR & LEATHAM hereby submit his responses to Plaintiff HP Tuners, LLC's ("HPT")

20 First Set of Requests for Production to Defendant pursuant to Rule 34 of the Federal Rules of

21 Civil Procedure, as follows:

22       GENERAL OBJECTIONS AND STATEMENTS WITH RESPECT TO
              PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENT
23
24       A statement herein that documents will be produced is a representation of Defendant's

25 willingness to produce such documents if they exist and can be located by a reasonable, good faith

26 effort and is not a representation that the documents, in fact, exist. Defendant reserves the right to

27 object to the use of information produced in response to these Requests for any purpose, in this or

28 any other proceeding, action, or matter; to object to the admissibility at trial of any information

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  produced in response to these Requests, including without limitation, all objections on the grounds

2  that such information is not relevant to the subject matter involved in the action or to the claims or

3  defenses of any party. Where Defendant agrees to produce certain documents, the documents will

4  be made available for inspection and copying at the offices of Defendant's counsel of record or a

5  location otherwise mutually agreed upon by the parties.  Defendant expressly reserves the right to

6  supplement its responses after the date hereof, if necessary or appropriate.

7       In the interest of economy of time and clarity, Defendant will state at the outset, in separate

8  numbered paragraphs, its objections to the scope of Plaintiff's Requests for Production.

9  **GENERAL OBJECTION 1:**

10      Defendant objects to any definitions and instructions to the extent they are vague,

11  ambiguous, overly broad, and unduly burdensome, exceed the usual and ordinary meaning of the

12  words defined therein and are beyond the permissible scope of discovery as set forth in the

13  applicable Federal Rules of Civil Procedure. Defendant will define the referenced words with

14  their usual and customary meaning and/or in accordance with the applicable Federal Rules of

15  Civil Procedure.

16  **GENERAL OBJECTION 2:**

17      Defendant objects to each request, or portion thereof, in which Plaintiff has asked

18  Defendant to identify "each," "every," "any," or "all" person(s) or document(s) relating to a

19  specific subject matter on the grounds that it would be unduly burdensome for Defendant to

20  review every document in Defendant's possession.  Without waiving these objections, and in the

21  interest of minimizing controversy requiring the Court's attention, Defendant will respond to

22  such requests not otherwise objected to with information and/or documents located by a

23  reasonable, good faith effort.

24  **GENERAL OBJECTION 3:**

25      Defendant objects to each request to the extent that it seeks information protected from

26  discovery by the attorney-client privilege and/or the attorney work product, doctrine, or

27  information subject to protection as trial preparation material, or information protected from

28  discovery by any other applicable privileges, or information which is otherwise immune from

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   discovery.  Defendant will not produce any information or materials protected by the attorney-
2   client privilege, the work product doctrine or other available legal privileges or protections
3   against discovery.

4   **GENERAL OBJECTION 4:**

5   Defendant objects to each request to the extent that it is not limited to a relevant or
6   reasonable period of time or the time period at issue on the grounds that it is overly broad,
7   unduly burdensome, vague, ambiguous and harassing, in that it is neither relevant nor reasonable
8   calculated to lead to the discovery of admissible evidence.

9   **GENERAL OBJECTION 5:**

10  Defendant objects to each request to the extent it calls for information or documents
11  already in the public domain, already in Plaintiff's possession, custody or control, or equally
12  available to Plaintiff.

13  **GENERAL OBJECTION 6:**

14  Defendant objects to each request that seeks information that is either irrelevant to this
15  action or not reasonably calculated to lead to the discovery of admissible evidence. Without
16  waiving this objection, Defendant will respond to such requests to the extent that Plaintiff seek
17  relevant information or information reasonably calculated to lead to the discovery of admissible
18  evidence.

19  **GENERAL OBJECTION 7:**

20  Defendant objects to each request, or portion thereof, that is overbroad, unduly
21  burdensome, harassing, unreasonably cumulative or duplicative, or is obtainable from some other
22  source that is more convenient, less burdensome, or less expensive.

23  **GENERAL OBJECTION 8:**

24  Defendant objects to each request to the extent it seeks discovery that is inconsistent with
25  or enlarges the scope of discovery under the applicable Federal Rules of Civil Procedure.

26  Each of Defendant's General Objections is incorporated in each individual response
27  below as if fully stated therein, and each response is made subject to these General Objections.

28

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3157631 (9665-2)

1    **RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

2    Within the limitations set forth above, Defendant responds to Plaintiff's Requests for

3    Production as follows:

4    REQUEST NO. 1:

5    All Documents and Communications which evidence, refer or relate to HPT's source

6    code, software, programming, products and/or credits from January 1, 2016 to the present.

7    RESPONSE TO REQUEST NO. 1:

8    Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

9    documents requested and as to the terms "HPT's source code, software, programming, products

10   and/or credits," (ii) it is overly broad and lacks specificity as to the documents requested, (iii) it

11   imposes an undue burden on Cannata to search for documents that are not identified in

12   reasonable detail, (iv) it seeks the production of documents already in the possession of HPT or

13   equally available to HPT, (v) it seeks the production of documents that are not relevant to any

14   claim or defense at issue in this action, and (vi) it is an interrogatory intentionally disguised as a

15   request for production in order to avoid the limit on interrogatories under Fed. R. Civ. P. 33.

16   Cannata further objects to this Request to the extent that it seeks the production of any document

17   protected by attorney-client, work product, or other applicable privilege.

18   Without waiving any objection Cannata responds as follows: To the best of his

19   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

20   documents responsive to this Request.

21   REQUEST NO. 2:

22   All HPT interfaces, source code, designs, schematics, program files, software, firmware

23   or other intellectual property of HPT in your possession, custody or control.

24   RESPONSE TO REQUEST NO. 2:

25   Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

26   documents requested and as to the terms "HPT interfaces, source code, designs, schematics,

27   program files, software, firmware or other intellectual property of HPT," (ii) it is overly broad

28   and lacks specificity as to the documents requested, (iii) it imposes an undue burden on Cannata

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    to produce documents that are not identified in reasonable detail, (iv) seeks the production of

2    documents already in the possession of HPT or equally available to HPT, (v) seeks the

3    production of documents that are not relevant to any claim or defense at issue in this action, and

4    (vi) it is an interrogatory intentionally disguised as a request for production in order to avoid the

5    limit on interrogatories under Fed. R. Civ. P. 33.  Cannata further objects to this Request to the

6    extent that it seeks the production of any document protected by attorney-client, work product, or

7    other applicable privilege.

8        Without waiving any objection Cannata responds as follows: To the best of his

9    knowledge, information, and belief, Cannata is not in possession, custody, or control of any

10    documents responsive to this Request.

11        REQUEST NO. 3:

12        All firmware and software source code relating to HPT's MPVI in your possession,

13    custody or control.

14        RESPONSE TO REQUEST NO. 3:

15        Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

16    documents requested and as to the terms "firmware and software source code relating to HPT's

17    MPVI," (ii) it is overly broad and lacks specificity as to the documents requested, (iii) it imposes

18    an undue burden on Cannata to produce documents that are not identified in reasonable detail,

19    (iv) it seeks the production of documents already in the possession of HPT or equally available to

20    HPT, (v) it seeks the production of documents that are not relevant to any claim or defense at

21    issue in this action, and (vi) it is an interrogatory intentionally disguised as a request for

22    production in order to avoid the limit on interrogatories under Fed. R. Civ. P. 33.  Cannata

23    further objects to this Request to the extent that it seeks the production of any document

24    protected by attorney-client, work product, or other applicable privilege.

25        Without waiving any objection Cannata responds as follows: To the best of his

26    knowledge, information, and belief, Cannata is not in possession, custody, or control of any

27    documents responsive to this Request.

28    . . .

REQUEST NO. 4:

All designs and schematics relating to HPT's MPVI in your possession, custody or control.

RESPONSE TO REQUEST NO. 4:

Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the documents requested and as to the terms "designs and schematics relating to HPT's MPVI," (ii) it is overly broad and lacks specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to produce documents that are not identified in reasonable detail, (iv) it seeks the production of documents already in the possession of HPT or equally available to HPT, (v) it seeks the production of documents that are not relevant to any claim or defense at issue in this action, and (vi) it is an interrogatory intentionally disguised as a request for production in order to avoid the limit on interrogatories under Fed. R. Civ. P. 33. Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.

Without waiving any objection Cannata responds as follows: To the best of his knowledge, information, and belief, Cannata is not in possession, custody, or control of any documents responsive to this Request.

REQUEST NO. 5:

All hardware programming devices and programming device software in your possession, custody or control.

RESPONSE TO REQUEST NO. 5:

Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the documents requested and as to the terms "hardware programming devices and programming device software," (ii) it is overly broad and lacks specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to produce documents or other items that are not identified in reasonable detail, (iv) it seeks the production of documents that are not relevant to any claim or defense at issue in this action, and (v) it is an interrogatory intentionally disguised as a request for production in order to avoid the limit on interrogatories under Fed. R. Civ. P. 33. Cannata

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   further objects to this Request to the extent that it seeks the production of any document

2   protected by attorney-client, work product, or other applicable privilege and to the extent it seeks

3   the production of trade secrets or other confidential or proprietary information.

4         Cannata cannot respond to this Request in its current form as it is unclear what

5   documents HPT has requested.  To the extent that HPT can clarify this Request, Cannata will

6   attempt to respond to this Request in Good Faith.

7         REQUEST NO. 6:

8         All hardware design, layout and schematic creation software and license information of

9   HPT, or that was purchased by HPT in your possession, custody or control.

10        RESPONSE TO REQUEST NO. 6:

11        Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

12  documents requested and as to the terms "hardware design, layout and schematic creation

13  software and license information of HPT," (ii) it is overly broad and lacks specificity as to the

14  documents requested, (iii) it imposes an undue burden on Cannata to produce documents that are

15  not identified in reasonable detail, (iv) it seeks the production of documents already in the

16  possession of HPT or equally available to HPT, (v) it seeks the production of documents that are

17  not relevant to any claim or defense at issue in this action, and (vi) it is an interrogatory

18  intentionally disguised as a request for production in order to avoid the limit on interrogatories

19  under Fed. R. Civ. P. 33.  Cannata further objects to this Request to the extent that it seeks the

20  production of any document protected by attorney-client, work product, or other applicable

21  privilege.

22        Without waiving any objection Cannata responds as follows: To the best of his

23  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

24  documents responsive to this Request.

25        REQUEST NO. 7:

26        All phones, laptops or other personal devices (including any storage devices) and any

27  computer hardware, monitors and other peripherals in your possession, custody or control, or

28  which you have used at any time since January 1, 2016.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

RESPONSE TO REQUEST NO. 7:

Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents or other items that are not identified in reasonable detail, (iii) it seeks the production of documents or other items that are not relevant to any claim or defense at issue in this action, (iv) HPT has made no attempt to reasonably limit or narrow the scope of this Request, (v) it constitutes a gross, unnecessary invasion of Cannata's rights to privacy, (v) would require the disclosure of trade secrets or other confidential or proprietary information belonging to Cannata, (vi) would require the disclosure of confidential personal information concerning Cannata's financial affairs, his business associates, friends, and family members, including his wife and minor children, and his communications with other third parties that are in no way related to any claim or defense at issue in this action, and (vii) would require the disclosure of confidential and privileged communications between Cannata and his attorneys.

Without waiving any objection Cannata responds as follows: To the extent that the parties are able to reach an agreement to reasonably limit the scope of this Request, Cannata will make certain computers and other electronic storage devices in his possession available for inspection by a third party agreeable to Cannata to determine at HPT's expense whether such devices contain confidential or proprietary information belonging to HPT that Cannata was required to delete or return to HPT pursuant to the Membership Interest Purchase Agreement dated October 20, 2016 as alleged in HPT's Complaint.

REQUEST NO. 8:

All Documents and Communications which evidence, refer or relate to any software, firmware and/or hardware source code, files, programs and/or code created, programmed, written or developed by You from January 1, 2016 to the present.

RESPONSE TO REQUEST NO. 8:

Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents or other items that are not identified in reasonable detail, (iii) it seeks the production of

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  documents that are not relevant to any claim or defense at issue in this action, (iv) it seeks the

2  production of trade secrets and other confidential and proprietary information belonging to

3  Cannata, and (v) it is intended only to abuse or harass Cannata.  Cannata further objects to this

4  Request to the extent that it seeks the production of any document protected by attorney-client,

5  work product, or other applicable privilege.

6  Without waiving any objection Cannata responds as follows: Documents responsive to

7  this Request are included within the documents produced herewith by Cannata and bates labeled

8  as CAN000001 – CAN000616.

9  REQUEST NO. 9:

10  All Documents and Communications, including but not limited to electronic mail

11  communications, Facebook messages and posts, direct messages or text messages, from January

12  1, 2016 to the present with:

13  (a)  Christopher Breton-Jean;

14  (b)  Kevin Sykes-Bonnett;

15  (c)  John Martinson;

16  (d)  Vladimir Kalinovsky; and

17  (e)  Any person identified by Defendant in Defendant's Initial Rule 26

18  Disclosures.

19  RESPONSE TO REQUEST NO. 9:

20  Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

21  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

22  or other items that are not identified in reasonable detail, (iii) it seeks the production of

23  documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

24  the production of trade secrets and other confidential and proprietary information belonging to

25  Cannata.  Cannata further objects to this Request to the extent that it seeks the production of any

26  document protected by attorney-client, work product, spousal or other applicable privilege.

27  Without waiving any objection Cannata responds as follows: To the extent that Cannata

28  is in possession of Documents responsive to this Request, such documents are included within

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  the documents produced herewith by Cannata and bates labeled as CAN000001 – CAN000616.

2  REQUEST NO. 10:

3  All Documents and Communications, including but not limited to electronic mail

4  communications, Facebook messages and posts, direct messages or text messages, from January

5  1, 2016 to the present with:

6  (a)  Keith Prociuk; and

7  (b)  Chris Piastri.

8  RESPONSE TO REQUEST NO. 10:

9  Cannata objects to this Request on the basis that (i) it seeks the production of documents

10  already in the possession of HPT or equally available to HPT and (ii) it seeks the production of

11  documents that are not relevant to any claim or defense at issue in this action.  Cannata further

12  objects to this Request to the extent that it seeks the production of any document protected by

13  attorney-client, work product, or other applicable privilege.

14  Without waiving any objection Cannata responds as follows:  To the extent that Cannata

15  is able to locate any documents responsive to this Request, such documents will be produced.

16  REQUEST NO. 11:

17  All Documents and Communications which evidence, refer or relate to the sale of HPT

18  credits or application keys from January 1, 2016 to the present.

19  RESPONSE TO REQUEST NO. 11:

20  Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

21  documents requested and as to the terms "the sale of HPT credits or application keys," (ii) it is

22  overly broad and lacks specificity as to the documents requested, and (iii) it imposes an undue

23  burden on Cannata to produce documents that are not identified in reasonable detail.  Cannata

24  further objects to this Request to the extent that it seeks the production of any document

25  protected by attorney-client, work product, or other applicable privilege.

26  Without waiving any objection Cannata responds as follows: To the best of his

27  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

28  documents responsive to this Request.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    REQUEST NO. 12:

2    All Documents and Communications which evidence, refer or relate to generation,

3    creation or distribution of application keys relating to HPT's interfaces since January 1, 2016.

4    RESPONSE TO REQUEST NO. 12:

5    Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

6    documents requested and as to the terms "generation, creation or distribution of application keys

7    relating to HPT's interfaces," (ii) it is overly broad and lacks specificity as to the documents

8    requested, (iii) it imposes an undue burden on Cannata to produce documents that are not

9    identified in reasonable detail, and (iv) seeks the production of documents that are already in the

10   possession of HPT or equally available to HPT.  Cannata further objects to this Request to the

11   extent that it seeks the production of any document protected by attorney-client, work product, or

12   other applicable privilege.

13   Without waiving any objection Cannata responds as follows: To the best of his

14   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

15   documents responsive to this Request.

16   REQUEST NO. 13:

17   All Documents and Communications which evidence, refer or relate to the sale of HPT

18   interfaces from January 1, 2016 to the present.

19   RESPONSE TO REQUEST NO. 13:

20   Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

21   documents requested and as to the term "sale of HPT interfaces," (ii) it is overly broad and lacks

22   specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to produce

23   documents that are not identified in reasonable detail, and (iv) seeks the production of documents

24   that are already in the possession of HPT or equally available to HPT.  Cannata further objects to

25   this Request to the extent that it seeks the production of any document protected by attorney-

26   client, work product, or other applicable privilege.

27   Without waiving any objection Cannata responds as follows: To the best of his

28   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    documents responsive to this Request.

2            REQUEST NO. 14:

3            All Documents and Communications which evidence, refer or relate to the duplication or

4    cloning of HPT interfaces from January 1, 2016 to the present.

5            RESPONSE TO REQUEST NO. 14:

6            Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

7    documents requested and as to the terms "duplication or cloning of HPT interfaces," (ii) it is

8    overly broad and lacks specificity as to the documents requested, (iii) it imposes an undue burden

9    on Cannata to produce documents that are not identified in reasonable detail, and (iv) seeks the

10   production of documents that are already in the possession of HPT or equally available to HPT.

11   Cannata further objects to this Request to the extent that it seeks the production of any document

12   protected by attorney-client, work product, or other applicable privilege.

13           Without waiving any objection Cannata responds as follows: To the best of his

14   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

15   documents responsive to this Request.

16           REQUEST NO. 15:

17           All Documents and Communications which evidence, refer or relate to Defendants'

18   removal of licensing restrictions from HPT's VCM Suite Software from January 1, 2016 to the

19   present.

20           RESPONSE TO REQUEST NO. 15:

21           Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

22   documents requested and as to the terms "Defendants' removal of licensing restrictions from

23   HPT's VCM Suite Software," (ii) it is overly broad and lacks specificity as to the documents

24   requested, and (iii) it imposes an undue burden on Cannata to produce documents that are not

25   identified in reasonable detail.  Cannata further objects to this Request to the extent that it seeks

26   the production of any document protected by attorney-client, work product, or other applicable

27   privilege.

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   Without waiving any objection Cannata responds as follows: To the best of his

2   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

3   documents responsive to this Request.

4       REQUEST NO. 16:

5       All Documents and Communications which evidence, refer or relate to HPT's VCM

6   Suite Software from January 1, 2016 to the present.

7       RESPONSE TO REQUEST NO. 16:

8       Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

9   documents requested, (ii) it is overly broad and lacks specificity as to the documents requested,

10  and (iii) it imposes an undue burden on Cannata to produce documents that are not identified in

11  reasonable detail.   Cannata further objects to this Request to the extent that it seeks the

12  production of any document protected by attorney-client, work product, or other applicable

13  privilege.

14      Without waiving any objection Cannata responds as follows: To the best of his

15  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

16  documents responsive to this Request.

17      REQUEST NO. 17:

18      All Documents and Communications which evidence, refer or relate to the PayPal

19  accounting using the discounthptunercredits@mail.com email address.

20      RESPONSE TO REQUEST NO. 17:

21      Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

22  documents requested, (ii) it is overly broad, and (iii) it imposes an undue burden on Cannata to

23  produce documents that are not identified in reasonable detail.  Cannata further objects to this

24  Request to the extent that it seeks the production of any document protected by attorney-client,

25  work product, or other applicable privilege.

26      Without waiving any objection Cannata responds as follows: To the best of his

27  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

28  documents responsive to this Request.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   REQUEST NO. 18:

2   All Documents and Communications sent to or received by the

3   discounthptunercredits@mail.com email address.

4   RESPONSE TO REQUEST NO. 18:

5   Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

documents requested, (ii) it is overly broad, and (iii) it imposes an undue burden on Cannata to

produce documents that are not identified in reasonable detail.  Cannata further objects to this

Request to the extent that it seeks the production of any document protected by attorney-client,

work product, or other applicable privilege.

10   Without waiving any objection Cannata responds as follows: To the best of his

knowledge, information, and belief, Cannata is not in possession, custody, or control of any

documents responsive to this Request.

13   REQUEST NO. 19:

14   All Documents and Communications which evidence, refer or relate to decompiling,

deconstructing, or otherwise reverse engineering any software owned by or pertaining to HPT.

16   RESPONSE TO REQUEST NO. 19:

17   Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

documents requested and as to the terms "decompiling, deconstructing, or otherwise reverse

engineering," (ii) it is overly broad and lacks specificity as to the documents requested, and (iii)

it imposes an undue burden on Cannata to produce documents that are not identified in

reasonable detail.  Cannata further objects to this Request to the extent that it seeks the

production of any document protected by attorney-client, work product, or other applicable

privilege.

24   Without waiving any objection Cannata responds as follows: To the best of his

knowledge, information, and belief, Cannata is not in possession, custody, or control of any

documents responsive to this Request.

27   . . .

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

REQUEST NO. 20:

All Documents and Communications which evidence, refer or relate to Syked ECU Tuning, Inc. tuning software.

RESPONSE TO REQUEST NO. 20:

Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents or other items that are not identified in reasonable detail, (iii) it seeks the production of documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks the production of trade secrets and other confidential and proprietary information belonging to Cannata or others.   Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, spousal or other applicable privilege.

Without waiving any objection Cannata responds as follows: Documents responsive to this Request are included within the documents produced herewith by Cannata and bates labeled as CAN000001 – CAN000616.

REQUEST NO. 21:

All Documents and Communications which evidence, refer or relate to the Syked Eliminator Cable.

RESPONSE TO REQUEST NO. 21:

Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents or other items that are not identified in reasonable detail, (iii) it seeks the production of documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks the production of trade secrets and other confidential and proprietary information belonging to Cannata or others.   Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, spousal or other applicable privilege.

. . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    Without waiving any objection Cannata responds as follows: Documents responsive to

2    this Request are included within the documents produced herewith by Cannata and bates labeled

3    as CAN000001 – CAN000616.

4    REQUEST NO. 22:

5    All Documents and Communications which evidence, refer or relate to any hardware

6    device developed for use with Syked ECU Tuning, Inc.'s software.

7    RESPONSE TO REQUEST NO. 22:

8    Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

9    as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

10   or other items that are not identified in reasonable detail, (iii) it seeks the production of

11   documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

12   the production of trade secrets and other confidential and proprietary information belonging to

13   Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

14   production of any document protected by attorney-client, work product, spousal or other

15   applicable privilege.

16   Without waiving any objection Cannata responds as follows: Documents responsive to

17   this Request are included within the documents produced herewith by Cannata and bates labeled

18   as CAN000001 – CAN000616.

19   REQUEST NO. 23:

20   All hardware schematics of Defendant's hardware for any device or component

21   developed for use with Syked ECU Tuning Inc.'s software.

22   RESPONSE TO REQUEST NO. 23:

23   Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

24   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

25   or other items that are not identified in reasonable detail, (iii) it seeks the production of

26   documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

27   the production of trade secrets and other confidential and proprietary information belonging to

28   Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    production of any document protected by attorney-client, work product, spousal or other

2    applicable privilege.

3        Without waiving any objection Cannata responds as follows: Documents responsive to

4    this Request are included within the documents produced herewith by Cannata and bates labeled

5    as CAN000001 – CAN000616.

6        REQUEST NO. 24:

7        All versions of any cable or hardware device developed for use with Syked ECU Tuning,

8    Inc.'s software.

9        RESPONSE TO REQUEST NO. 24:

10       Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

11   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

12   or other items that are not identified in reasonable detail, (iii) it seeks the production of

13   documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

14   the production of trade secrets and other confidential and proprietary information belonging to

15   Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

16   production of any document protected by attorney-client, work product, or other applicable

17   privilege.

18       Without waiving any objection Cannata responds as follows: To the extent that the

19   parties are able to reach an agreement to reasonably limit the scope of this Request, Cannata will

20   make certain hardware devices in his possession available for inspection by a third party

21   agreeable to Cannata to determine at HPT's expense whether such devices contain or include

22   confidential or proprietary information or technology belonging to HPT.

23       REQUEST NO. 25:

24       All Documents, materials or other documentation used by, referenced or otherwise relied

25   upon by Defendant to develop any hardware device since January 1, 2016.

26       RESPONSE TO REQUEST NO. 25:

27       Cannata objects to this Request on the basis that (i) it is vague as to the terms "used" and

28   "relied upon," (ii) it is overly broad and lacks specificity as to the documents requested, (iii) it

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  imposes an undue burden on Cannata to produce documents or other items that are not identified

2  in reasonable detail, (iv) it seeks the production of documents that are not relevant to any claim

3  or defense at issue in this action, and (iv) it seeks the production of trade secrets and other

4  confidential and proprietary information belonging to Cannata.  Cannata further objects to this

5  Request to the extent that it seeks the production of any document protected by attorney-client,

6  work product, or other applicable privilege.

7      Cannata cannot respond to this Request in its current form as it is unclear what

8  documents HPT has requested.  To the extent that HPT can clarify this Request, Cannata will

9  attempt to respond in Good Faith.

10     REQUEST NO. 26:

11     All Documents and Communications which evidence, refer or relate to the sale of any

12  hardware device to any third party since January 1, 2016.

13     RESPONSE TO REQUEST NO. 26:

14     Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

15  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

16  or other items that are not identified in reasonable detail, (iii) it seeks the production of

17  documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

18  the production of trade secrets and other confidential and proprietary information belonging to

19  Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

20  production of any document protected by attorney-client, work product, or other applicable

21  privilege.

22     Cannata cannot respond to this Request in its current form as it is unclear what

23  documents HPT has requested.  To the extent that HPT can clarify this Request, Cannata will

24  attempt to respond in Good Faith.

25     REQUEST NO. 27:

26     All shareholders or operating agreements, corporate records, meeting minutes, bylaws,

27  shareholder lists, share purchase and/or sale agreements and resolutions, including any

28  amendments or addenda thereto, of KJC LLC since January 1, 2016.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  RESPONSE TO REQUEST NO. 27:

2  Cannata objects to this Request on the basis that (i) it is overly broad, (ii) it imposes an

3  undue burden on Cannata to produce documents or other items that are not identified in

4  reasonable detail, (iii) it seeks the production of documents that are not relevant to any claim or

5  defense at issue in this action, (v) it vague as to the term "KJC LLC," and (v) it seeks the

6  production of trade secrets and other confidential and proprietary information belonging to

7  Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

8  production of any document protected by attorney-client, work product, or other applicable

9  privilege.

10  Without waiving any objection Cannata responds as follows: To the best of his

11  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

12  documents responsive to this Request.

13  REQUEST NO. 28:

14  All records which evidence, refer or relate to any Team Viewer session with Kevin

15  Sykes-Bonnett since January 2, 2016.

16  RESPONSE TO REQUEST NO. 28:

17  Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

18  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

19  or other items that are not identified in reasonable detail, (iii) it seeks the production of

20  documents that are not relevant to any claim or defense at issue in this action, and (iv) it seeks

21  the production of trade secrets and other confidential and proprietary information belonging to

22  Cannata or others.  Cannata further objects to this Request to the extent that it seeks the

23  production of any document protected by attorney-client, work product, or other applicable

24  privilege.

25  Without waiving any objection Cannata responds as follows: To the best of his

26  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

27  documents responsive to this Request.

28  . . .

3157631 (9665-2)

1   REQUEST NO. 29:

2   All Documents, including electronic files, on any computer or device of any Defendant,

3   which evidences, refers or relates to any folder named "Firmware."

4   RESPONSE TO REQUEST NO. 29:

5   Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

6   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

7   or other items that are not identified in reasonable detail, and (iii) it seeks the production of

8   documents that are not relevant to any claim or defense at issue in this action.  Cannata further

9   objects to this Request to the extent that it seeks the production of any document protected by

10  attorney-client, work product, or other applicable privilege and to the extent it seeks the

11  production of trade secrets and other confidential and proprietary information.

12  Without waiving any objection Cannata responds as follows: To the best of his

13  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

14  documents responsive to this Request.

15  REQUEST NO. 30:

16  All Documents, including electronic files, on any computer or device of any Defendant,

17  which evidences, refers or relates to any folder named "Firmware Hack."

18  RESPONSE TO REQUEST NO. 30:

19  Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

20  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

21  or other items that are not identified in reasonable detail, and (iii) it seeks the production of

22  documents that are not relevant to any claim or defense at issue in this action.  Cannata further

23  objects to this Request to the extent that it seeks the production of any document protected by

24  attorney-client, work product, or other applicable privilege.

25  Without waiving any objection Cannata responds as follows: To the best of his

26  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

27  documents responsive to this Request.

28  . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    REQUEST NO. 31:

2        All Documents, including electronic files, on any computer or device of any Defendant,

3    which evidences, refers or relates to any folder named "HP Tuners Decryptor."

4        RESPONSE TO REQUEST NO. 31:

5        Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

6    as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

7    or other items that are not identified in reasonable detail, and (iii) it seeks the production of

8    documents that are not relevant to any claim or defense at issue in this action.  Cannata further

9    objects to this Request to the extent that it seeks the production of any document protected by

10   attorney-client, work product, or other applicable privilege.

11       Without waiving any objection Cannata responds as follows: To the best of his

12   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

13   documents responsive to this Request.

14       REQUEST NO. 32:

15       All Documents, including electronic files, on any computer or device of any Defendant,

16   which evidences, refers or relates to any folder named "HPT Coned Cable."

17       RESPONSE TO REQUEST NO. 32:

18       Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

19   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

20   or other items that are not identified in reasonable detail, and (iii) it seeks the production of

21   documents that are not relevant to any claim or defense at issue in this action.  Cannata further

22   objects to this Request to the extent that it seeks the production of any document protected by

23   attorney-client, work product, or other applicable privilege.

24       Without waiving any objection Cannata responds as follows: To the best of his

25   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

26   documents responsive to this Request.

27   . . .

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3157631 (9665-2)

1  REQUEST NO. 33:

2      All Documents, including electronic files, on any computer or device of any Defendant,

3  which evidences, refers or relates to any folder named "HPT Cracked software."

4      RESPONSE TO REQUEST NO. 33:

5      Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

6  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

7  or other items that are not identified in reasonable detail, and (iii) it seeks the production of

8  documents that are not relevant to any claim or defense at issue in this action.  Cannata further

9  objects to this Request to the extent that it seeks the production of any document protected by

10  attorney-client, work product, or other applicable privilege.

11      Without waiving any objection Cannata responds as follows: To the best of his

12  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

13  documents responsive to this Request.

14      REQUEST NO. 34:

15      All Documents, including electronic files, on any computer or device of any Defendant,

16  which evidences, refers or relates to any folder named "HPT Resources DB2_26_2017."

17      RESPONSE TO REQUEST NO. 34:

18      Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

19  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

20  or other items that are not identified in reasonable detail, and (iii) it seeks the production of

21  documents that are not relevant to any claim or defense at issue in this action.  Cannata further

22  objects to this Request to the extent that it seeks the production of any document protected by

23  attorney-client, work product, or other applicable privilege.

24      Without waiving any objection Cannata responds as follows: To the best of his

25  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

26  documents responsive to this Request.

27  . . .

28  . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3157631 (9665-2)

1   REQUEST NO. 35:

2   All Documents, including electronic files, on any computer or device of any Defendant,

3   which evidences, refers or relates to any folder named "KeyGenWindows."

4   RESPONSE TO REQUEST NO. 35:

5   Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

6   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

7   or other items that are not identified in reasonable detail, and (iii) it seeks the production of

8   documents that are not relevant to any claim or defense at issue in this action.  Cannata further

9   objects to this Request to the extent that it seeks the production of any document protected by

10  attorney-client, work product, or other applicable privilege.

11  Without waiving any objection Cannata responds as follows: To the best of his

12  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

13  documents responsive to this Request.

14  REQUEST NO. 36:

15  All Documents, including electronic files, on any computer or device of any Defendant,

16  which evidences, refers or relates to any folder named "License."

17  RESPONSE TO REQUEST NO. 36:

18  Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

19  as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

20  or other items that are not identified in reasonable detail, and (iii) it seeks the production of

21  documents that are not relevant to any claim or defense at issue in this action.  Cannata further

22  objects to this Request to the extent that it seeks the production of any document protected by

23  attorney-client, work product, or other applicable privilege.

24  Without waiving any objection Cannata responds as follows: To the best of his

25  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

26  documents responsive to this Request.

27  . . .

28  . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    REQUEST NO. 37:

2         All Documents, including electronic files, on any computer or device of any Defendant,

3    which evidences, refers or relates to any folder named ":Lic Transfer."

4         RESPONSE TO REQUEST NO. 37:

5         Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

6    as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

7    or other items that are not identified in reasonable detail, and (iii) it seeks the production of

8    documents that are not relevant to any claim or defense at issue in this action.  Cannata further

9    objects to this Request to the extent that it seeks the production of any document protected by

10   attorney-client, work product, or other applicable privilege.

11        Without waiving any objection Cannata responds as follows: To the best of his

12   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

13   documents responsive to this Request.

14        REQUEST NO. 38:

15        All Documents, including electronic files, on any computer or device of any Defendant,

16   which evidences, refers or relates to any folder named "VCM."

17        RESPONSE TO REQUEST NO. 38:

18        Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

19   as to the documents requested, (ii) it imposes an undue burden on Cannata to produce documents

20   or other items that are not identified in reasonable detail, and (iii) it seeks the production of

21   documents that are not relevant to any claim or defense at issue in this action.  Cannata further

22   objects to this Request to the extent that it seeks the production of any document protected by

23   attorney-client, work product, or other applicable privilege.

24        Without waiving any objection Cannata responds as follows: To the best of his

25   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

26   documents responsive to this Request.

27   . . .

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  REQUEST NO. 39:

2  All Documents and communications which evidence, refer or related to MPVI.

3  RESPONSE TO REQUEST NO. 39:

4  Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

5  documents requested and as to the term "MPVI," (ii) it is overly broad and lacks specificity as to

6  the documents requested, (iii) it imposes an undue burden on Cannata to search through

7  voluminous records in search of documents that are not identified in reasonable detail, (iv) it

8  seeks the production of documents already in the possession of HPT or equally available to HPT,

9  and (v) it seeks the production of documents that are not relevant to any claim or defense at issue

10  in this action.  Cannata further objects to this Request to the extent that it seeks the production of

11  any document protected by attorney-client, work product, or other applicable privilege.

12  Without waiving any objection Cannata responds as follows: To the best of his

13  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

14  documents responsive to this Request.

15  REQUEST NO. 40:

16  All Documents and Communications which evidence, refer or relate to any Key

17  Generation Tool.

18  RESPONSE TO REQUEST NO. 40:

19  Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

20  documents requested and as to the term "Key Generation Tool," (ii) it is overly broad and lacks

21  specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to search

22  through voluminous records in search of documents that are not identified in reasonable detail,

23  (iv) it seeks the production of documents already in the possession of HPT or equally available to

24  HPT, and (v) it seeks the production of documents that are not relevant to any claim or defense at

25  issue in this action.  Cannata further objects to this Request to the extent that it seeks the

26  production of any document protected by attorney-client, work product, or other applicable

27  privilege.

28  . . .

1    Without waiving any objection Cannata responds as follows: To the best of his

2  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

3  documents responsive to this Request.

4    REQUEST NO. 41:

5    All Documents and Communications which evidence, refer or relate to HPT's

6  PCM Tools Software.

7    RESPONSE TO REQUEST NO. 41:

8    Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

9  documents requested and as to the term "HPT's PCM Tools Software," (ii) it is overly broad and

10  lacks specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to

11  search for documents that are not identified in reasonable detail, (iv) it seeks the production of

12  documents already in the possession of HPT or equally available to HPT, and (v) it seeks the

13  production of documents that are not relevant to any claim or defense at issue in this action.

14  Cannata further objects to this Request to the extent that it seeks the production of any document

15  protected by attorney-client, work product, or other applicable privilege.

16    Without waiving any objection Cannata responds as follows: To the best of his

17  knowledge, information, and belief, Cannata is not in possession, custody, or control of any

18  documents responsive to this Request.

19    REQUEST NO. 42:

20    All Documents and Communications which evidence, refer or relate to HPT's PCM

21  Harness.

22    RESPONSE TO REQUEST NO. 42:

23    Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

24  documents requested and as to the term "HPT's PCM Harness," (ii) it is overly broad and lacks

25  specificity as to the documents requested, (iii) it imposes an undue burden on Cannata to search

26  for documents that are not identified in reasonable detail, (iv) it seeks the production of

27  documents already in the possession of HPT or equally available to HPT, and (v) it seeks the

28  production of documents that are not relevant or material to any claim or defense at issue in this

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    action. Cannata further objects to this Request to the extent that it seeks the production of any

2    document protected by attorney-client, work product, or other applicable privilege.

3          Without waiving any objection Cannata responds as follows: To the best of his

4    knowledge, information, and belief, Cannata is not in possession, custody, or control of any

5    documents responsive to this Request.

6          REQUEST NO. 43:

7          All Documents which evidence, refer or relate to payments made, compensation paid or

8    remuneration provided to KJC LLC since January 1, 2016.

9          RESPONSE TO REQUEST NO. 43:

10         Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

11   documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an

12   undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv)

13   it seeks the production of documents that are not relevant or material to any claim or defense at

14   issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of

15   proprietary and confidential personal financial records that are protected against disclosure under

16   applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

17   (vii) HPT has made no effort to reasonably narrow or limit the scope of this Request. "[D]ue to

18   privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial

19   information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

20   Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of

21   Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994). Cannata further objects to this

22   Request to the extent that it seeks the production of any document protected by attorney-client,

23   work product, or other applicable privilege.

24         Without waiving any objection Cannata responds as follows: To the best of his

25   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

26   documents responsive to this Request.

27   . . .

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    REQUEST NO. 44:

2    All Documents which evidence, refer or relate to payments made, compensation paid or

3    remuneration provided to Defendant by any third party since January 1, 2016.

4    RESPONSE TO REQUEST NO. 44:

5    Cannata objects to this Request on the basis that (i) it is overly broad, (ii) it seeks the

6    production of documents that are not relevant or material to any claim or defense at issue in this

7    action, (iii) it is intended only to harass Cannata, (iv) HPT has made no effort to reasonably limit

8    or narrow the scope of this Request, (v) it seeks the production of proprietary and confidential

9    personal financial records that are protected against disclosure under applicable law and are

10   outside the scope of permissible discovery under Fed. R. Civ. P. 26, and (vi) HPT has made no

11   effort to reasonably narrow or limit the scope of this Request.  "[D]ue to privacy concerns and

12   the potential for 'abuse and harassment,' a defendant's personal financial information can 'not be

13   had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D. Nev. May 13, 2011) (citing

14   *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519,

15   874 P.2d 762, 766 (Nev. 1994).  Cannata further objects to this Request to the extent that it seeks

16   the production of any document protected by attorney-client, work product, or other applicable

17   privilege.

18   REQUEST NO. 45:

19   All Documents which evidence, refer or relate to payments made, compensation paid or

20   remuneration provided to Defendant for any services provided to Syked ECU Tuning, Inc. since

21   January 1 2016.

22   RESPONSE TO REQUEST NO. 45:

23   Cannata objects to this Request on the basis that (i) it is overly broad, (ii) it seeks the

24   production of documents that are not relevant or material to any claim or defense at issue in this

25   action, (iii) it is intended only to harass Cannata, (iv) HPT has made no effort to reasonably limit

26   or narrow the scope of this Request, and (v) it seeks the production of proprietary and

27   confidential personal financial records that are protected against disclosure under applicable law

28   and are outside the scope of permissible discovery under Fed. R. Civ. P. 26.  "[D]ue to privacy

1   concerns and the potential for 'abuse and harassment,' a defendant's personal financial

2   information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

3   Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of*

4   *Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994). Cannata further objects to this

5   Request to the extent that it seeks the production of any document protected by attorney-client,

6   work product, or other applicable privilege.

7       Without waiving any objection Cannata responds as follows: To the best of his

8   knowledge, information, and belief, Cannata is not in possession, custody, or control of any

9   documents responsive to this Request.

10      REQUEST NO. 46:

11      All bank statements, transaction detail reports and records from any checking, savings,

12   investment or other accounts at any financial institution for the period January 1, 2016 to the

13   present for any and all bank accounts maintained by Defendant.

14      RESPONSE TO REQUEST NO. 46:

15      Cannata objects to this Request on the basis that (i) it is overly broad, (ii) it seeks the

16   production of documents that are not relevant or material to any claim or defense at issue in this

17   action, (iii) it is intended only to harass Cannata, (iv) HPT has made no effort to reasonably limit

18   or narrow the scope of this Request, and (v) it seeks the production of proprietary and

19   confidential personal financial records that are protected against disclosure under applicable law

20   and are outside the scope of permissible discovery under Fed. R. Civ. P. 26.  "[D]ue to privacy

21   concerns and the potential for 'abuse and harassment,' a defendant's personal financial

22   information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

23   Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of*

24   *Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Cannata further objects to this

25   Request to the extent that it seeks the production of any document protected by attorney-client,

26   work product, or other applicable privilege.

27   . . .

28   . . .

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

REQUEST NO. 47:

All bank statements, transaction detail reports and records from any checking, savings, investment or other accounts at any financial institution for the period January 1, 2016 to the present for any and all bank accounts maintained by KJC LLC.

RESPONSE TO REQUEST NO. 47:

Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv) it seeks the production of documents that are not relevant or material to any claim or defense at issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of proprietary and confidential personal financial records that are protected against disclosure under applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and (vii) HPT has made no effort to reasonably narrow or limit the scope of this Request. "[D]ue to privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D. Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994). Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.

REQUEST NO. 48:

All monthly statements, bills, call logs and call history reports for any telephone number used by Defendant from January 1, 2016 to the present.

RESPONSE TO REQUEST NO. 48:

Cannata objects to this Request on the basis that (i) it is overly broad (ii) it seeks the production of documents that are not relevant or material to any claim or defense at issue in this action, (iii) is intended only to harass Cannata, (iv) it seeks the production of proprietary and confidential personal records that are protected against disclosure under applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, (v) HPT has made no effort

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   to reasonably narrow or limit the scope of this request, and (vi) it constitutes a gross invasion of

2   Cannata's rights to privacy and would require disclosure of information concerning his personal

3   affairs as well as information concerning his associates, friends, and family members, including

4   his wife and minor children.  Cannata further objects to this Request to the extent that it seeks the

5   production of any document protected by attorney-client, work product, or other applicable

6   privilege.

7           REQUEST NO. 49:

8           All federal and state tax returns, including all schedules thereto, for the years 2015, 2016,

9   2017 and 2018 of Defendant.

10          RESPONSE TO REQUEST NO. 49:

11          Cannata objects to this Request on the basis that (i) it is overly broad (ii) it seeks the

12   production of documents that are not relevant or material to any claim or defense at issue in this

13   action, (iii) is intended only to harass Cannata, (iv) it seeks the production of proprietary and

14   confidential personal financial records that are protected against disclosure under applicable law

15   and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and (v) HPT has

16   made no effort to reasonably limit the scope of this Request.  "[D]ue to privacy concerns and the

17   potential for 'abuse and harassment,' a defendant's personal financial information can 'not be

18   had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D. Nev. May 13, 2011) (citing

19   *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519,

20   874 P.2d 762, 766 (Nev. 1994).  Furthermore, while tax records are not absolutely privileged, *see*

21   *Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974), the Ninth Circuit recognizes

22   that "a public policy against unnecessary public disclosure [of tax returns] arises from the need,

23   if the tax laws are to function properly, to encourage taxpayers to file complete and accurate

24   returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.175); *see*

25   *also Heathman,* 503 F.2d at 1035; *Aliotti v. Vessel Sonora,* 217 F.R.D. 496, 497 (N.D.Cal.2003).

26   A court may only order the production of tax returns if they are relevant and when there is a

27   compelling need for them because the information sought is not otherwise available.  *Hilt v.*

28   *SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997); *Gattegno v. Pricewaterhousecoopers,* LLP, 205

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l Corp.,* 176 F.R.D. 214, 216-17

(W.D.Va.1997).  Cannata further objects to this Request to the extent that it seeks the production

of any document protected by attorney-client, work product, or other applicable privilege.

REQUEST NO. 50:

All federal and state tax returns, including all schedules thereto, for the years 2015, 2016,

2017 and 2018 of KJC LLC.

RESPONSE TO REQUEST NO. 50:

Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an

undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv)

it seeks the production of documents that are not relevant or material to any claim or defense at

issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of

proprietary and confidential personal financial records that are protected against disclosure under

applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

(vii) HPT has made no effort to reasonably narrow or limit the scope of this Request.  "[D]ue to

privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial

information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of*

*Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Furthermore, while tax records are

not absolutely privileged, *see Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974),

the Ninth Circuit recognizes that "a public policy against unnecessary public disclosure [of tax

returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to

file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d

225, 229 (9th Cir.175); *see also Heathman,* 503 F.2d at 1035; *Aliotti v. Vessel Sonora,* 217

F.R.D. 496, 497 (N.D.Cal.2003). A court may only order the production of tax returns if they are

relevant and when there is a compelling need for them because the information sought is not

otherwise available.  *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997); *Gattegno v.*

*Pricewaterhousecoopers,* LLP, 205 F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l*

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

*Corp.,* 176 F.R.D. 214, 216-17 (W.D.Va.1997).  Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.  Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.

REQUEST NO. 51:

All W-2s and W-9s issued to third parties by Defendant for the years 2015, 2016, 2017 and 2018.

RESPONSE TO REQUEST NO. 51:

Cannata objects to this Request on the basis that (i) it is overly broad (ii) it seeks the production of documents that are not relevant or material to any claim or defense at issue in this action, (iii) is intended only to harass Cannata, and (iv) it seeks the production of proprietary and confidential personal financial records that are protected against disclosure under applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26.  "[D]ue to privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D. Nev. May 13, 2011) (citing  *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Furthermore, while tax records are not absolutely privileged, *see Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974), the Ninth Circuit recognizes that "a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.175); *see also Heathman,* 503 F.2d at 1035; *Aliotti v. Vessel Sonora,* 217 F.R.D. 496, 497 (N.D.Cal.2003). A court may only order the production of tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available.  *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997); *Gattegno v. Pricewaterhousecoopers,* LLP, 205 F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l Corp.,* 176 F.R.D. 214, 216-17 (W.D.Va.1997).  Cannata further objects to this Request to the

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   extent that it seeks the production of any document protected by attorney-client, work product, or

2   other applicable privilege.

3        REQUEST NO. 52:

4        All W-2s and W-9s issued to third parties by KJC LLC for the years 2015, 2016, 2017

5   and 2018.

6        RESPONSE TO REQUEST NO. 52:

7        Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

8   documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an

9   undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv)

10  it seeks the production of documents that are not relevant or material to any claim or defense at

11  issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of

12  proprietary and confidential personal financial records that are protected against disclosure under

13  applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

14  (vii) HPT has made no effort to reasonably narrow or limit the scope of this Request. "[D]ue to

15  privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial

16  information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

17  Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of

18  Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994). Furthermore, while tax records are

19  not absolutely privileged, *see Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974),

20  the Ninth Circuit recognizes that "a public policy against unnecessary public disclosure [of tax

21  returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to

22  file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d

23  225, 229 (9th Cir.175); *see also Heathman,* 503 F.2d at 1035; *Aliotti v. Vessel Sonora,* 217

24  F.R.D. 496, 497 (N.D.Cal.2003). A court may only order the production of tax returns if they are

25  relevant and when there is a compelling need for them because the information sought is not

26  otherwise available. *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997); *Gattegno v.

27  Pricewaterhousecoopers,* LLP, 205 F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l

28  Corp.,* 176 F.R.D. 214, 216-17 (W.D.Va.1997). Cannata further objects to this Request to the

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  extent that it seeks the production of any document protected by attorney-client, work product, or

2  other applicable privilege.  Cannata further objects to this Request to the extent that it seeks the

3  production of any document protected by attorney-client, work product, or other applicable

4  privilege.

5  REQUEST NO. 53:

6  All W-2s and W-9s issued to Defendant by any third party for the years 2015, 2016, 2017

7  and 2018.

8  RESPONSE TO REQUEST NO. 53:

9  Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

10  as to the documents requested, (ii) it imposes an undue burden on Cannata to search through

11  voluminous records in search of documents that are not identified in reasonable detail, (iii) it

12  seeks the production of documents that are not relevant or material to any claim or defense at

13  issue in this action, and (iv) it seeks the production of proprietary and confidential personal

14  financial records that are protected against disclosure under applicable law and are outside the

15  scope of permissible discovery under Fed. R. Civ. P. 26.  Cannata further objects to this Request

16  to the extent that it seeks the production of any document protected by attorney-client, work

17  product, or other applicable privilege.

18  REQUEST NO. 54:

19  All W-2s and W-9s issued to KJC LLC by any third party for the years 2015, 2016, 2017

20  and 2018.

21  RESPONSE TO REQUEST NO. 54:

22  Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

23  documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an

24  undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv)

25  it seeks the production of documents that are not relevant or material to any claim or defense at

26  issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of

27  proprietary and confidential personal financial records that are protected against disclosure under

28  applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

(vii) HPT has made no effort to reasonably narrow or limit the scope of this Request.  "[D]ue to privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D. Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Furthermore, while tax records are not absolutely privileged, *see Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974), the Ninth Circuit recognizes that "a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.175); *see also Heathman,* 503 F.2d at 1035; *Aliotti v. Vessel Sonora,* 217 F.R.D. 496, 497 (N.D.Cal.2003). A court may only order the production of tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available.  *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997); *Gattegno v. Pricewaterhousecoopers,* LLP, 205 F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l Corp.,* 176 F.R.D. 214, 216-17 (W.D.Va.1997).  Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.

REQUEST NO. 55:

All balance sheets, profit and loss statements, financial statements and statements of cash flows of KJC LLC from January 1, 2016 to the present.

RESPONSE TO REQUEST NO. 55:

Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv) it seeks the production of documents that are not relevant or material to any claim or defense at issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of proprietary and confidential personal financial records that are protected against disclosure under applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   (vii) HPT has made no effort to reasonably narrow or limit the scope of this Request.  "[D]ue to

2   privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial

3   information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

4   Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of

5   Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Cannata further objects to this

6   Request to the extent that it seeks the production of any document protected by attorney-client,

7   work product, or other applicable privilege.

8          REQUEST NO. 56:

9          All customer invoices, purchase orders, billing statements or other documents which

10   evidence, refer or relate to any software, hardware, credits, products, services or goods sold or

11   provided by Defendant from January 1, 2016 to the present.

12          RESPONSE TO REQUEST NO. 56:

13          Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

14   as to the documents requested, (ii) it imposes an undue burden on Cannata to search for

15   documents that are not identified in reasonable detail, (iii) it seeks the production of documents

16   that are not relevant or material to any claim or defense at issue in this action, (iv) it is intended

17   only to harass Cannata, and (v) it seeks the production of proprietary and confidential personal

18   financial records that are protected against disclosure under applicable law and are outside the

19   scope of permissible discovery under Fed. R. Civ. P. 26.  Cannata further objects to this Request

20   to the extent that it seeks the production of any document protected by attorney-client, work

21   product, or other applicable privilege.

22          REQUEST NO. 57:

23          All customer invoices, purchase orders, billing statements or other documents which

24   evidence, refer or relate to any software, hardware, credits, products, services or goods sold or

25   provided by KJC LLC from January 1, 2016 to the present.

26          RESPONSE TO REQUEST NO. 57:

27          Cannata objects to this Request on the basis that (i) it is impermissibly vague as to the

28   documents requested and as to the term "KJC LLC," (ii) it is overly broad, (iii) it imposes an

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   undue burden on Cannata to search for documents that are not identified in reasonable detail, (iv)

2   it seeks the production of documents that are not relevant or material to any claim or defense at

3   issue in this action, (v) it is intended only to harass Cannata, (vi) it seeks the production of

4   proprietary and confidential personal financial records that are protected against disclosure under

5   applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, and

6   (vii) HPT has made no effort to reasonably narrow or limit the scope of this Request.  "[D]ue to

7   privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial

8   information can 'not be had for the mere asking.'" *Momot v. Mastro*, 2011 WL 1833349 (D.

9   Nev. May 13, 2011) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of

10  Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994).  Cannata further objects to this

11  Request to the extent that it seeks the production of any document protected by attorney-client,

12  work product, or other applicable privilege.

13          REQUEST NO. 58:

14          All statements, transaction history records and account registers of or relating to any

15  PayPal account used by Defendant since January 1, 2016, including transaction records,

16  transaction details, documents reflecting payments received or payments made, statements and/or

17  reports.

18          RESPONSE TO REQUEST NO. 58:

19          Cannata objects to this Request on the basis that (i) it is overly broad and lacks specificity

20  as to the documents requested, (ii) it imposes an undue burden on Cannata to search through

21  voluminous records in search of documents that are not identified in reasonable detail, (iii) it

22  seeks the production of documents that are not relevant or material to any claim or defense at

23  issue in this action, (iv) it seeks the production of proprietary and confidential personal financial

24  records that are protected against disclosure under applicable law and are outside the scope of

25  permissible discovery under Fed. R. Civ. P. 26, and (v) HPT has made no effort to reasonably

26  narrow or limit the scope of this Request.  Cannata further objects to this Request to the extent

27  that it seeks the production of any document protected by attorney-client, work product, or other

28  applicable privilege.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

REQUEST NO. 59:

All documents from any internet service provider of Defendant reflecting each IP address of or for the residence of Defendant at all times since January 1, 2016.

RESPONSE TO REQUEST NO. 59:

Cannata objects to this Request on the basis that (i) it is overly broad (ii) it seeks the production of documents that are not relevant or material to any claim or defense at issue in this action, (iii) is intended only to harass Cannata, (iv) it seeks the production of proprietary and confidential personal records that are protected against disclosure under applicable law and are outside the scope of permissible discovery under Fed. R. Civ. P. 26, (v) HPT has made no effort to reasonably narrow or limit the scope of this request, and (vi) it constitutes a gross invasion of Cannata's rights to privacy and would require disclosure of confidential information concerning his personal affairs as well as confidential information concerning his associations, friends, and family members, including his wife and minor children. Cannata further objects to this Request to the extent that it seeks the production of any document protected by attorney-client, work product, or other applicable privilege.

DATED this 14th day of June, 2019.

KOLESAR & LEATHAM

By *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Defendant*
*KENNETH CANNATA*

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89149
Tel: (702) 362-7800 / Fax: (702) 362-9472

1

## CERTIFICATE OF SERVICE

2          I hereby certify that I am an employee of Kolesar & Leatham and that on the 14th day of

3   June, 2019, I caused to be served a true and correct copy of foregoing DEFENDANT'S

4   RESPONSE TO PLAINTIFF HP TUNERS, LLC'S FIRST SET OF REQUESTS FOR

5   PRODUCTION in the following manner:

6          (ELECTRONIC SERVICE)  The above-referenced document was electronically mailed

7   on the date hereof to the following parties:

8   Andrew P. Bleiman, Esq.
    MARKS & KLEIN
9   1363 Shermer Road, Suite 318
    Northbrook, Illinois 60062
10  Email:  andrew@marksklein.com

11  *Attorneys for Plaintiff*
    *HP TUNERS, LLC*
12
    Cecilia Lee, Esq.
13  Elizabeth High, Esq.
    LEE HIGHT, LTD
14  499 West Plumb Lane, Suite 201
    Reno, Nevada 89509
15  Email:  c.lee@lee-high.com
             e.high@lee-high.com
16
    *Attorneys for Plaintiff*
17  *HP TUNERS, LLC*

18

19                                      */s/ Mary A. Barnes*
                                        An Employee of KOLESAR & LEATHAM

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3157631 (9665-2)                    Page 40 of 40