# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HP TUNERS, LLC.,

    Plaintiff

v.

KENNETH CANNATA.,

    Defendant

Case No.: 3:18-cv-00527-LRH-WGC

**Order**

Re: ECF No. 110

Before the court is Plaintiff HP Tuners, LLC ("HPT") Motion for Sanctions against Defendant Kenneth Cannata ("Cannata"). (ECF No. 110). Cannata filed a Response. (ECF No. 115). HPT filed a Reply. (ECF No. 117).

HPT's Motion for Sanctions is brought in part under Federal Rule 37(c)(2). (ECF No. 110, 13-14). Federal Rule 37 (c)(2) states, "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2).

It appears to the court that HPT's Motion for Sanctions on this basis is premature because Federal Rule 37(c)(2) motions are customarily brought after trial. The advisory committee notes to the 1970 amendments to Rule 37 explain, "Even though Rule 37(c) does not specify the time when a motion for fees must be filed, it is intended to provide *posttrial relief* in the form of a requirement that the party improperly refusing the admission pay the expense of the other side in making the necessary proof *at **trial**.*" *Joseph v. Fratar*, 197 F.R.D. 20 (D. Mass. 2000), citing Fed. R. Civ. P. 37(c). (emphasis added). *See also* 8A CHARLES ALAN WRIGHT, ARTHUR R.

MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2290 at 708 n. 5 (1994) (indicating that a Rule 37(c) motion comes "after trial"); *Cooper v. State Farm Fire & Cas. Co.,* 568 So.2d 687, 696 (Miss.1990) ("Rule 37(c) clearly contemplates a motion after trial, and indeed a motion for sanctions prior to that time would be premature, since the party must have proved the genuineness of the document or the truth of the matter involved before he can move for sanctions."); *A & V Fishing, Inc. v. Home Ins. Co.,* 145 F.R.D. 285, 288 (D.Mass.1993) (noting that remedy provided by Rule 37(c) "is to be invoked only after the requesting party has made its proof" and that the advisory committee notes "make that point explicit").

The court also notes that both parties have filed Motions for Summary Judgment on June 30, 2021. (HPT's Motion ECF No. 119, Cannata's Motion ECF No. 124). The factual allegations behind HPT's Federal Rule 37(c)(2) Motion for Sanctions overlap with the undisputed material facts asserted in HPT's Motion for Summary Judgment. In its Motion for Summary Judgment, HPT stated that Cannata admitted to (1) sharing HPT's confidential and proprietary trade secret information to third parties both while he was an owner of HPT and after signing a membership purchase agreement ("MIPA") with HPT, and (2) retaining confidential and proprietary intellectual HPT property after the execution of the MIPA. (ECF No. 119, 2-3).

In its Motion for Sanctions, HPT asserted that Cannata lied about these facts in his Request for Admissions. (ECF No. 117, 10-11). But because no court has ruled on these factual issues yet, it appears that HPT has not "made its proof" required in a Federal Rule 37(c)(2) Motion for Sanctions. This further suggests that HPT's Federal Rule 37(c)(2) Motion for Sanctions is premature and might be more appropriately filed after trial or after resolution of the Motions for Summary Judgment in HPT's favor. See *Chemical Eng'g Corp. v. Essef Indus.,*

*Inc.*, 795 F.2d 1565, 1574–75 (Fed.Cir.1986) (holding that summary judgment can serve as the basis of a successful Federal Rule 37(c) motion.)

In HPT's Motion for Sanctions (ECF No. 110), Cannata's Response (ECF No. 115), and HPT's Reply (ECF No. 117), neither party briefed the "timing" issues discussed above. Therefore, the court directs counsel to submit simultaneous briefing (not to exceed six pages) **by July 15, 2021 at the close of business** on the narrow issue of whether HPT's Fed. R. Civ. P. 37(c)(2) Motion for Sanctions is premature.[1]

**IT IS SO ORDERED**.

Dated: July 9, 2021.

_____
William G. Cobb
United States Magistrate Judge

---

[1] Without making a final ruling, the court also notes that HPT's Motion for Sanctions is partially based upon Fed. R. Civ. P. 11 and 28 U.S.C. §1927, which are sanctions only applicable to attorneys. The court is reluctant to impose sanctions on Cannata's counsel when HPT addressed its Motion for Sanctions to Cannata only. (See ECF No. 110 at p. 1: "Motion for Sanctions [] against Defendant KENNETH CANNATA" and p. 18: "[] Imposition of Sanctions against Defendant, KENNETH CANNATA, as Follows []"). In addition, without deciding that issue at this time, there appears to be insufficient evidence of sanctionable conduct attributed to Cannata's counsel.