# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HP TUNERS, LLC,

      Plaintiff,

v.

KENNETH CANNATA,

      Defendant.

Case No.: 3:18-cv-00527-LRH-WGC

**Order**

Re: ECF No. 110

Before the court is Plaintiff HP Tuners, LLC ("HPT") Motion for Sanctions against Defendant Kenneth Cannata ("Cannata"). (ECF No. 110). Cannata filed a Response. (ECF No. 115). HPT filed a Reply. (ECF No. 117). On July 9, 2021, this court issued an order directing both parties to submit simultaneous briefing on the narrow issue of whether the component of HPT's Motion for Sanctions under Fed. R. Civ. P. 37(c)(2) was premature. (ECF No. 134). Both parties submitted supplemental briefs regarding this issue on July 15, 2021. (HPT's Brief ECF No. 136, Cannata's Brief ECF No. 137). The court heard oral arguments on HPT's Motion for Sanctions on July 22, 2021. After considering all filings on this matter, for the reasons set forth below, HPT's Motion for Sanctions is **granted in part** and **denied in part.**

## I.    BACKGROUND

This case arises from HPT's allegations of breach of fiduciary duty, fraud, violations of various federal and state laws, breach of contract, tortious interference with prospective contractual or economic relations, and conversion against Cannata. (ECF No. 1). Cannata, Keith Prociuk ("Prociuk"), and Chris Piastri ("Piastri") were former founding members of HPT. (*Id.,* ¶ 13). On October 20, 2016, after the relationship among the three members deteriorated, HPT purchased

Cannata's membership interests for $6.8 million. (*Id.,* ¶ 59). HPT later accused Cannata of (1) sharing HPT's intellectual property with Kevin Sykes-Bonnett of Syked, HPT's competitor, (2) concealing this information from Prociuk and Piastri during negotiations of the Membership Interest Purchase Agreement (MIPA), (3) providing services to Syked before and after the MIPA and (4) failing to destroy HPT property in his possession after execution of the MIPA. (ECF No. 1, ¶¶ 2-6).

In its Motion for Sanctions, HPT asserted that Cannata continuously withheld and misrepresented material facts in both his pleadings and discovery responses. (ECF No. 1, 2: 2-5). Specifically, HPT argued that Cannata lied in his answer to the complaint, answers to interrogatories, responses to requests for production, and responses to requests for admissions, and only admitted "truths" after HPT confronted Cannata with "his own never-produced text messages" at his deposition. (*Id.,* 2: 6-11). HPT stated that it expended significant time and costs that it would not have incurred had Cannata been honest and forthcoming from the start of this case. (*Id.,* 3: 18-21). In his Opposition to the Motion for Sanctions, Cannata stated that HPT mischaracterized his actions and asserted that he always attempted to amend and supplement any inaccuracies in his prior filings and responses. (ECF No. 115, 3: 2-7).

## II.   LEGAL STANDARD

HPT's Motion for Sanctions is predicated upon five legal theories: (1) a violation of Fed. R. Civ. P. 11; (2) a violation of 28 U.S.C. § 1927; (3) the court's inherent sanctioning power; (4) sanctions under Fed. R. Civ. P. 37(c)(1); and (5) sanctions under Fed. R. Civ. P. 37(c)(2). The court will briefly review the rules of civil practice upon which HPT bases its motion.

/ / /

/ / /

**A. Fed. R. Civ. P. 11(b)(3) and (b)(4)**

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c).[1]

**B. 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides that:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

/ / /

/ / /

---

[1] Fed. R. Civ. P. 11(b) utilizes the term "unrepresented party", while 11(c) refers to a "party" and does not distinguish between represented and unrepresented parties. This issue is discussed further in Section III(A).

1   Sanctions under section 1927 may be imposed only against attorneys, and not parties.

2   *Zaldivar v. City of L.A.,* 780 F.2d 823, 831 (9th Cir. 1986) (Abrogated on other grounds by *Cooter*

3   *& Gell v. Hartmarx Corp.,* 110 S. Ct. 2447 (1990).

4   **C.  The Court's Inherent Sanctioning Authority**

5   The Court may sanction an offending party pursuant to its inherent power to manage its

6   own affairs and dispose of cases in an orderly and expeditious manner. *Chambers v. NASCO, Inc.*,

7   501 U.S. 32, 43 (1991). Moreover, pursuant to this power, a court may impose the severe sanction

8   of dismissal with prejudice (or its equivalent, judgment) if the circumstances so warrant. *Roadway*

9   *Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).

10   **D.  Fed. R. Civ. P. 37(c)(1)**

11   If a party fails to provide information or identify a witness as required by Rule 26(a) or (e),

12   the party is not allowed to use that information or witness to supply evidence on a motion, at a

13   hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P.

14   37(c)(1). In addition to or instead of this sanction, the court, on motion and after giving an

15   opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's

16   fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose

17   other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

18   Fed. R. Civ. P. 37(c)(1)(A)-(C).

19   **E.  Fed. R. Civ. P. 37(c)(2)**

20   If a party fails to admit what is requested under Rule 36 and if the requesting party later proves

21   a document to be genuine or the matter true, the requesting party may move that the party who

22   failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that

23   proof. Fed. R. Civ. P. 37(c)(2).

As discussed further in Section III(C), Rule 37(c) clearly contemplates a motion *after* trial, and indeed a motion for sanctions prior to that time would be premature, since the party must have "proved" the genuineness of the document, or the truth of the matter involved before he can move for sanctions. *Cooper v. State Farm Fire & Cas. Co.,* 568 So.2d 687, 696 (Miss.1990).[2] The advisory committee notes to the 1970 amendments to Rule 37 explain, "Even though Rule 37(c) does not specify the time when a motion for fees must be filed, it is intended to provide *posttrial relief* in the form of a requirement that the party improperly refusing the admission pay the expense of the other side in making the necessary proof *at **trial**.*" *Joseph v. Fratar*, 197 F.R.D. 20 (D. Mass. 2000), citing Fed. R. Civ. P. 37(c) (emphasis added).[3]

## III.   DISCUSSION

### A. The Court Denies HPT's Motion for Federal Rule 11 and 28 U.S.C. §1927 Sanctions Because (1) The Motion Did Not Seek, Per Title and Conclusion, Sanctions Against Cannata's Counsel and (2) There is Insufficient Evidence of Sanctionable Conduct Attributed to Cannata's Counsel.

HPT's Motion for Sanctions is partially based upon Federal Rule 11 and 28 U.S.C. §1927, which are sanctions only applicable to attorneys, not parties. Section 1927 is titled "Counsel's Liability for Excessive Costs", and its plain language is "any attorney or other person admitted to conduct cases… may be required by the court to personally satisfy excess costs." 28 U.S.C. § 1927.

---

[2] *Cooper v. State Farm Fire & Cas. Co.,* 568 So.2d 687, 696 (Miss.1990) is a persuasive, analogous Mississippi Supreme Court case cited in 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2290 at 708 n. 5 (1994). *See reference* to Miss. R. Civ. P. 36(a) and Miss. R. Civ. P. 37(c) at p. 694. Miss. R. Civ. P. 36(a) and 37(c) are identical to Fed. R. Civ. P. 36(a) and 37(c)(2).

[3] Fed. R. Civ. P. 37(c)(2) is discussed in further detail in Section III(C).

Similarly, Federal Rule 11 states "by presenting to the court… an attorney or unrepresented party certifies that…" Fed. R. Civ. P. 11(b). In its Supplemental Brief, HPT asserted that Federal Rule 11 sanctions *do apply to parties* because the rule states, "the court may impose an appropriate sanction on *any party* that violated the rule or *is responsible* for the violation." (ECF No. 136, 2: 25-26.) However, the full language of Federal Rule 11(c)(1) states, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation", and must be read concurrently with Federal Rule 11(b), which reads, "by presenting to the court… an attorney or *unrepresented party* certifies that…[end]." Fed. R. Civ. P. 11(b) (emphasis added). Reading Federal Rule 11(b) and 11(c)(1) together, "any party" logically refers to attorney, law firm, or unrepresented party.

The Court will also not impose sanctions on Cannata's counsel because HPT addressed its Motion for Sanctions against Cannata only. (See ECF No. 110 at p. 1: "Motion for Sanctions [] against Defendant KENNETH CANNATA" and p. 18: "[] Imposition of Sanctions against Defendant, KENNETH CANNATA, as Follows []"). Furthermore, HPT has not brought forth specific facts indicating sanctionable conduct by Cannata's counsel. HPT plainly alleges misconduct against Cannata, but not his attorney.

For these reasons, the Court denies HPT's Motion for Federal Rule 11 and 28 U.S.C. § 1927 sanctions with prejudice.

**B. The Court Declines to Exercise Its Inherent Sanctioning Authority and Will Not Issue a Report Recommending Judgment to District Judge Hicks.**

HPT's Motion for Sanction also asks the court to exercise its inherent sanctioning power and enter a judgment in HPT's favor. (ECF No. 110, 16: 3-5). HPT argued that Cannata committed a "fraud on the court" and attempted to "preclude the court from reaching any reasonable assurance

1    that the truth will be available." (*Id.,* 16: 2-3). As HPT's Motion on this basis is case-dispositive,

2    the undersigned Magistrate Judge cannot enter a judgment, but may only issue a "recommended

3    disposition" to Senior District Judge Larry Hicks. Fed. R. Civ. P. 72(b)(1). In light of both parties'

4    outstanding Motions for Summary Judgment (HPT's Motion ECF No. 119, Cannata's Motion ECF

5    No. 124), this court declines to issue such a recommendation to District Judge Larry Hicks.

6    **C. The Court Denies HPT's Rule 37(c)(2) Motion for Sanctions Because It Is**

7    **Premature and Would Be More Appropriately Brought After Trial or After**

8    **Resolution of the Motions for Summary Judgment in HPT's Favor.**

9    On July 9, 2021, this court issued an order directing both parties to submit simultaneous

10   brief on the narrow issue of whether HPT's Fed. R. Civ. P. 37(c)(2) Motion for Sanctions is

11   premature. (ECF No. 134). Federal Rule 37 (c)(2) states, "If a party fails to admit what is requested

12   under Rule 36 and if the requesting party later proves a document to be genuine or the matter true,

13   the requesting party may move that the party who failed to admit pay the reasonable expenses,

14   including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2). In its Motion

15   for Sanctions, HPT asserted that Cannata lied in his responses to requests for admissions about

16   (1) sharing HPT's confidential and proprietary trade secret information with third parties both

17   while he was an owner of HPT and after signing the MIPA with HPT, and (2) retaining confidential

18   and proprietary intellectual HPT property after the execution of the MIPA. (ECF No. 117, 10-11).

19   HPT argued that Cannata admitted these facts in his deposition and that it incurred costs attempting

20   to "make that proof." (ECF No. 117, 10-11).

21   After considering the parties' Supplemental Briefs, the court concludes that HPT's Fed. R.

22   Civ. P. 37(c)(2) Motion for Sanctions is premature. Fed. R. Civ. P. 37(c)(2) Motions are

23   customarily brought upon the resolution of summary judgment or after trial, and the court does not

1  find the instant case distinguishable. The remedy provided by Rule 37(c) "is to be invoked only

2  after the requesting party has made its *proof*." *A & V Fishing, Inc. v. Home Ins. Co.,* 145 F.R.D.

3  285, 288 (D.Mass.1993) (emphasis added). Although it is conceivable that District Judge Hicks

4  could make such a finding when addressing HPT's Motion for Summary Judgment, he has not yet

5  ruled on the factual issues HPT asserted in its Fed. R. Civ. P. 37(c)(2) Motion for Sanctions.

6        HPT contended that it made its proof when Cannata "brazenly admitted" facts at his

7  deposition (ECF No. 134, 6: 11-12). Despite any such "brazen admission" at his deposition,

8  persuasive case authority holds that awarding such sanctions before trial or prior to the granting of

9  summary judgment would be inappropriate.

10       The case of *Keithley v. The Home Store.com, Inc.,* C-03-04447 SI EDL, 2008 WL 2024977,

11  at *2 (N.D. Cal. May 8, 2008) is directly on point. In *Keithly,* the Plaintiff sought Fed. R. Civ.

12  P. 37(c)(2) sanctions after the Defendant "freely admitted in his deposition many of the same facts

13  he had previously denied in his requests for admission." *Id.* at *1. The court denied the Plaintiff's

14  motion without prejudice because the parties properly failed to meet and confer, but the court did

15  hold that "even if the parties had adequately met and conferred, Plaintiff's motion for sanctions is

16  premature." *Id.* at *2. The court stated, "As a practical matter, it generally is necessary to complete

17  a proceeding before a court would be able to conclude that the moving party had proven the truth

18  of the matter for which an admission was requested, because a court must consider all rebuttal

19  evidence before it may determine what has been proven." *Keithley,* 2008 WL 2024977, at *2

20  (citing 7 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 37.75 (3d ed. 1997)). The Plaintiff

21  in *Keithly* contended that the Defendant's deposition admissions "proved the truth of the matter

22  for which an admission was requested." *Id.* However, the court ruled that Plaintiff's Motion was

23  premature because there had been no "final disposition akin to a trial." *Id.*

This court finds *Keithly* and the cases cited in that opinion very persuasive. Therefore, because there has been no "final disposition akin to a trial" in this case, HPT's Fed. R. Civ. P. 37(c)(2) Motion for Sanctions is premature.

The court denies HPT's Fed. R. Civ. P. 37(c)(2) Motion for Sanctions without prejudice. HPT's Motion for Sanctions on this basis might be more appropriately filed after trial or after resolution of the Motions for Summary Judgment in HPT's favor. *See Chemical Eng'g Corp. v. Essef Indus., Inc.,* 795 F.2d 1565, 1574–75 (Fed.Cir.1986) (holding that summary judgment can serve as the basis of a successful Federal Rule 37(c) motion); *Keithley,* 2008 WL 2024977, at *2 (some courts have considered awards under Rule 37(c)(2) following the grant of summary judgment, which is a final disposition akin to a trial, which similarly enables the Court to determine that the matter asked about has been proven true).

**D. The Court Grants HPT's Rule 37(c)(1) Motion for Sanctions Because Cannata's Failure to Produce and Disclose Highly Relevant Documents in his Fed. R. Civ. P. 26 Production and Supplements, Answers to Interrogatories, and Responses to Requests for Production Was Not Substantially Justified.**

*i.    Timeline of Cannata's Discovery Responses*

HPT also sought Federal Rule 37(c)(1) sanctions against Cannata due to alleged discovery violations in his interrogatory and production responses. (ECF No. 110, 10-11). Before the start of this case, Cannata signed a declaration and admitted to providing Sykes-Bonnett with a flash drive that contained a copy of HPT's "key generator." (ECF No. 87, Exh. B). In his Answers to HPT's First Set of Interrogatories on June 14, 2019, Cannata denied having (1) anything in his possession which referred or related to HPT's source code, software, programming, products, interfaces, designs, schematics, program files, firmware or other intellectual property and/or credits after

October 21, 2016 (with the sole exception of "an administrative version of HPT's VCM Suite software) and (2) any documents relating to HPT's MPVI after October 21, 2016. (ECF No. 110, 10: 1-9).

In his Responses to HPT's First Set of Requests for Production on June 14, 2019, Cannata denied having and initially failed to produce (1) documents or communications relating to HPT's code, software, programming, products, or credits, (2) HPT interfaces, source code, designs, schematics, program files, software, firmware, or other HPT intellectual property, (3) documents, communications, firmware and software source code relating to HPT's MPVI, (4) documents or communications which evidence, refer or relate to HPT's VCM Suite Software, (5) documents which refer to various folder names and titles including, but not limited to, "Firmware," "License," or "VCM", and (6) documents or communications which refer or relate to any Key Generation Tool, PCM Tools Software, or PCM Harness. (ECF No. 110, 10-11).

On July 11, 2019, HPT emailed Cannata and asked him to supplement and amend his discovery responses. (ECF No. 49-1.) HPT stated that, "based on the email communications from his 'secret' (somethingnew1892@yahoo.com) email address, clearly he possesses and has custody of many of the specific documents in question." (*Id.*) HPT eventually filed a Motion to Compel Discovery Responses in this court on December 20, 2019. (ECF No. 49).

On August 20, 2020, this court granted HPT's Motion to Compel in part, and ordered Cannata to (1) supplement and amend the disputed interrogatories and requests for production, and (2) produce his electronic devices for forensic examination. (ECF No. 80). Cannata served his supplemental responses on September 3, 2020, and answered that he possessed documents and electronically stored information related to HPT on various devices after October 21, 2016, because the MIPA did not close until several weeks after the expected closing date of October 21,

1   2016. (ECF No. 110-3, 2). In addition, he produced a Hewlett Packard laptop for third-party

2   examination. (ECF No. 110-3, 2).

3   At Cannata's March 2021 deposition, HPT asked Cannata about various files that he

4   previously denied possessing. (Depo. Transcript 87-88). HPT stated that it independently obtained

5   knowledge of these files through the *Syked Litigation* [4] and through third-party forensic

6   examination. (ECF No. 110, 11: 5-7). Cannata stated that if he still retained any HPT intellectual

7   property, he was not aware of it. (Depo. Transcript 87-88). On May 5, 2021, HPT emailed Cannata

8   and asked him to accurately supplement and amend discovery responses and filings in light of his

9   deposition testimony. (ECF No. 117-1). Cannata served his Third Supplemental Answers to HPT's

10  Interrogatories on June 2, 2021. (ECF No. 115-6). Cannata, for the first time in responses to

11  discovery, identified several HPT files in his possession after October 21, 2016, (cController.cs,

12  cFlashData.cs,   cVehicle.cs,   frmFlash.cs,   Controller   Flasher.exe,   AppKey.xls,   Interface

13  Reprograming.doc.) and stated that he may still have other additional files. (*Id.*, 3).

14          ii.     *Cannata's Non-Disclosure and Failure to Produce Was Not Substantially Justified*

15                  *or Harmless.*

16          After considering the timeline of Cannata's discovery responses, this court holds that

17  Cannata's failure to produce and non-disclosure of highly relevant documents was not

18  substantially justified or harmless. The Ninth Circuit holds that "it is the party facing sanctions

19  who bears the burden of proving that its failure to disclose the required information was

20  substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246

21  (9th Cir. 2012). District courts have "wide latitude" under Rule 37(c)(1) and "the burden is on the

22

23  ───────────────

[4] *HP Tuners, LLC v. Kevin Sykes-Bonnett, Syked ECU Tuning Inc. and John Martinson*, Case
No. 3:17-cv-05760- BHS, (W.D. Wash.).

1    party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259

2    F.3d 1101, 1106-7 (9th Cir. 2001).

3           Cannata had multiple opportunities to conduct a reasonable search effort and accurately

4    respond to certain interrogatories and requests for production. *See, e.g., Moore v. Napolitano,* 723

5    F.Supp.2d 167, 173 (D.D.C. 2010) ("[A] party is obligated to make a reasonable effort to search

6    for and produce documents responsive to the opposing party's document requests. 'Ultimately,

7    what is reasonable is a matter for the court to decide on the totality of the circumstances.'"

8    (*quoting* FED. R. CIV. P. 26(g) advisory committee's note to 1983 amendment)). The timeline of

9    discovery in this case reveals that Cannata progressively modified his discovery responses to

10   correspond with HPT independently uncovering additional documents. This is evidenced by the

11   temporal link between HPT's independent investigative findings and Cananata's increasingly

12   lengthy answers across three supplemental discovery responses.

13          The court concludes Cannata knew or should have known what HPT intellectual property

14   he currently possessed or possessed post-October 21, 2016.  In addition, Cannata knew or should

15   have known what HPT documents he sent to Sykes-Bonnett before and after October 21, 2016.

16   Had Cannata been forthright and accurate from the beginning, HPT would not have expended time

17   and incurred costs discovering these documents on its own. HPT is entitled to an award of

18   sanctions compensating time spent investigating and uncovering documents Cannata wrongfully

19   denied having and failed to identify or produce.

20   **CONCLUSION**

21          **IT IS THEREFORE ORDERED** that the HPT's Motion for Sanctions (ECF No. 110) is

22   **granted in part** and **denied in part.**

23

The court **denies with prejudice** HPT's request for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 because (1) HPT addressed its Motion for Sanctions against Cannata only and not against his attorney, and (2) there is insufficient evidence of sanctionable conduct attributed to Cannata's counsel. The court declines to exercise its inherent sanctioning power and will not issue a Report Recommending Judgment to District Judge Larry Hicks. The court **denies without prejudice** HPT's Fed. R. Civ. P. 37(c)(2) Motion for Sanctions because it is premature.

The court **grants** HPT's Fed. R. Civ. P. 37(c)(1) Motion for Sanctions because Cannata's failure to disclose and produce highly relevant documents was not substantially justified or harmless. The court directs HPT to file a motion for attorney's fees corresponding to sanctions granted in this order by **August 29, 2021**. In its motion, HPT should specify (1) each interrogatory and request for production where Cannata wrongfully denied possessing a certain HPT document or wrongfully denied sending a certain HPT document to Sykes-Bonnett, and (2) what fees and/or costs it incurred in finding those documents. Cannata shall file his response by **September 2, 2021.** HPT's reply is due by **September 13, 2021**.

**IT IS SO ORDERED**.

Dated: July 26, 2021

_____
William G. Cobb
United States Magistrate Judge