MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail:  andrew@marksklein.com

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Cecilia Lee, Esq.
Nevada Bar No. 3344
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email: efletcher@fletcherlawgroup.com
Email: clee@fletcherlawgroup.com

Attorneys for Plaintiff HP Tuners, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>                      Plaintiff,<br><br>  vs.<br><br>KENNETH CANNATA,<br><br>                      Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**MOTION TO STRIKE DEFENDANT KENNETH CANNATA'S STATEMENT OF RELEVANT FACTS/PROCEDURAL BACKGROUND SET FORTH IN DEFENDANT KENNETH CANNATA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 124)**<br><br>**ORAL ARGUMENT REQUESTED** |

NOW COMES Plaintiff HP Tuners, LLC ("HPT") for its Motion to Strike Statement of Relevant Facts/Procedural Background set forth in Defendant Kenneth Cannata's ("Cannata") Motion for Partial Summary Judgment (the "Motion") (Dkt. 124).  In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Defendant Cannata's Motion seeks partial summary judgment on certain counts of HPT's Complaint on the limited grounds that Cannata did not have a fiduciary duty under the terms of the Operating Agreement between the members, that Cannata did not violate the Computer Fraud and Abuse Act and that Plaintiff cannot allegedly prove its damages.[1]  However, Defendant's Motion includes 48 paragraphs of alleged "relevant" facts, and does not set forth material facts in violation of Rule 56-1 of the Local Rules of Practice for the United States District Court, District of Nevada ("LR").  Moreover, the overwhelming majority of the "relevant" facts asserted are contested, irrelevant and/or immaterial to the disposition of the legal issues raised in Defendant's Motion. Because Defendant's "Statement of Relevant Facts/Procedural Background" fails to comply with LR 56-1, it should be stricken as detailed herein.

## II. ARGUMENT

As this Court is well aware, LR 56-1 specifically provides:

> Motions for summary judgment and responses thereto must include a <u>concise statement setting forth each fact material to the disposition of the motion</u> that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the

---

[1]  In a motion for summary judgment, it is the *movant* who bears both the initial burden of production and the ultimate burden of persuasion to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact" on a motion for summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis supplied).  *See also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Defendant Cannata's Motion, however, is premised on ignoring this burden that falls upon him as the summary judgment movant.  Instead, he repeatedly alleges (short of meeting any burden) that it is the nonmovant HPT who cannot meet its *trial burden* by establishing every requisite element of each cause of action necessary (*i.e.* damages) to ultimately prevail on the merits.  While such an argument may be apropos at trial, it is without any legal merit or support when moving for summary judgment, and disingenuously invents a nonexistent legal standard intended to articificially shift the burden away from Cannata, as movant, and alleviate his summary judgment burden.  In other instances, Cannata's damages-related attacks on HPT's expert John Bone sounds more as if it is an argument against the admissibility of his report or testimony in the nature of a Daubert motion, and not germane to summary judgment.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

party relies. The statement of facts will be counted toward the applicable page limit in LR 7-3.

LR 56-1 (emphasis added).

"A 'material fact' is a fact 'that might affect the outcome of the suit under the governing law." *Rimini St. v. Oracle Int'l Corp*, 473 F.Supp.3d 1158 (D. Nev. Sep. 14, 2020). Material facts are only those which bear directly on the legal issues raised by the motion.

Here, Defendant's Motion does not include a "concise statement setting forth each fact material to the disposition of the motion" in express violation of LR 56-1. Instead, Defendant asserts alleged "relevant" facts and procedural background, which are non-material facts regarding non-issues and which do not bear directly on the legal issues raised by the motion. In addition, in further violation of LR 56-1, in only asserting "relevant" facts and procedural backgound, Defendant has failed to apprise Plaintiff and the Court as to which facts are <u>material</u> to the disposition of the Motion.

Here, Defendant's Motion asserts the following limited legal issues: (1) that no fiduciary duty exists under the language of the Operating Agreement; (2) that Cannata did not violate the Computer Fraud and Abuse Act; and (3) that Plaintiff cannot prove its damages.[2] However, in reviewing the "Statement of Relevant Facts/Procedural Background" set forth in Defendant's Motion, virtually all of the alleged "relevant" facts are not material (and instead are wholly irrelevant) to the legal issues raised in the Motion as follows:

- Paragraphs 1, 2, 3 – the facts asserted relate to the history and formation of HPT and do not bear on whether a fiduciary duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts are not material to the legal issues raised in the Motion.

- Paragraphs 5, 6, 7 – the facts asserted relate to a Buy-Sell Agreement between the owners and their respective ownership interests and do not bear on whether a fiduciary

---

[2]   *See* footnote 1 above.

duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts not material to the legal issues raised in the Motion.

- Paragraphs 8 through 16 – the facts asserted relate to HPT's business and products and do not bear on whether a fiduciary duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts are not material to the legal issues raised in the Motion.

- Paragraphs 17 through 34, 37, 38 – the facts asserted relating to Cannata's communications and dealings with Kevin Sykes-Bonnett and the circumstances surrounding his exit from HPT do not bear on the legal issues raised in Defendant's Motion as to whether a fiduciary duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts are not material to the legal issues raised in the Motion.

- Paragraphs 39 through 42 – the facts asserted relating to Sykes-Bonnett's wrongful conduct and the action filed in Washington do not bear on the legal issues raised in Defendant's Motion as to whether a fiduciary duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts are not material to the legal issues raised in the Motion.

- Paragraphs 43 through 47 – the facts asserted in these paragraphs relating to the procedural background and discovery issues in this matter do not bear on the legal issues raised in Defendant's Motion as to whether a fiduciary duty exists under the terms of the Operating Agreement, whether Cannata violated the Computer Fraud and Abuse Act or whether HPT has proven its damages; therefore, the alleged facts are not material to the legal issues raised in the Motion.

Moreover, the Legal Argument portion of Defendant's Motion further illustrates the immateriality and irrelevance of the alleged "relevant facts" and procedural background to the legal issues raised in Defendant's Motion. For example, in Section III.B of the Motion, Defendant's argument is solely focused on the interpretation of the Operating Agreement, and does not even reference any of the alleged "relevant facts" set forth in the "Statement of Relevant Facts/Procedural Background".

Similarly, in Section III.C and III.D of the Motion, the only "relevant fact" referenced in support of Defendant's legal argument relates to Defendant's self-serving Declaration and his alleged "belief" concerning his authority to share confidential and proprietary trade secret information of HPT, which fact is disputed as detailed in HPT's response to the Motion filed contemporaneously herewith.

Finally, in Section III.E of the Motion, none of the alleged "relevant facts" are even referenced in connection with Defendant's legal argument. Instead, Defendant takes issue with HPT's damages report and the opinions and conclusions of Mr. Bone and does not reference or rely on any of the "relevant facts" set forth in the "Statement of Relevant Facts/Procedural Background".

In failing to apprise the Plaintiff and the Court as to which facts are material – not merely relevant – Plaintiff and the Court are now required to scour the record to distinguish material from the non-material facts, which is improper and violative of LR 56-1. Plaintiff would also need to file exhibits and argument concerning issues that are immaterial and irrelevant to the legal issues raised in Defendant's Motion. Likewise, in addition to being irrelevant, many of the "relevant facts" are also likely to be inadmissible at trial under the Federal Rules of Evidence, and therefore cannot be used to support a Motion for Summary Judgment.

In sum, the "Statement of Relevant Facts/Procedural Background" set forth in Defendant's Motion fails to comply with LR 56-1 in that it asserts alleged "relevant," not material facts, and because it asserts facts that are immaterial and irrelevant to the legal issues raised in Defendant's Motion. Therefore, the Court should strike Paragraphs 1-3, 5-16, 17-34, 37-47 of the "Statement of Relevant Facts/Procedural Background" set forth in Defendant's Motion.

### III. CONCLUSION

Based on the foregoing, Plaintiff HP Tuners, LLC requests that this Court strike Paragraphs 1-3, 5-16, 17-34, 37-47 of the "Statement of Relevant Facts/Procedural Background."

WHEREFORE, HP Tuners, LLC respectfully prays for an order granting its Motion to Strike Statement of Relevant Facts/Procedural Background set forth in Defendant Kenneth Cannata's Motion for Partial Summary Judgment and strike Paragraphs 1-3, 5-16, 17-34, 37-47 of the "Statement of Relevant Facts/Procedural Background," and for such other relief as this Court deems necessary and appropriate.

DATED this 4th day of August, 2021.

        MARKS & KLEIN

        /s/ Andrew P. Bleiman, Esq.
        ANDREW P. BLEIMAN, ESQ.

        FLETCHER & LEE

        /s/ Elizabeth Fletcher, Esq.
        ELIZABETH FLETCHER, ESQ.
        Attorneys for Plaintiff HP Tuners, LLC

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Local Rule IC 4-1, I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on August 4, 2021, I served the Motion to Strike Defendant Kenneth Cannata's Statement of Relevant Facts/Procedural Background Set Forth in Defendant Kenneth Cannata's Motion for Partial Summary Judgment (Dkt. 124) via the Court's Notice of Electronic Filing to all those persons registered with the United States District Court to receive service electronically for the above-captioned matter.

DATED this 4th day of August, 2021.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal