Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Eq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail: blarsen@shea.law
        kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO REDACT/SEAL EXHIBIT R AND PORTIONS OF CANNATA'S REPLY IN SUPPORT OF CANNATA'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 150]** |

Pursuant to Local Rule 10-5, Defendant Kenneth Cannata ("Cannata"), by and through its counsel of record, hereby files this *Motion to Redact/Seal Exhibit R and Potions of Cannata's Reply in Support of Motion for Partial Summary Judgment* [ECF No. 150] (the "Reply")*.*

DATED this 25th day of August 2021.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652

*Attorneys for Kenneth Cannata*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

- 1 -

1

## I.   INTRODUCTION

2        On or about June 6, 2019, this Court entered an Order granting Cannata and Plaintiff HP

3   Tuners, LLC's ("<u>Plaintiff</u>") stipulation for protective order (the "<u>Protective Order</u>") [ECF No. 30].

4   The Protective Order outlines various types of "Confidential" information, which includes non-

5   public documents relating to the business and dealings of the parties.  Exhibit R to Cannata's Reply

6   comes from the transcript of Keith Prociuk, which Plaintiff has entirely designated as

7   "Confidential – Attorneys' Eyes Only."  Although the information included therein will likely

8   need to be used at trial, at this point in time, Exhibit R to the Reply should be redacted or sealed

9   in compliance with the Protective Order.  Additionally, information contained in the Reply relating

10  to Keith Prociuk's deposition is sought to be redacted based on the designation attributed by HPT.

11       As such, Cannata respectfully requests that this Court grant the Motion, and authorize

12  Cannata's filing of Exhibit R under seal as well as the specified redactions contained in the Reply

13  (identified herein) for the reasons below.

## II.   LEGAL STANDARD

14

15       Public "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*,

16  447 F.3d 1172, 1178-79 (9th Cir. 2006).  Although a strong presumption of public access to judicial

17  records exists, information such as "confidential business information, proprietary technology, and

18  trade secrets are routinely protected by filing under seal…." *Collectors Coffee Inc. v. Blue Sunsets,*

19  *LLC*, No. 2:17-cv-01252-JCM, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017).

20  Additionally, the public's interest in accessing court records is diminished when the document and

21  confidential information therein is included with a non-dispositive motion as opposed to a

22  dispositive motion.  *See Kamakana*, 447 F.3d at 1179.

23       Indeed, when the motion to be sealed/redacted (or the documents attached thereto) is a

24  dispositive motion—i.e., summary judgment or a motion to dismiss—the party seeking to

25  redact/seal must show a compelling reason as to why sealing or redaction is necessary.  *Id.*

26  However, when there is a "discovery document [attached] to a non-dispositive motion" the normal

27  presumption of access to judicial records is rebutted, and the party seeking to seal or redact only

28

*SHEA LARSEN*
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1  need to show that "good cause" exists to protect this information from the public eye. *Id.* at 1179-

2  80.   Put differently, a good cause showing will suffice to keep sealed records attached to

3  nondispositive motions. *Id.*

4        Here, the pleading at issue which is sought to be redacted/sealed is Cannata's Reply in

5  support of his Motion for Partial Summary Judgment [ECF No. 150]. This is a dispositive motion

6  as it will effectively resolve some claims and issues in this matter. As such, the compelling reasons

7  standard applies. As is shown below, compelling reasons exist to seal Exhibit R to Cannata's

8  Reply and redact the specified portions of the Reply dealing with testimony from Keith Prociuk

9  regarding development of technology.

10  **III.   COMPELLING REASONS EXISTS TO GRANT THE MOTION AND ALLOW FOR SEALING OF EXHIBIT R AND THE REDACTION OF SPECIFIED INFORMATION COT CANNATA'S REPLY**

12        Applying the compelling reason standard from *Kamakana*, the Motion should be granted

13  based on the language of the Protective Order stipulated to between the parties, as well as this

14  Court's comments to the same, and the fact that the information sought to be redacted/sealed is

15  private business information and dealings between the parties.

16        The Protective Order defines "Confidential Material" as:

17        2.1 "Confidential" material shall include the following documents and tangible
18        things produced or otherwise exchanged: business records and employee files;
        documents relating to expertise and knowledge, including automotive tuning data
19        and data related to other types of vehicles; documents relating to undisclosed
        advertising and marketing; management communications; pricing information;
20        agreements with employees and non-parties; ***technical information about a party's***
        ***products or anticipated products***; communications and other nonpublic documents
21        relating to the business and dealings of the parties.

22  [ECF No. 30] (emphasis supplied). The Protective Order goes on to authorize, at ¶ 4.4, parties to

23  seek permission from the Court to file material under seal. *Id.* The Court also added comments at

24  the end of the Protective Order, requiring any motion to seal to comply with the requirements of

25  *Kamakana*. Here, the sealing of Exhibit R and redaction of specified lines in the Reply complies

26  with the foregoing requirements, and the Motion should be granted.

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1       Additionally, compelling reasons exist here to seal Exhibit R and redact the specified lines

2   to the Reply because the information to be redacted and/or sealed goes directly to HPT's internal

3   business information.  *See In re Conagra Foods, Inc.*, 2014 U.S. Dist. LEXIS 194205, *11 (C.D.

4   Cal. Dec. 29, 2014) ("Courts routinely find that the risk of competitive harm arising from the

5   public disclosure of internal business documents constitutes a compelling reason that justifies

6   sealing.").  Moreover, HPT has claimed that the information contained in many of these documents

7   are alleged trade secrets and alleged proprietary information of HPT.  *See Kamakana*, 447 F.3d at

8   1179 (stating that the release of trade secrets is a compelling reason sufficient to outweigh the

9   public's interest in disclosure and justify sealing court records).[1]  Moreover, HPT has designated

10  the entire transcript of Keith Prociuk as "attorneys' eyes only."  *See In re Qualcomm Litig.*, 2019

11  U.S. Dist. LEXIS 64428, *48-49 (S.D. Cal. Apr. 15, 2019) (finding that compelling reasons existed

12  to seal certain documents designated "Highly Confidential").

13      Specifically, by way of this Motion, Cannata seeks to seal Exhibit R which contains

14  information regarding the rewriting of certain of HPT's products.  This information likely falls

15  under "technical information about a party's products."  Additionally, the Reply contains various

16  citations and quotations from the confidentially-designated deposition of Keith Prociuk, which

17  deal with the development of HPT's products.  The lines which are sought to be redacted are:

18      - P. 13, lines 7-10, 26-28 of the Reply, dealing with the development of certain products

19        and technology

20      - P. 18, lines 8-17 of the Reply, dealing with the development of certain products and

21        technology

22  Compelling reasons exists to redact/seal this information because the public's interest in the same

23  does not outweigh the confidential nature of the internal business dealings of HPT or HPT's

24  process in developing certain products.  Further, Cannata is simply trying to comply with HPT's

25  designation of the Keith Prociuk deposition, which HPT has labeled as "attorneys' eyes only."

26

27

[1] While Cannata does not agree that the information is a trade secret, no formal ruling has been made and thus, a
28  compelling need currently exists to seal the documents.

1    HPT's designation, coupled with the Protective Order, requires that Cannata file this Motion to

2    Seal.

3    **IV.      CONCLUSION**

4              Accordingly, Cannata respectfully requests that Exhibit R to his Reply be sealed based on

5    HPT's designation of Keith Prociuk's deposition transcript as highly confidential and based on the

6    information contained therein which HPT alleges should not be disclosed to the public.  Moreover,

7    the specified portions of the Reply dealing with Keith Prociuk's deposition testimony relating to

8    the development of products should be redacted accordingly based on the foregoing.

9              DATED this 25th day of August 2021.

10

11                                                            SHEA LARSEN

12                                                            /s/ *Bart K. Larsen, Esq.*
                                                             Bart K. Larsen, Esq.
13                                                            Nevada Bar No. 8538
                                                             Kyle M. Wyant, Esq.
14                                                            Nevada Bar No. 14652
                                                             1731 Village Center Circle, Suite 150
15                                                            Las Vegas, Nevada 89134

16                                                            *Attorneys for Kenneth Cannata*

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, I electronically transmitted the foregoing **DEFENDANT KENNETH CANNATA'S MOTION TO REDACT/SEAL EXHIBIT R AND PORTIONS OF CANNATA'S REPLY IN SUPPORT OF CANNATA'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 150]** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*