Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Email: blarsen@shea.law
         kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO STRIKE PORTIONS OF PLAINTIFF HP TUNERS, LLC'S SUR-REPLY [ECF NO. 162]** |

Defendant Kenneth Cannata ("Cannata") hereby files this Motion to Strike (the "Motion") in response to Plaintiff HP Tuners, LLC's ("HPT") *Sur-Reply in Further Support of Motion for Summary Judgment on First Cause of Action* [ECF No. 162] (the "Sur-Reply"). This Motion is supported by the papers and pleadings on file herein, the following Memorandum of Points and Authorities, and any oral argument this Court may entertain on the Motion.

DATED this 10th day of March, 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

HPT's Sur-Reply was filed at the request of this Court by way of its Order [ECF No. 157] granting in part and denying in part both HPT and Cannata's competing Motions for Summary Judgment. Specifically, the Court requested a "sur-reply on the discrete issue of whether the software and information Cannata shared with Sykes-Bonnett constituted derivative versions of HPT's IP Identified in the Operating Agreement." [ECF No. 157] at p. 24.

HPT's Sur-Reply, however, relies largely on information that was not disclosed during discovery. Indeed, the Sur-Reply, as well as the Declaration of Keith Prociuk submitted therewith as Exhibit A, put forth an alleged comparison of select portions of the original "Technology" described in the Operating Agreement against certain HPT files allegedly shared by Cannata in 2016. While the HPT files allegedly shared in 2016 were disclosed during discovery, the original "Technology" was not. Discovery in this matter closed nearly a year ago on March 31, 2021.[1] It is highly prejudicial and entirely inappropriate for HPT to now attempt to use the previously undisclosed "Technology" to salvage its claim for breach of fiduciary duty against Cannata. Accordingly, Cannata respectfully request that the Court strike those portions of the Sur-Reply and supporting declaration that reference the "Technology". Specifically, Cannata asks that the Court Strike lines 1 – 4, 9 – 14, and 20 – 23 of page 6 of the Sur-Reply [ECF No. 162] as well as paragraphs 7, 9, and 11 of the supporting Declaration of Keith Prociuk [ECF No. 162-1].

II. **THE SUR-REPLY AND DECLARATION SUBMITTED THEREWITH MUST BE STRIKEN IN PART PURSUANT TO FRCP 26**

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide to the other party a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." If a party fails to provide information required by FRCP 26(a), "the party is ***not allowed to use that information…to supply evidence on a motion***, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1). The Ninth Circuit has routinely stated

---

[1] *See* ECF No. 108.

that "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

In its Sur-Reply and the Prociuk Declaration, HPT relies on excerpts of code allegedly contained in the original "Technology" to attempt to show similarities between such code and code contained in certain files allegedly shared by Cannata in 2016. *See* Sur-Reply, 6:1-25; Declaration of Keith Prociuk, Exhibit A to the Sur-Reply, ¶¶ 7-12. However, no code from the original "Technology" was ever disclosed during discovery. The "Technology", as HPT seeks to use it in the Sur-Reply, undoubtedly falls under documents or information that HPT "may use to support its claims or defenses." FRCP 26(a)(1)(A)(ii). HPT's failure to disclose the "Technology" during discovery denied Cannata the opportunity to have his expert witness analyze the code contained therein or to offer expert opinions as any similarities that may exist between such code and the files HPT claims Cannata improperly shared in 2016. Because the "Technology" was not disclosed during discovery, HPT must be barred from now offering it as evidence in support of the Sur-Reply.

HPT cannot establish that its failure to disclose the "Technology" was justified or harmless. *See, e.g.*, *Yeti by Molly, Ltd.*, 259 F.3d at 1106 ("…the burden is on the party facing sanctions to prove harmlessness."). Discovery has been closed for nearly a year. Any new disclosures at this point, especially considering the technical nature of the software code comparison, is unfairly prejudicial to Cannata. *See id.* (citing *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing to consider expert report because it was filed one-and-a-half months late); *see also Dayton Valley Investors, LLC v. Union Pac. R.R.*, No. 2:08-cv-00127, 2010 U.S Dist. LEXIS 103232 (D. Nev. Sept. 24, 2010) (granting a motion to strike and collecting cases from the 9th Circuit stating that any information that requires the reopening of discovery is not harmless).

Further, the Prociuk Declaration is not adequate to establish the alleged derivative nature of the work in question. The Declaration identifies nothing unique or proprietary concerning the code in question that would justify trade secret protection. Moreover, expert testimony is necessary to show the derivative nature of software through code comparison. *See, e.g.*, *Dropzonems, LLC v.*

*Cockayne*, No. 3:16-cv-02348, 2019 U.S. Dist. LEXIS 225681 (D. Or. Sept. 12, 2019) (finding a declaration to be inadmissible because the comparison was not performed by an expert); *But see R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 878, 894 (N.D. Ohio 2009) (after noting the complexity of computer software, concluded that expert testimony was necessary "to establish what elements, if any, are necessary to the function" of the software and, therefore, unprotectible); *Integrated Bar Coding Systems, Co. v. Wemert*, 2007 U.S. Dist. LEXIS 9952, 2007 WL 496464, at *4 (E.D. Mich. 2007) (in a case alleging copyright infringement of software code, opined that "[s]ubstantial similarity should be considered from the viewpoint of . . . those with knowledge and expertise in computer programming;" noted that "the lay public does not possess knowledge of what constitutes creativity in the computer code writing industry, which elements are standard and which elements are dictated by efficiency or by external standards").

Lastly, the fact that HPT shared excerpts of the code it claims Cannata improperly disclosed in publicly filed documents severely undercuts HPT's claim that such code constitutes a protectible trade secret. Indeed, a trade secret only garners protection if reasonable measures are taken to keep such information secret. "If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of this information, or otherwise publicly discloses the secret, his property right is extinguished." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984).

### III. CONCLUSION

Based on the foregoing, Cannata respectfully requests that the Court enter an order striking lines 1 – 4, 9 – 14, and 20 – 23 of page 6 of the Sur-Reply [ECF No. 162] as well as paragraphs 7, 9, and 11 of the supporting Declaration of Keith Prociuk [ECF No. 162-1].

DATED this 11th day of March 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022, I electronically transmitted the foregoing **MOTION TO STRIKE PORTIONS OF HP TUNERS, LLC'S SUR-REPLY [ECF NO. 162]** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*