UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HP TUNERS, LLC, | Case No. 3:18-cv-00527-LRH-CSD |
| Plaintiff, | ORDER |
| v. | |
| KENNETH CANNATA, | |
| Defendant. | |

Before the Court is Plaintiff HP Tuners, LLC's ("HPT") sur-reply in opposition to Defendant Kenneth Cananta's ("Cannata") motion for summary judgment as to the first cause of action for breach of fiduciary duty (ECF No. 162). Cannata filed a motion to strike aspects of the sur-reply (ECF No. 163), to which HPT responded (ECF No. 164) and Cannata replied (ECF No. 165).

For the reasons articulated in this Order, the Court grants Cannata's motion to strike and finds that genuine issues of material fact exist as to HPT's first cause of action and denies summary judgment for both parties as to that claim.

**I.    BACKGROUND**

In brief and relevant part, HPT is a Nevada limited liability company founded by Keith Prociuk ("Prociuk"), Chris Piastri ("Piastri"), and Cannata on December 31, 2003, with its principal place of business in Buffalo Grove, Illinois. ECF No. 1 at 4. HPT designs and manufactures computer hardware and software for tuning and calibrating engines and transmissions in automobiles, trucks, ATVs, snowmobiles, and various other vehicles. ECF No.

1

*Id.* This action concerns HPT's several, varying claims that Cannata misappropriated its trade secrets when he left the company and provided Syked ECU Tuning, LLC ("Syked") protected software and information.[1]

Following the Court's recent Order on summary judgment, the Court reserved judgment as to HPT's first cause of action for breach of fiduciary duty and allowed HPT the opportunity "to submit a sur-reply on the discrete issue of whether the software and information Cannata shared with Sykes-Bonnett constituted derivative versions of HPT's IP identified in the Operating Agreement." ECF No. 157 at 24. The Court provided HPT this opportunity as it was unable to respond to Cannata's argument that HPT could not show that the software and information shared with Sykes-Bonnett qualified as HPT's protectable IP under the Operating Agreement's definition of "Technology." ECF No. 150 at 12–13. Rather, Cannata argued, the software was an updated, non-derivative version of HPT's software and information. *Id.* After HPT filed its sur-reply, Cannata moved the Court to strike aspects of the sur-reply comparing code originally defined under "Technology" of the Operarting Agreement with the code that Cannata allegedly shared in 2016. ECF No. 163. Both the sur-reply (i.e., the question of summary judgment on HPT's first cause of action for breach of fiduciary duty) and the motion to strike are now ripe for decision.

## II.     LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

---

[1] For a more detailed review of the facts involved, the Court directs readers to its recent Order on summary judgment. ECF No. 157; *HP Tuners, LLC v. Cannata*, 2022 U.S. Dist. LEXIS 32679 (D. Nev. Feb. 24, 2022).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to establish a genuine dispute; "there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252.

### III. DISCUSSION

Because the pending motions are inter-related and rely on similar facts, the Court addresses them in one order. The Court will first address the motion to strike the sur-reply as the determination on that motion necessarily affects the motion for summary judgment.

#### A. Motion to Strike

As a preliminary matter, the Court must resolve a dispute about what content in HPT's sur-reply the Court may consider in its determination on the motion for summary judgment. HPT's sur-reply presents new evidence of old code that was considered "Technology" under the Operating Agreement and comparing that code to what Cannata allegedly shared in 2016. ECF No. 162 at 6. Additionally, HPT provided a declaration from Prociuk explaining why the code

Cannata allegedly shared constituted improvements, enhancements and derivative works to the information and software owned by the company under the Operating Agreement. ECF No. 162-1. Cannata seeks to strike any mention of the old code in both the sur-reply and declaration as HPT did not disclose it before the close of discovery.

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to disclose a copy or description of all documents and tangible things that the party has in its possession, custody or control and may use to support its claims or defenses. The rules further provide those initial disclosures must be made within 14 days of the parties' discovery conference or timely supplemented. *See* FED. R. CIV. P. 26(a)(1)(C); FED. R. CIV. P. 26(e).

There is largely no dispute that HPT neither produced the contested evidence in its initial disclosures or timely supplements. Rather, HPT included the contested evidence in its sur-reply to support its response to Cannata's legal arguments that he made for the first time in his reply brief. While the Court recognizes HPT acted in good faith in response to the Court's request for supplemental briefing, to permit consideration of the contested evidence at this stage in summary judgment would unfairly prejudice Cannata given the completion of briefing. The Court should have been clearer as to what specific, previously disclosed evidence and legal argumentation it was searching for in the sur-reply. Nevertheless, the contested evidence cannot be substantially justified or considered harmless with respect to the pending summary judgment motions on the first cause of action for breach of fiduciary duty. *See Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1235, 1240–41 (W.D. Wash. 2014) (striking late-disclosed evidence included in supplemental briefing). Accordingly, lines 1–4, 9–14, and 20–23 of page 6 of the sur-reply as well as paragraphs 7, 9 and 11 of the supporting declaration of Prociuk are stricken and will not be considered by the Court in ruling on the pending motions for summary judgment as to the first cause of action.[2]

///

///

---

[2] The Court does not find convincing Cannata's other argument in his motion to strike that by disclosing lines of code in its sur-reply, HPT lost their trade secret status. The stricken code in question served as out-of-context, illustrative examples and did not equate to the entirety of HPT's intellectual property.

### B. Motion for Summary Judgment

Under Nevada law, a member or manager of an LLC will be liable for breach of a fiduciary duty when: (1) a fiduciary duty exists; (2) the duty is breached, and (3) the breach proximately caused the damages alleged. *Klein v. Freedom Strategic Partners, LLC*, 595 F.Supp.2d 1152, 1162 (D. Nev. 2009). The Court reserved reaching a decision as to breach in its previous order on the motions for summary judgment because Cannata raised new arguments in a reply brief as to the second prong of the analysis: whether or not a breach had occurred.

In his reply brief, Cannata argues that HPT has not shown that the software and information he shared with Sykes-Bonnett qualifies as HPT's protectable property under the Operating Agreement, and therefore a breach has not occurred. Specifically, that § 4.2 of the Operating Agreement gives HPT only rights to "derivative works," and HPT has failed to show that any versions of the software/hardware/firmware Cannata shared are derivative works. ECF No. 150 at 12. In response, in its sur-reply, HPT argues that the protectable "Technology" in the Operating Agreement is not solely limited to derivative works, and includes "improvements, enhancements, [and] derivative works to the Technology." *See* ECF No. 162 at 3 (citing §§ 4.1 and 4.2 of the Operating Agreement).[3]

The question of whether the software and information Cannata shared with Sykes-Bonnett constituted improvements, enhancements, and derivative works to the "Technology" is a question of material fact. Although HPT has not produced definitive evidence establishing that the information and software were improvements, enhancements, and derivative works of the original "Technology" under the Operating Agreement, HPT has produced evidence to raise a substantial question about Cannata's argument that they were not improvements, enhancements, and

---

[3] The Court finds that a "derivative work," is a work "based upon one or more preexisting works that recasts, transforms, or adapts a preexisting work and consists of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship." *ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405, 414 (9th Cir. 2018) (internal quotation marks and alterations omitted). To qualify as a derivative work, a work must "exist in a 'concrete or permanent form'" and must "substantially incorporate protected material from the preexisting work." *Micro Star v. FormGen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998) (quoting *Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965, 967 (9th Cir. 1992) and citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984)). Additionally, "a work will be considered a derivative work only" if it took material from a preexisting work "without the consent of the copyright proprietor." *Micro Star*, 154 F.3d at 1112 (internal quotation marks omitted).

derivative works. Specifically, HPT points out that the "Technology" originally contributed in connection with the Operating Agreement included the "VCM Suite Software," hardware device and firmware with various features, as well as certain algorithms, routines and verifications methods. *See* ECF No. 1-1, at Attachment A. Viewing all facts and drawing all inferences in the light most favorable to HPT (as the party opposing Cannata's motion for summary judgment), a reasonable fact-finder could find that the information Cannata shared with Sykes-Bonnett—source code files related to HPT's VCM Suite and a copy of HPT's key generator—constituted improvements, enhancements, and derivative works of the original "Technology" under the Operating Agreement. Consequently, summary judgment is improper, and the motions for summary judgment as to the first cause of action for breach of fiduciary duty are denied.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Cannata's motion to strike (ECF No. 163) is **GRANTED**. Lines 1–4, 9–14, and 20–23 on page 6 of HPT's sur-reply as well as paragraphs 7, 9 and 11 of the supporting declaration of Prociuk are ordered stricken.

IT IS FURTHER ORDERED that Cannata's and HPT's motions for partial summary judgments (ECF Nos. 119, 124 (128-s)) on the first cause of action for breach of fiduciary duty are **DENIED**.

IT IS SO ORDERED.

DATED this 26th day of July, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE