MARKS & KLEIN LLC
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Cecilia Lee, Esq.
Nevada Bar No. 3344
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: efletcher@fletcherlawgroup.com
Email: clee@fletcherlawgroup.com

Attorneys for Plaintiff HP Tuners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | Case No. 3:18-cv-00527-LRH-CSD |
| Plaintiff, | **MOTION TO BAR TESTIMONY AND REPORT OF JEREMIAH H. GRANT** |
| vs. | |
| KENNETH CANNATA, | |
| Defendant. | |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), brings this Objection and Motion to Bar the Testimony and Report of Jeremiah H. Grant ("Motion"), as failing to satisfy the standards for expert testimony pursuant to Federal Rule of Evidence 702, and in support hereof states as follows:

### I.   INTRODUCTION

Plaintiff HPT brings this Motion to bar both (a) the Expert Witness Rebuttal Report

submitted by Jeremiah Grant, MBA, CVA, CLCS submitted January 8, 2021 (the "Grant Report")[1], and (b) Defendant's ability to call him as a witness at trial, for failing to meet the minimum standards for qualification of expert opinions pursuant to Federal Rule of Evidence 702 and the standard(s) articulated by the Supreme Court of the United States. *See* Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

According to his report, Grant was retained to provide "expert opinions relative to damages being claimed by [HPT]," and "a rebuttal of the report prepared by Mr. John Bone dated November 20, 2020 (the "Bone Report")." *See* Grant Report, at 3, ¶¶1-2. However, Mr. Grant's testimony under oath was unequivocal that he was not providing expertise, or any scientific knowledge that would assist the Court in understanding or determining any fact in issue, and also that he had no opinions or calculations of damages whatsoever. *Contrast Daubert*, 509 U.S. at 589-90 *with* Transcript of the Zoom Deposition of Jeremiah Grant dated March 18, 2021 ("Grant Transcr.")[2], at 12, 21-26, 29, 57, 62-63, 68, 75-90, 101, 106, 120-23. Mr. Grant provides nothing more than a layman's subjective belief and unsupported speculation. Neither the Grant Report nor Mr. Grant's testimony will assist the Court in any way with helpful (and thus relevant) testimony that relates to any issue in the case. *See Daubert*, 509 U.S. at 590, 591. As such, he should not be permitted to testify as an "expert" rebuttal witness.

## II.     ARGUMENT

### A.     FRE 702 and the *Daubert* Test

1. Courts may make pretrial rulings on the admissibility of expert testimony and are to act as gatekeepers for all expert testimony in order to evaluate whether an expert has met the criteria set forth in FRE 702 and, specifically, whether the professed expert testimony is both reliable and relevant. *See Daubert*, 509 U.S. at 589-90.

---

[1]     A true and correct copy of the Grant Report is contemporaneously being filed under seal as **Exhibit A**.

[2]     A true and correct copy of the Grant Transcr. is contemporaneously being filed under seal as **Exhibit B**.

Specifically, FRE 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

2. The proponent of an expert has the burden of proving admissibility. *See, e.g. Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1998).

3. When faced with the proffer of expert scientific testimony, a trial judge must determine at the outset, pursuant to Federal Rule of Evidence 104(a), whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue. *See Daubert*, 509 U.S. at 592. *See also* Fed. R. Evid. 104(a).

4. In assessing the proffer of expert scientific testimony under FRE 702, the Court must remain mindful of other applicable rules. For example, Federal Rule of Evidence 703 allows expert opinions based on otherwise inadmissible hearsay to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." *See Daubert*, 509 U.S. at 595. *See also* Fed. R. Evid. 703.

5. It is error to admit evidence which fails to satisfy the reliability requirements of FRE 702. *See, e.g. United States v. 99.66 Acres of Land*, 970 F.2d 651, 654 (9th Cir. 1992).

**B. <u>Mr. Grant Fails To Provide Any Expertise Or Opinions Regarding the Matters He Was Retained to Rebut, and Thus Provides No Assistance or Understanding to the Trier of Fact</u>**

6. The Grant Report states that the scope of Mr. Grant's engagement is to provide "independent, expert opinions relative to damages being claimed by HP Tuners," and a rebuttal of the Bone Report, which includes various criticisms of Mr. Bone's calculations. *See* Grant Report, at 3, ¶¶1-2, at 8-20, ¶¶30-57.

7. The topics as to which the Grant Report lays out its criticisms of the Bone Report

include fraudulent credits, lost revenues, and the "cracked software" or source code. *Id.* Notwithstanding that, under deposition questioning, Mr. Grant *provided no opinions on these topics and no rebuttal values or calculations whatsoever* to support him being a "rebuttal witness" or "expert."

8.  Specifically, Mr. Grant testified that he did not offer any alternative calculation of damages with respect to any of the categories of damages that the Bone Report set forth. *See* Grant Transcr., at 11-12.

9.  Mr. Grant did not provide any alternative definition of "book value" in rebuttal to the Bone Report. *Id.*, at 21-26, 57, 63, 89-90.

10.  Mr. Grant admittedly has no experience nor expertise in the automotive industry. *Id.*, at 29.

11.  Although Mr. Grant appears to criticize Plaintiff's evaluation of HPT's intellectual property assets, he possesses no opinion of the value of HPT's assets nor is any contained in his report. *Id.*, at 63.

12.  Although Mr. Grant concedes that HPT's source code files that Defendant shared with others "are not worth zero" and have value to Plaintiff HPT, he did not offer any alternative methods for calculating the development cost of misappropriated property. *Id.*, at 87-88. His sole opinion was that the Bone Report was flawed, but he specifically "[doesn't] have an independent opinion of what a more correct figure would have been." *Id.*, at 88.

13.  On the issue of fraudulent credits, Mr. Grant stood firm that the Bone Report contained "clearly an unreliable methodology." *Id.*, at 100. Nonetheless, when asked what methodology he would have used to estimate how many credits would have been used subsequent to the last recorded use date, or alternative calculations as to lost revenue by virtue of the fraudulent credits, Mr. Grant had no opinions or calculations. *Id.*, at 100-02, 106. Mr. Grant "[did not] take exception" to the actual credit usage. *Id.*, at 103.

14.  Mr. Grant concedes that the existence of "cracked software" that would allow a user to bypass licensing and obtain credits without paying HPT would cause damages to HPT. *Id.*,

at 121, 128.  However, he offers neither a rebuttal nor any opinion at all as to what that calculation of damages would be other than to disagree with the Bone Report (while conceding agreement with the math).  *Id.*, at 120-23.

### III.  <u>CONCLUSION</u>

WHEREFORE, Plaintiff HP TUNERS, LLC, respectfully prays that this Honorable Court enter an Order excluding the Grant Report from admission into evidence, and to bar any testimony from Jeremiah H. Grant, MBA, CVA, CLCS, and for any other relief as the Court deems necessary and appropriate.

Dated this 30th day of December, 2022.        Respectfully submitted,

*s/ Andrew P. Bleiman*

*s/ Elizabeth Fletcher*
Attorneys for HP Tuners, LLC

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify under penalty of perjury that I am an employee of FLETCHER & LEE, 448 Ridge Street, Reno, Nevada 89501, and that on December 30, 2022, I served copies of **MOTION TO BAR TESTIMONY AND REPORT OF JEREMIAH H. GRANT** via the Court's Notice of Electronic Filing to all those persons listed on the United States District Court CM/ECF Confirmation Sheet.

DATED this 30th day of December, 2022.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal

## INDEX OF EXHIBITS

| Exhibit | Description | Page Count |
|---------|-------------|------------|
| A | Expert Witness Rebuttal Report submitted by Jeremiah Grant, MBA, CVA, CLCS submitted January 8, 2021 | Filed Under Seal |
| B | Transcript of the Zoom Deposition of Jeremiah Grant dated March 18, 2021 | Filed Under Seal |