Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Eq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail: blarsen@shea.law
          kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO REDACT OR SEAL SPECIFIED EXHIBITS ATTACHED TO MOTION IN LIMINE TO DISQUALIFY AND EXCLUDE TESTIMONY FROM PLAINTIFF'S PROPOSED EXPERT ELIZABETH GROVES** |

Pursuant to Local Rule 10-5, Defendant Kenneth Cannata ("Cannata"), by and through its counsel of record, hereby files this Motion to Redact or Seal Specified Exhibits Attached to his *Motion in Limine to Disqualify and Exclude Testimony from Plaintiff's Proposed Expert Elizabeth Groves* (the "Motion in Limine").

///
///
///
///
///
///

- 1 -

Specifically, Cannata seeks to redact/seal two exhibits submitted with his Motion in Limine regarding Plaintiff's proposed expert Elizabeth Groves.

DATED this 30th day of December, 2022.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
*Attorneys for Kenneth Cannata*

## I.     INTRODUCTION

On or about June 6, 2019, this Court entered an Order granting Cannata and Plaintiff HP Tuners, LLC's ("Plaintiff") stipulation for protective order (the "Protective Order") [ECF No. 30]. The Protective Order outlines various types of "Confidential" information, which includes non-public documents relating to the business and dealings of the parties. The exhibits that Cannata necessarily included in his Motion in Limine may fall under the Protective Order's classification of Confidential Information. Although the information included therein will likely need to be used at trial, at this point in time, the information specifically described in more detail below should be redacted or sealed in compliance with the Protective Order.

As such, Cannata respectfully requests that this Court grant this Motion, and authorize Cannata's filing of the two exhibits contained in his Motion in Limine as set forth herein.

## II.    LEGAL STANDARD

Public "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Although a strong presumption of public access to judicial records exists, information such as "confidential business information, proprietary technology, and trade secrets are routinely protected by filing under seal…." *Collectors Coffee Inc. v. Blue Sunsets, LLC,* No. 2:17-cv-01252-JCM, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017). Additionally, the public's interest in accessing court records is diminished when the document and

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

confidential information therein is included with a non-dispositive motion as opposed to a dispositive motion. *See Kamakana*, 447 F.3d at 1179.

Indeed, when the motion to be sealed/redacted (or the documents attached thereto) is a dispositive motion—i.e., summary judgment or a motion to dismiss—the party seeking to redact/seal must show a compelling reason as to why sealing or redaction is necessary. *Id.* However, when there is a "discovery document [attached] to a non-dispositive motion" the normal presumption of access to judicial records is rebutted, and the party seeking to seal or redact only need to show that "good cause" exists to protect this information from the public eye. *Id.* at 1179-80. Put differently, a good cause showing will suffice to keep sealed records attached to nondispositive motions. *Id.*

Here, the pleading at issue which is sought to be redacted/sealed is Cannata's Motion in Limine excluding testimony from Elizabeth Groves based on her lack of qualifications and failure to provide relevant and helpful information. This is nondispositive, and thus the good cause standard applies. As is shown below, compelling reasons exist to redact/seal the exhibits submitted with Cannata's Motion in Limine as set forth herein.

### III. COMPELLING REASONS EXISTS TO GRANT THE MOTION AND ALLOW FOR THE SEALING OF THE EXHIBITS SUBMITTED WITH CANNATA'S MOTION IN LIMINE SET FORTH BELOW

Applying the compelling reason standard from *Kamakana*, the Motion should be granted based on the language of the Protective Order stipulated to between the parties, as well as this Court's comments to the same, and the fact that the information sought to be redacted/sealed is private business information and dealings between the parties.

The Protective Order defines "Confidential Material" as:

> 2.1 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: business records and employee files; documents relating to expertise and knowledge, including automotive tuning data and data related to other types of vehicles; documents relating to undisclosed advertising and marketing; management communications; pricing information; agreements with employees and non-parties; technical information about a party's products or anticipated products; ***communications and other nonpublic documents relating to the business and dealings of the parties***.

[ECF No. 30] (emphasis supplied).  The Protective Order goes on to authorize, at ¶ 4.4, parties to seek permission from the Court to file material under seal.  *Id.*  The Court also added comments at the end of the Protective Order, requiring any motion to seal to comply with the requirements of *Kamakana*.  Here, all of the information requested to be sealed complies with the foregoing requirements, and this Motion should be granted.

Additionally, good cause exists here to redact the exhibits supplied with the Motion in Limine because the information to be sealed goes directly to HPT's internal business information and documents.  *See In re Conagra Foods, Inc.*, 2014 U.S. Dist. LEXIS 194205, *11 (C.D. Cal. Dec. 29, 2014) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing."). Moreover, HPT has claimed that the information contained in many of these documents are alleged trade secrets and alleged proprietary information of HPT.  *See Kamakana*, 447 F.3d at 1179 (stating that the release of trade secrets is a compelling reason sufficient to outweigh the public's interest in disclosure and justify sealing court records).[1]  Moreover, HPT has designated many of these documents "attorneys' eyes only" and "highly confidential."  *See In re Qualcomm Litig.*, 2019 U.S. Dist. LEXIS 64428, *48-49 (S.D. Cal. Apr. 15, 2019) (finding that compelling reasons existed to seal certain documents designated "Highly Confidential").

Specifically, by way of this Motion, Cannata seeks to redact/seal:

**Exhibit 1 to the Motion in Limine – Elizabeth Grove's Expert Report**
**Exhibit 2 to the Motion in Limine – Deposition Transcript of Elizabeth Groves**

This information falls under "communications and other nonpublic documents relating to the business and dealings of the parties."  Good cause exists to redact/seal this information because the public's interest in the same does not outweigh the confidential nature of the amounts paid to specific individuals, internal business dealings of HPT, the financials of HPT, or the internal meetings and decisions of Plaintiff prior to the initiation of this litigation.

///

---

[1] While Cannata does not agree that the information is a trade secret, no formal ruling has been made and thus, a compelling need currently exists to seal the documents.

- 4 -

**IV.   CONCLUSION**

Accordingly, Cannata respectfully requests that the exhibits submitted with his Motion in Limine be sealed as requested herein.

DATED this 30th day of December, 2022.

                                    SHEA LARSEN

                                    /s/ *Bart K. Larsen, Esq.*
                                  Bart K. Larsen, Esq.
                                  Nevada Bar No. 8538
                                  Kyle M. Wyant, Esq.
                                  Nevada Bar No. 14652
                                  1731 Village Center Circle, Suite 150
                                  Las Vegas, Nevada 89134
                                  *Attorneys for Kenneth Cannata*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2022, I electronically transmitted the foregoing **DEFENDANT KENNETH CANNATA'S MOTION TO REDACT OR SEAL SPECIFIED EXHIBITS ATTACHED TO MOTION IN LIMINE TO DISQUALIFY AND EXCLUDE TESTIMONY FROM PLAINTIFF'S PROPOSED EXPERT ELIZABETH GROVES** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432