MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: efletcher@fletcherlawgroup.com

Attorneys for Plaintiff HP Tuners, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>   Plaintiff,<br><br>   vs.<br><br>KENNETH CANNATA,<br><br>   Defendant. | Case No. 3:18-cv-00527-LRH-WGC<br><br>**PLAINTIFF HP TUNERS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT KENNETH CANNATA'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO DEVELOPMENT COSTS INCURRED BY HP TUNERS, LLC FOR ALLEGED TRADE SECRETS**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), brings this Response to Defendant, KENNETH CANNATA's ("Defendant" or "Cannata") Motion in Limine to Preclude Any Reference to Development Costs Incurred by HP Tuners, LLC for Alleged Trade Secrets. In support hereof, Plaintiff states as follows:

## PREFATORY NOTE

As an initial matter, the rationale underlying pre-trial motions in limine does not have the same application in a bench trial, where it is presumed the judge will disregard inadmissible

1

evidence and rely only upon competent evidence. *See Wright v. Watkins & Shepard Trucking, Inc.*, 2016 U.S. Dist. LEXIS 6530, *9 (D. Nev. Jan. 19, 2016). A primary purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. *Id.* There is thus less need for the Court to perform its "gatekeeper" function of precluding presentation of certain evidence to a jury "when the gatekeeper is keeping the gate only for himself." *Id.*, at *10 *citing United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).

## ARGUMENT

Defendant's Motion in Limine to to Preclude Any Reference to Development Costs Incurred by HP Tuners, LLC for Alleged Trade Secrets is based on a misinterpretation of the Court's prior ruling and should be denied. Defendant's Motion misstates and misconstrues the Court's prior discussion on the issue of development costs.

Contrary to Defendant's claims, in connection with the motions for summary judgment, the Court did not hold that "HPT's alleged costs of development is not an appropriate measure of damages." Rather, the Court's prior discussion of this issue merely identified questions of fact which precluded summary judgment, but it did not constitute a determination that the development costs incurred by Plainitff could not serve as the measure of the costs avoided by Defendant in connection with the unjust enrichment measure of damages.

In fact, the Court cited to specific Ninth Circuit case law authorizing the recovery of development costs as costs avoided by the party who misappropriated the trade secrets. As the Court (ECF 157, at p. 18) stated:

> [T]he Ninth Circuit and district courts have recognized that unjust enrichment, in the context of trade secrets damages, may be appropriate where the infringer receives a benefit as a result of their wrongdoing. *See Bourns, Inc v. Raychem Corp.*, 331 F.3d 704, 709–10 (9th Cir. 2003) (affirming $9M unjust enrichment damages award based on evidence that trade secrets cost $3M per year to develop and that defendant had saved at least 3 years of development by its misappropriation); *Oracle Corp. v. SAP AG*, 734 F.Supp.2d 956, 970 (N.D. Cal. 2010) ("…trade secret law allows recovery of saved development costs."). Specifically, a plaintiff may seek "recovery of

'development costs' saved by misappropriating, rather than developing, the trade secrets at issue." *Id.* (citing *Ajaxo, Inc. v. E*Trade Group, Inc.*, 135 Cal. App. 4th 21 (2005)).

In addition, contrary to Defendant's claims, avoided costs are a proper measure of unjust enrichment damages. The DTSA expressly permits unjust enrichment as damages. The DTSA permits a plaintiff to seek:

> damages for actual loss caused by the misappropriation; and . . . damages for any unjust enrichment caused by the misappropriation . . . that is not addressed in computing damages for actual loss; or . . . in lieu of damages measured by [those] methods, the damages . . . measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret.

*See* 18 U.S.C. § 1836(b)(3)(B) (emphasis added).

"Unjust enrichment damages include what the parties call "avoided costs" – i.e. the development costs that [defendant] avoided incurring when it misappropriated [plaintiff's] trade secrets." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2021 U.S. Dist. LEXIS 75875, at *23 (S.D.N.Y. Apr. 20, 2021). As the *Syntel* court held:

> *These avoided costs are recoverable as damages for unjust enrichment under the DTSA and its state law counterparts derived from the Uniform Trade Secrets Act* ("UTSA") (Unif. Law Comm'n 1985). See, e.g., Epic Sys. Corp. v. Tata Consultancy Servs. Ltd., 980 F.3d 1117, 1130 (7th Cir. 2020) (affirming avoided cost damages awarded under the Wisconsin UTSA as "head start" unjust enrichment damages); Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 866 (8th Cir. 2004) (construing identical language under the Minnesota UTSA, and upholding a jury award where the evidence showed that defendants "accelerated their entry into the market by using [Plaintiff's] information"); Motorola Sols., Inc. v. Hytera Comm'cns Corp., 495 F. Supp. 3d 687, 2020 U.S. Dist. LEXIS 210899, 2020 WL 6554645, at *12-15 (N.D. Ill. Oct. 19, 2020) (ratifying jury's award of defendant's avoided research and development costs as unjust enrichment under the DTSA); Steves & Sons, Inc. v. JELD-WEN, Inc., 2018 U.S. Dist. LEXIS 80306, 2018 WL 2172502, at *6 (E.D. Va. May 10, 2018) (explaining that avoided costs are "appropriately considered" a part of the trade secret plaintiff's "unjust enrichment damages" recoverable under the DTSA); see generally Restatement (Third) of Unfair Competition ("Restatement") § 45 cmt. c (1995)("In some situations the defendant's enrichment is represented by profits from sales*

>made possible by the appropriation; in others, by savings achieved through the use of the trade secret in the defendant's business.").

See *Id.*, at 23 (emphasis added).

Furthermore, avoided costs damages under the theory of unjust enrichment represent "the wrongful gain to the party that misappropriated the trade secret." *Id.* at 24. This "wrongful gain" may be quantified as the research and development funds saved by the defendant, which the plaintiff may recover in full. *Id.* at *23-24. Notably, a plaintiff may use its *own* research and development costs as a proxy for what the defendant "saved" by virtue of the misappropriation. *Id.* at *25. The use of a plaintiff's actual development costs as a proxy for the amount that a defendant saved in development costs is a "common way to determine a wrongdoer's avoided costs." *Id.* at 25 *citing GlobeRanger Corp. v. Software AG United States of Am., Inc.*, 836 F.3d 477, 499 (5th Cir. 2016) ("The costs a plaintiff spent in development . . . can be a proxy for the costs that the defendant saved."); *see also The Sedona Conference, Commentary on Monetary Remedies in Trade Secret Litigation*, May 2022 Public Comment Version, p. 15 ("Unjust enrichment damages can also reflect the development costs the defendant avoided through the misappropriation. Plaintiffs have succeeded in obtaining major awards on this basis.")(attached as Exhibit A).[1]

Consequently, Defendant's motion to preclude introduction of Plaintiff's development costs incurred is unfounded and baseless. At trial, Defendant can certainly cross-examine Plaintiff's witnesses or present evidence in an attempt to rebut or refute the development costs incurred by Plaintiff; however, Plaintiff should not be precluded herein from presenting evidence of its development costs incurred, and Defendant's motion in limine should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Kenneth Cannata's Motion in Limine to Preclude Any Reference to Development Costs Incurred by HP Tuners, LLC for Alleged Trade Secrets should be denied.

---

[1] It should be noted that Plaintiff's expert witness John Bone, CPA, CFF was a Contributing Editor to this treatise.

---

WHEREFORE, Plaintiff HP TUNERS, LLC respectfully requests this Court enter an Order denying Defendant Kenneth Cannata's Motion in Limine to Preclude Any Reference to Development Costs Incurred by HP Tuners, LLC for Alleged Trade Secrets, and for any and all other such relief this Court determines to be equitable and just under the circumstances.

DATED this 13th day of January, 2023.

                                          MARKS & KLEIN

                                          /s/ Andrew P. Bleiman, Esq.
                                          ANDREW P. BLEIMAN, ESQ.

                                          FLETCHER & LEE

                                          /s/ Elizabeth Fletcher, Esq.
                                          ELIZABETH FLETCHER, ESQ.
                                          Attorneys for Plaintiff HP Tuners, LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Local Rule IC 4-1, I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on January 13, 2023, I served the <u>Plaintiff HP Tuners, LLC's Response to Defendant Kenneth Cannata's Motion in Limine to Preclude Any Reference to Development Costs Incurred by HP Tuners, LLC for Alleged Trade Secrets</u> via the Court's Notice of Electronic Filing to all those persons registered with the United States District Court to receive service electronically for the above-captioned matter.

DATED this 13th day of January, 2023.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal