MARKS & KLEIN
Andrew P. Bleiman, Esq.
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: efletcher@fletcherlawgroup.com

Attorneys for Plaintiff HP Tuners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>     vs.<br><br>KENNETH CANNATA,<br><br>            Defendant. | Case No. 3:18-cv-00527-LRH-CSD<br><br>**PLAINTIFF HP TUNERS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT KENNETH CANNATA'S MOTION IN LIMINE TO DISQUALIFY AND EXCLUDE TESTIMONY FROM PLAINTIFF'S PROPOSED EXPERT ELIZABETH GROVES**<br><br>**ORAL ARGUMENT REQUESTED** |

   Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), brings this Response to Defendant, KENNETH CANNATA's ("Defendant" or "Cannata") Motion in Limine to Disqualify and Exclude Testimony from Plaintiff's Proposed Expert Elizabeth Groves (the "Motion"). In support hereof, Plaintiff states as follows:

1

# ARGUMENT[1]

The Court may make pretrial rulings on the admissibility of expert testimony and act as gatekeepers for all expert testimony in order to evaluate whether an expert has met the criteria set forth in Federal Rule of Evidence 702 and, specifically, whether the professed expert testimony is both reliable and relevant. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90 (1993). Specifically, Fed. R. Evid. 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In applying Fed. R. Evid. 702, the Ninth Circuit "contemplates a *broad conception* of expert qualifications." *Hangartner v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (emphasis in original). *See also Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558,

---

[1] As an initial matter, the rationale underlying pre-trial motions in limine does not have the same application in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. *See Wright v. Watkins & Shepard Trucking, Inc.*, 2016 U.S. Dist. LEXIS 6530, *9 (D. Nev. Jan. 19, 2016). Such motions facilitate pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. *Id.* There is thus less need for the Court to perform its "gatekeeper" function of precluding presentation of certain evidence to a jury "when the gatekeeper is keeping the gate only for himself." *Id.*, at *10 citing United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).
  It thus makes little sense that Defendant would assert that "here, as the above-referenced action is to proceed in front of a jury, granting motions in limine such as the one presented here is proper to ensure that a jury is not tainted by the reference to inadmissible evidence." Motion, at 7 *citing Gonzalez v. Shotgun Nev. Invs., LLC*, 2017 U.S. Dist. LEXIS 23052, *8 (D. Nev. Feb. 17, 2017). This is not true and such assurances need not occur.

564; *Daubert*, 509 U.S. at 596. The reliability of expert testimony may rest on his or her personal knowledge or experience. *See Kumho Tire Co., Ltd. v. Charmichael*, 526 U.S. 137, 150 (1999). *See also Hangartner*, 373 F.3d at 1018; *Medimpact Healthcare Sys. v. IQVIA Holdings, Inc.*, 2022 U.S. Dist. LEXIS 186470, *7 (S.D. Cal. Oct. 7, 2022).

Ms. Groves and the testimony she intends to offer meet the criteria of relevance and reliability set forth in Fed. R. Evid. 702 and *Daubert* and, as such, Defendant's Motion should be denied.

Defendant's Motion summarizes the alleged bases for attempting to exclude Ms. Groves as follows:

(1) That she ostensibly does not have experience in the automotove industry;

(2) That she does not have any educational experience relating to software design or development or code comparison;

(3) That her educational experience is comprised solely of degrees in physics which is nothing like software analysis or code comparison for automobile tuning technology;

(4) That she has not made any publications, presentations, or has expertise in any field since 2013;

(5) That she has never been qualified as an expert in any case; and,

(6) That she admitted that she lacks experience "in this field", has only a general understanding of the technology at issue, and does not know whether the code at issue is actually the property of Plaintiff.

*See* Motion, at 2.

Each of these contentions is either false, irrelevant to what Ms. Groves was retained for and/or her opinions, or is irrelevant to the standard set forth in Fed. R. Evid. 702 and *Daubert*.

First, Ms. Groves is highly qualified as an expert by her knowledge, skill, experience, training, and education, and by virtue of such specialized knowledge can assist the trier of fact. As the Report of Elizabeth Groves, Ph.D. dated November 20, 2020 ("Groves Report")[2] indicates,

---

[2] A true and correct copy of the Groves Report was filed in connection with Defendant's

she was retained to provide technical services and opinions related to a forensic analysis of a cell phone, a laptop, and a tower computer hard drive. *See* Groves Report, at 1, ¶3. Although Defendant retained a rebuttal expert, Mark D. Gianturco, Ph.D., at no point in his report or deposition did he rebut, contradict or in any way take issue with said forensic analysis.[3] Furthermore, the Motion does not in any way address or challenge the expert opinions of Ms. Groves pertaining to her forensic analysis, which are not elaborate and are summarized as:

- Per the Complaint, Defendant Cannata signed a Membership Interest Purchase Agreement ("Purchase Agreement") with Plaintiff HPT on October 20, 2016, pursuant to which she was informed that he agreed to return or destroy all of Plaintiff's proprietary and confidential information, including, among others, any and all firmware and software source code relating to the MPVI. Also, that Cannata was also under an 18-month non-compete period.

- Cannata accessed Syked materials prior to the end of the non-compete period.

- Cannata retained Plaintiff's confidential and proprietary software and hardware after October 20, 2016.

- There is significant overlap between the "Elim Files" and the "HPT Files." The HPT Files are assembly files from HP Tuners that contain firmware for the MPVI cable. The Elim Files are assembly files found on Mr. Cannata's HP notebook and on his tower computer that appear to be used for the Syked Eliminator cable.

- Cannata's iPhone was not actively used prior to March 18, 2020, or was factory reset circa March 18, 2020.

- There are multiple email addresses containing Mr. Cannata's name on analyzed devices, including ken_cannata@charter.net, kencannata@gmail.com, ken_cannata@att.net. Cannata had files indicative of the Dropbox application on one

---

Motion to Seal, ECF No. 187.

[3]   A true and correct copy of the Expert Report of Mark D. Gianturco, Ph.D., the "Gianturco Report," has been filed under seal with Plaintiffs' Motions in Limine, ECF No. 177.

of his computers. Ms. Groves was not provided with login credentials or access to any email or cloud storage accounts and thus did not include email and cloud storage content in her analysis but reserved the right to supplement her opinions if additional information became available.

*See* Groves Report, at 2-3, ¶¶11-16.

Instead, the Motion is devoted almost entirely to alleging that she lacks expert qualifications. However, many of those attacks are either false or not pertinent to the standard of Fed. R. Evid. 702.

Second, Ms. Groves does in fact have experience as to automotive software, and she did not "admit" having none. *Contrast* Motion *with* Groves Report, at 2, ¶9 *and* Transcript of the Deposition of Elizabeth Groves, Ph.D. dated March 21, 2021 ("Groves Tr.")[4], at 14-16, 21. Third, Ms. Groves' curriculum vitae designates more than 10 publications and presentations (with Defendant giving no indication as to why the dates make her any more or less qualified). *See* Groves Report, Ex. A. Fourth, whether or not Ms. Groves was "qualified" as an expert in any other lawsuit is similarly not a requirement of Fed. R. Evid. 702 or interpreting case law. She has, however, been extensively involved in prior litigation. *See* Groves Tr., at 17-21. Fifth, and as noted above, the contention that Ms. Groves does not know whether or not the source code at issue is the property of Plaintiff, is a red herring. She has not offered any opinions in that regard. *Contrast* Motion, at 6 *with* Groves Report, at 2-3. Finally, it is simply not true that Ms. Groves has no experience in software design or code. She does, and she has written code. *See* Groves Tr., at 14-21, 29.

Nothing prevents Defendant's counsel from cross-examining Ms. Groves as to her experience and qualifications, and the Court may determine that her broadly conceived expert qualifications as contemplated by Fed. R. Evid. 702 reliably aid the trier of fact. *See, e.g.*

---

[4]   A true and correct copy of the deposition transcript of Ms. Groves was filed in connection with Defendant's Motion to Seal, ECF No. 187.

*Hangartner,* 373 F.3d at 1015, 1018, *Thomas,* 42 F.3d at 1266, *and Kumho Tire,* 526 U.S. at 150. In advocating for his claims, Defendant very well may dispute Ms. Groves's opinions and cross-examine her. But this should not be conflated with a claim that she should be barred for lack of expert qualification. *Contrast Primiano,* 598 F.3d at 564 *and Daubert*, 509 U.S. at 596, *with* Motion. Ms. Groves is a qualified expert, and her opinions are both relevant and reliable in accordance with Federal Rule of Evidence 702 and *Daubert*.

## CONCLUSION

For the foregoing reasons, Defendant Kenneth Cannata's Motion in Limine to Disqualify and Exclude Testimony from Plaintiff's Proposed Expert Elizabeth Groves should be denied.

WHEREFORE, Plaintiff HP TUNERS, LLC respectfully requests this Court enter an Order denying Defendant Kenneth Cannata's Motion in Limine to Disqualify and Exclude Testimony from Plaintiff's Proposed Expert Elizabeth Groves, and for any and all other such relief this Court determines to be equitable and just under the circumstances.

DATED this 13th day of January, 2023.

MARKS & KLEIN

/s/ Andrew P. Bleiman, Esq.
ANDREW P. BLEIMAN, ESQ.

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.
Attorneys for Plaintiff HP Tuners, LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Local Rule IC 4-1, I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on January 13, 2023, I served the <u>Plaintiff HP Tuners, LLC's Response to Defendant Kenneth Cannata's Motion in Limine to Disqualify and Exclude Testimony from Plaintiff's Proposed Expert Elizabeth Groves</u> via the Court's Notice of Electronic Filing to all those persons registered with the United States District Court to receive service electronically for the above-captioned matter.

DATED this 13th day of January, 2023.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal