Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Email: blarsen@shea.law
         kwyant@shea.law

*Attorneys for Defendant
Kenneth Cannata*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**OPPOSITION TO MOTION TO BAR TESTIMONY AND REPORT OF JEREMIAH H. GRANT** |

Defendant Kenneth Cannata ("Cannata") hereby files this Opposition to Plaintiff HP Tuners, LLC's ("Plaintiff") *Motion to Bar Testimony and Report of Jeremiah Grant* (the "Motion").[1] This Opposition is supported by the papers and pleadings on file herein, the following Memorandum of Points and Authorities, any exhibits attached hereto, and any oral argument this Court may entertain on the Motion.

DATED this 13th day of January 2023.

**SHEA LARSEN**
/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
*Attorneys for Kenneth Cannata*

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiff, by way of its Motion, seeks to bar Cannata's properly retained, disclosed, and qualified rebuttal expert in Jeremiah Grant ("Mr. Grant"), a certified valuation analyst, from testifying at trial. To be clear, the Motion does not question Mr. Grant's qualifications or background or education. Rather, the Motion's primary issue is with the fact that Plaintiff has unilaterally determined that the failure to provide rebuttal calculations somehow precludes a rebuttal expert from testifying. Case law is clear that such a proposition is flawed and false. Additionally, the Motion's remaining points are misstatements of Mr. Grant's actual testimony; for example, while the Motion claims that that Mr. Grant did not provide any alternative definition of "book value,"[2] the transcript from Mr. Grant's deposition clearly shows otherwise:

> **Q: How would you define "book value"?**
> A. Let me answer it this way: I think that, at a minimum, in terms of equity, book value would include all assets of the company and all liabilities, just like your client said yesterday, to my understanding. And if – if we frame the question that way in terms of book value of – of equity would be the difference between all assets and all liabilities, I would be comfortable with that. I think that's fair.
> I think that that accurately captures the reality – the economic and financial reality of the company's situation; whereas, you know, only using some assets and using their depreciated value, which may or may not have any connection to economic reality, although, perhaps, technically correct in certain circumstances, is not fair and really reflects a distortion of reality.
>
> ***
>
> **Q: You don't offer any alternative definition of book value, do you?**
> A. I mean, as we went over this at length earlier today –
> **Q: In your report. In your report. In your report, you do not offer an alternative definition of book value?**
> A. That's not true.
> **Q: Okay. Where is your alternative definition of book value?**
> A. In footnote 8 I cite, and I quote, "In fact, the very glossary he" – he being Mr. Bone – cited within his footnote offers at least two different definitions related to book value.[3]

Mr. Grant's report further elaborates that there are several different accepted definitions for the term "book value".[4]

---

[2] Motion, ¶¶ 9, 12-14.

[3] *See* Deposition Transcript of Jeremiah Grant, pp. 25, 57, submitted with the Motion as Exhibit B.

[4] *See* Mr. Grant's Rebuttal Report, p. 8, submitted with the Motion as Exhibit A (recognizing that there are many

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Because the Motion's allegations regarding Mr. Grant's testimony and report are provably false, and because the Motion's legal premises are flawed as shown by case law provided herein, including case law from this very district, the Motion should be denied and Mr. Grant, who is a qualified expert witness and who has testified in other proceedings, should be allowed to testify regarding the opinions in his report, which include, but are not limited to, the flaws contained in the analyses proffered by Plaintiff's proposed experts.

## II.   LEGAL ARGUMENT

### A.  Legal Standard for Expert Testimony

FRE 702 "permits testimony on scientific, technical, or other specialized knowledge by experts qualified by knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. *Cloud v. Quality Homes Servs.*, No. 3:11-cv-0247-LRH, 2012 U.S. Dist. LEXIS 92693 (D. Nev. July 5, 2012).  This Court has acknowledged that expert testimony is reliable if it is "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert applies the principles and methods reliably to the facts of the case." *Id.* at *3.  So long as the rebuttal opinion testimony is reliable, it is admissible under the Federal Rules of Evidence. *Id.* at *4 (refusing to grant a motion to strike a rebuttal expert based on the expert's qualifications and experience and skill).

Additionally, a rebuttal expert's testimony is proper if it addresses the same subject matter of the initial expert report to which it relates. *Tuuamalemalo v. Las Vegas Metro. Police Dep't*, 2017 U.S. Dist. LEXIS 64800 (D. Nev. Apr. 28, 2017). "The decision to admit rebuttal testimony is entrusted to the sound discretion of the district court."  *Id.* (denying a motion to strike a rebuttal expert).

### B. Mr. Grant is indisputably qualified to render his rebuttal opinions to Mr. Bone's valuation analysis.

At no point in the Motion does Plaintiff assert that Mr. Grant is somehow not qualified to render his rebuttal opinions relating to valuation and, in turn, damages claimed by Plaintiff via its

---

different and accepted definitions of "book value").

- 3 -

expert Mr. Bone. Nor could Plaintiff make such an argument. Indeed, Mr. Grant has over 20 years of experience regarding business valuation and the calculation of economic damages.[5] Mr. Grant has experience in valuation of future losses associated with wrongful conduct, such as those asserted by Plaintiff here.[6] Mr. Grant has written expert reports and business valuation reports in well over 100 matters in both state and federal court, and has testified nearly 40 times in several state and federal court jurisdictions.[7] He also has taught a Business Valuation graduate level course at the University of Utah.[8] Mr. Grant is clearly qualified to rebut damages and valuations asserted by Mr. Bone regarding alleged future lost profits, the valuation of Plaintiff based on "book value" (which is undefined in the agreements relied upon by Plaintiff in this case), as well as the assumptions which Mr. Bone has adopted without any sufficient foundation.[9] Mr. Grant is also a certified valuation analyst from the National Association of Certified Valuators and Analysts.[10]

Mr. Grant's experience, training, and skill alone should be sufficient to deny Plaintiff's Motion. *See Cloud*, No. 3:11-cv-0247-LRH, 2012 U.S. Dist. LEXIS 92693 at *4 (denying a motion to strike because the expert was qualified based on his background and teaching of the subject matter, and thus his testimony was reliable).

    **C. The Motion's primary assertion that Mr. Grant should be precluded from testifying because he allegedly offers no rebuttal methods or alternative calculations to Mr. Bone's proposed testimony is entirely irrelevant under applicable law.**

The Court should keep in mind that Mr. Grant is a rebuttal expert. Despite Mr. Grant's status as a rebuttal expert, Plaintiff seeks to exclude him primarily because Plaintiff baselessly asserts that Mr. Grant "provided no opinions on these topics and no rebuttal value or calculations whatsoever.…"[11]

---

[5] *See id.* at Appendix B.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *See* Cannata's Motion in Limine to Strike or Preclude Testimony from Plaintiff's Proposed Expert John Bone [ECF No 185].

[10] *Id.*

[11] *See* Motion, ¶ 7.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1    As an initial matter, Plaintiff's assertion that Mr. Grant provides no opinions in his rebuttal report is entirely incorrect. Indeed, Mr. Grant provides both "direct criticisms" and "additional criticisms" (i.e., opinions) regarding Plaintiff's expert's (Mr. Bone) assumptions and analysis.[12] These opinions directly attack Mr. Bone's incorrect assumptions and damage calculations on alleged overpayment to Cannata via the buyout of his membership interest, value of allegedly misappropriated trade secrets (which this Court has acknowledged Plaintiff has yet to appropriately identify what its trade secrets actually are)[13], as well as lost profits relating to fraudulent credits and cracked software.[14] These are opinions that directly rebut the assertions by Mr. Bone in his report and were acknowledged in the deposition of Mr. Grant.[15] As such, Plaintiff's statement that Mr. Grant has "provide no opinions" on these topics is strictly belied by the documents before this Court and attached to the Motion.

Notwithstanding the Motion's belied assertions, because he is a rebuttal expert, Mr. Grant is ***not required*** to provide any rebuttal calculations no matter how much Plaintiff protests otherwise. "First, challenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony." *Smilovits v. First solar, Inc.*, No. CV12-00555-PHX-DGC, 2019 U.S. Dist. LEXIS 216437, * 43 (D. Ariz. Dec. 17, 2019) (citing cases). Furthermore, "[r]ebuttal experts ***are not required to generate independent conclusions, based on data, which arrive at a different outcome than the experts they are rebutting. Instead, questioning methodology, and opining on methods and facts [the initial] experts did not consider are precisely the type of rebuttal testimony [that] court[s] would expect.***" *Id.* (citing *LaFlamme v. Safeway, Inc.*, No 3:09-cv-00514-ECF-VPC, 2010 U.S. Dist. LEXIS 98815 (D. Nev. Sept. 2, 2010) (emphasis supplied). Indeed, cases from this district,

---

[12] *See* Mr. Grant's Rebuttal Report, pp. 8-21, submitted with the Motion as Exhibit A.

[13] *See* Order [ECF No. 157], p. 17.

[14] *See* Mr. Grant's Rebuttal Report, pp. 8-21, submitted with the Motion as Exhibit A.

[15] *See, e.g.*, Deposition Transcript of Jeremiah Grant submitted with the Motion as Exhibit B at p. 60 (whereby Plaintiff's counsel acknowledges that Mr. Grant's "opinion" is that book value was not accurately reflected by Mr. Bone); p. 86 (whereby Plaintiff's counsel acknowledges that Mr. Grant's "opinion" is that dissemination alone of does not necessarily decrease value of trade secrets); p. 88 (whereby Mr. Grant states that he has opinions regarding flaws in Mr. Bone's assumptions); p. 90 (opinions regarding proper use of "book value"); p. 120 (Mr. Grant stating that he has an opinion regarding issues with Mr. Bone's methodology and calculations).

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1  other districts in the Ninth Circuit, and nationwide have expressly disagreed with the assertion that
2  Plaintiff makes here—that a rebuttal expert must offer rebuttal calculations or exact methods. *See,*
3  *e.g.*, *LaFlamme*, 2010 U.S. Dist. LEXIS 98815, at *3 (finding that an expert who "evaluated the loss
4  calculations provided by plaintiff's expert economist…by questioning [his] assumed wage growth
5  rate and discount rate" **could testify as a rebuttal expert without providing an independent loss**
6  **calculation**) (emphasis supplied); *Space Data Corp. v. Alphabet, Inc.*, No. 16-cv-03260-BLF, 2019
7  U.S. Dist. LEXIS 106297, *3 (N.D. Cal. June 25, 2015) ("Dr. Hansman's rebuttal report that
8  addresses specific assertions and assumptions in Dr. Meyer's report…is permissible."); *Sinclair*
9  *Wyo. Ref. Co. v. Infrassure Ltd*, No. 15-cv-194-F, 2017 U.S. Dist. LEXIS 224844, *3 (D. Wyo. May
10 19, 2017) (expert offered proper rebuttal testimony where he took "known information about the
11 technique [the initial expert] relied on and highlight[ed] how the methodology is susceptible to
12 inaccuracy or manipulation based on what data to input into the model"); *Aviva Sports, Inc. v.*
13 *Fingerhut Direct Marketing, Inc.*, 829 F.Supp.2d 802, 834-35 (D. Minn. 2011) (concluding that a
14 rebuttal expert witness may criticize other experts-theories and calculations without offering
15 alternatives).

16       All of the foregoing shows that the Motion's claims regarding Mr. Grant's failure to provide
17 alternative calculations are irrelevant in determining to allow him to testify as a rebuttal expert. Mr.
18 Grant's report, like the report in *LaFlamme*, highlights the implicit errors in the damage calculations
19 set forth by Plaintiff's expert in his report. Moreover, Mr. Grant will propose alternative theories of
20 "book value" as set forth in his expert report to rebut those calculations set forth by Plaintiff's expert.
21 This is entirely what this district in the *LaFlamme* opinion stated—that this type of rebuttal testimony
22 is precisely what courts would expect. At a minimum, any concerns raised by the Motion would go
23 to the weight that should be afforded Mr. Grant's testimony, and not its admissibility. *See Cloud*,
24 2012 U.S. Dist. LEXIS 92693, at *4-5 (citing to *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S.
25 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful
26 instruction on the burden of proof are the traditional and appropriate means of attacking shaky but

1 admissible evidence."). This is especially true since this case is proceeding via bench trial, and not in front of a jury.

As such, the Motion should be denied because its arguments are disproven by the record before this Court as well as applicable case law.

### III. CONCLUSION

As such, the Motion should be denied because its arguments are disproven by the record before this Court as well as applicable case law and Mr. Grant should be allowed to provide his full testimony at the bench trial in this matter.

DATED this 13th day of January 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I electronically transmitted the foregoing **OPPOSITION TO MOTION TO BAR TESTIMONY AND REPORT OF JEREMIAH H. GRANT** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*