Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Email: blarsen@shea.law
         kwyant@shea.law

*Attorneys for Defendant*
*Kenneth Cannata*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S OPPOSITION TO PLAINTIFF HP TUNERS LLC'S CONSOLIDATED MOTIONS IN LIMINE** |

Defendant Kenneth Cannata ("Cannata") hereby files this Opposition to Plaintiff HP Tuners, LLC's ("Plaintiff") *Consolidated Motions in Limine* (the "Motion"). This Opposition is supported by the papers and pleadings on file herein, the following Memorandum of Points and Authorities, any exhibits attached hereto, and any oral argument this Court may entertain on the Motion.

DATED this 13th day of January 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.        INTRODUCTION**

Plaintiff, by way of its Motion, requests eleven (11) pre-trial rulings whereby Plaintiff seeks, among other things, to bar entirely relevant information from being heard by the factfinder (this Court) in the above-captioned matter. As acknowledged by the Motion,[1] because this case is now proceeding as a bench trial, "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence." *Shaw v. CitiMortgage, Inc.*, 3:13-cv-0445-LRH, 2016 U.S. Dist. LEXIS 55411, *6-7 (D. Nev. Apr. 26, 2016). Evidence should only be excluded prior to trial only when it "is ***clearly*** inadmissible on ***all potential*** grounds." *Union Pac. R.R. Co. v. Winecup Ranch*, No. 3:17-cv-00477, 2022 U.S. Dist. LEXIS 152930, *3 (D. Nev. Dec. 4, 2020) (emphasis supplied). Put differently, the "more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility." *Shaw*, 2016 U.S. Dist. LEXIS at * 7.

Here, while Cannata's Motions in Limine should be granted as they deal with straightforward issues relating to the Federal Rules of Evidence (including, but not limited to, excluding expert testimony by a layperson and precluding any reference to damages not properly disclosed during discovery), Plaintiff's Motion should be denied outright because the relief sought therein requires this Court to make relevancy determinations,[2] which is not straightforward at all and a harder burden to satisfy. "The determination of whether evidence is relevant to an action or issue is expansive and inclusive." *Id.* at *4. This is because generally all relevant evidence is admissible. Fed. R. Evid. 402. "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As such, while this Court may grant Cannata's Motions in Limine because they deal with clear-cut issues, the Court should deny Plaintiff's Motion outright

---

[1] Motion, p. 2.

[2] *Id.* (stating that Plaintiff seeks exclusion based on relevancy grounds); *id.* at p. 3 ("…as such evidence is not relevant to any of the claims or defenses in this case."); *id.* at p. 8 ("such evidence is irrelevant…" and "such evidence is not relevant….").
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

because not only does the Motion fail to establish that the evidence it seeks to exclude is irrelevant, but Plaintiff is also incorrect regarding its relevancy assertions. For these reasons explained more fully below, Plaintiff's entire Motion should be denied.

**II.     CANNATA DOES NOT OBJECT TO PLAINTIFF'S FIRST MOTION IN LIMINE SEEKING TO EXCLUDE NON-PARTIES AND NON-EXPERT WITNESSES DURING TESTIMONY.**

Counsel for both Plaintiff and Cannata have met and conferred regarding this issue, and both agree that all witnesses who are not testifying should be excluded from the courtroom during such testimony. Cannata's counsel also agrees that such an exclusion should not apply to either the parties in this matter or any properly disclosed expert (including rebuttal experts).

**III.    PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE FINANCIAL STATUS OF A PARTY (SPECIFICALLY HPT) SHOULD BE DENIED**

Plaintiff next seeks to exclude evidence regarding its current financial status, incorrectly claiming that such evidence is not relevant. Plaintiff has asserted numerous claims against Cannata, all of which require evidence of damages, including trade secret misappropriation and copyright infringement. Plaintiff's financial status, and growth since Cannata's alleged misappropriation, is entirely relevant. *See, e.g.*, *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2:21-cv-00194, 2022 U.S. Dist. LEXIS 25044, *26 (C.D. Cal. Jan. 19, 2022) (finding that financial status of a party is entirely relevant to the issue of damages); *West Plains, L.L.C. v. Retzlaff Grain Co.*, 3:13cv47, 2016 U.S. Dist. LEXIS 4172, (D. Neb. Jan. 13, 2016) (citing to cases for the proposition that one method of calculating damages associated with trade secret misappropriation claims are "measured by the value of his business" or the depreciation thereof). Indeed, loss of business value is one way to calculate damages associated with misrepresentation claims. *See generally Masimo Corp. v. Apple Inc.*, SA CV 20-00048, 2022 U.S. Dist. LEXIS 104554, *11 (C.D. Cal. Mar. 21, 2022).

Here, Plaintiff's business has only grown since the alleged bad acts of Cannata.[3] Such information is entirely relevant to whether Plaintiff has suffered any damage or harm whatsoever because it goes directly to Plaintiff's claims, which require damages, and Cannata's defenses,

---

[3] *See* Cannata's Motion for Partial Summary Judgment, filed on June 30, 2021 [ECF No. 124], ¶ 48 (filed under seal).

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

including those that Plaintiff has suffered no such damage. Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Fed. R. Evid. 401. As such, evidence of HPT's current financial status is "not clearly inadmissible on all potential grounds," and such evidence should be allowed based on its entirely relevant nature. *Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 152930 at *3.

At a minimum, Plaintiff's two-sentence argument in an attempt to preclude such evidence is insufficient to meet Plaintiff's burden on a Motion in Limine. *See Smith v. NSF Ry. Co.*, No. 2:18-cv-00179, 2020 U.S. Dist. LEXIS 82769, *2 (E.D. Wash. Feb. 21, 2020) (stating that in the motion in limine context, "the party requesting exclusion bears a heavy burden of showing that the evidence is inadmissible for *all* potential purposes.") (emphasis in original). As such, Plaintiff's request to exclude evidence relating to its current financial status should be denied.

### IV. CANNATA AGREES TO REQUEST TO EXCLUDE AND BAR EVIDENCE OF SETTLEMENT OFFERS, COMMUNICATIONS, OR NEGOTIATIONS INVOLVED IN THIS CASE ONLY

Counsel for both Plaintiff and Cannata have met and conferred regarding whether to exclude settlement offers and related communications and negotiations for the purposes of proving liability or damages pursuant to Fed. R. Evid. 408 and FRCP 68. Cannata's counsel agrees that such information should be excluded based on the plain language of these rules; however, this exclusion should only apply with respect to negotiations involving the parties solely from this case. For clarification, settlement negotiations between Plaintiff and Kevin Sykes-Bonnett in any related proceedings should not be barred under these rules.

Indeed, "Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated, though admission of such evidence may nonetheless implicated the same concerns of prejudice and deterrence of settlements which underlie Rule 408." *Velasquez v. Chase Home Fin. LLC*, No. S-12-0433, 2012 U.S. Dist. LEXIS, *7 (E.D. Cal. Mar. 16, 2012) (citing *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758 (10th Cir. 1997) and *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682 (7th Cir. 2005)). This is especially true when such negotiations

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

and discussions and ultimate settlement would go to Mr. Sykes-Bonnett's bias in cross-examination. *See* Fed. R. Evid. 408(b) (acknowledging that such evidence can be admitted for bias or prejudice). As such, Plaintiff's motion to exclude settlement offers and communications and ultimate settlement should only be granted to the extent it applies to those made in connection with the above-captioned proceeding only.

## V. INFORMATION AND TESTIMONY REGARDING PLAINTIFF'S FAILURE TO OWN CERTAIN TRADE SECRETS AND INTELLECTUAL PROPERTY AT ISSUE IS ENTIRELY RELEVANT AND SHOULD NOT BE EXCLUDED

Plaintiff's fourth motion seeks to preclude any reference to the fact that Plaintiff did not in fact create at least part of the intellectual property or trade secrets it now claims it owns. It must be stated that this Court acknowledged that at no point during this litigation has Plaintiff ever identified what trade secrets or intellectual property it owns or is at issue.[4] Plaintiff must, as an essential element of its claims,[5] show that it in fact has the right to possess to all the trade secrets or allegedly copyrighted information at issue. *See, e.g.*, 18 U.S.C. § 1839; *Switch Ltd. V. Fairfax*, No. 2:17-cv-02651-GMN, 2018 U.S. Dist. LEXIS 148818 (D. Nev. Aug. 30, 2018); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2000) ("Proof of copyright infringement requires…(1) that he owns a valid copyright…."). Plaintiff's own complaint acknowledges this requirement as it puts forth allegations that Plaintiff owns or has proprietary interest in the unidentified and undisclosed trade secrets and copyright at issue.[6]

As such, information relating to ownership of the code allegedly misappropriated by Cannata is entirely relevant to these claims and Cannata's defenses to the same. *See* Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Indeed, if Plaintiff did not own the trade secrets or intellectual property that it claims was misappropriated, Plaintiff cannot succeed on its claims against Cannata for trade secret

---

[4] *See* Order on Motions for Partial Summary Judgment [ECF No. 157], 17:11-22.

[5] *See* Complaint [ECF No. 1], pp. 20-25.

[6] *Id.*

- 5 -

1  misappropriation and copyright violations, or, at a minimum, Plaintiff would lack standing to bring
2  such claims. *See, e.g.*, *Dam Things from Denmark, a/k/a Troll Company ApS v. Russ Berrie & Co.,*
3  *Inc.*, 290 F.3d 548, 563 (3d Cir. 2002) (stating that if derivative work is created without authorization
4  from the original owners of the intellectual property, then there is no protection at all because the
5  derivative work is infringing based on copying the underlying aspects).

6  Here, although the Motion asserts otherwise, evidence specifically exists (including
7  testimony from Plaintiff's own representatives) that certain elements of Plaintiff's claimed code was
8  taken from third-party sources, including proprietary code belonging to automobile manufacturers.
9  Indeed, Mr. Prociuk (a principal of Plaintiff) stated that to begin development of the intellectual
10 property at issue, they took information off of chips from automobiles and read the information to
11 develop the products that serve as the basis for the intellectual property at issue in this litigation.[7]
12 Mr. Prociuk admitted that this information from the automobile manufacturers was not publicly
13 available to his knowledge.[8] Nor did Mr. Prociuk investigate any licensing requirements or
14 restrictions on reverse engineering imposed by these automobile manufacturers to see if such reverse
15 engineering was proper.[9]  However, Mr. Prociuk admitted he tried to get such information from
16 vendors but was unable to do so.[10] Cannata will confirm this at trial as he was part of this reverse
17 engineering process as admitted by Mr. Prociuk.[11] As such, evidence exists that Plaintiff did not
18 actually create and does not have rights to the intellectual property and trade secrets it now claims it
19 owns that are the subject of this litigation.[12]

---

[7] *See* Deposition of Keith Prociuk from April 24, 2019 on file in Case No. 3:17-cv-05760-BHS [ECF No. 182-2], pp. 20-37, attached hereto as **Exhibit A**.  This document is publicly available on the court's docket in the above-referenced case (last visited January 13, 2023 at 11:03 a.m.), and Cannata requests judicial notice taken of the same. *See Sloane v. Experian Info. Solutions, Inc.*, 2018 U.S. Dist. LEXIS 224815 (D. Nev. Sept. 24, 2018) (stating that courts may take judicial notice of "documents on file in federal or state courts") (citing *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)). Indeed, HPT sought to seal such an exhibit, but the court, after numerous rulings, declined to seal Mr. Prociuk's deposition transcript, finding that HPT has not provided any sufficient reasons for sealing the same. *See* [ECF Nos. 201, 229, and 256] on file in Case No. 3:17-cv-05760-BHS.

[8] *Id.* at pp. 18-20.

[9] *Id.* at p. 29.

[10] *Id.* at pp. 23-24.

[11] *Id.* at p. 30-32.

[12] *Id.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

As to the Motion's references to excluding the evidence based on hearsay, such references are insufficient to warrant consideration. First, the Motion does not perform any analysis as to how the fact that Plaintiff does not have rights in the alleged trade secrets could somehow constitute hearsay. Hearsay is an out-of-court statement used to prove the truth of the matter asserted. *See* Fed. R. Evid. 801. Anything that does not fit in this definition is not hearsay. Moreover, an opposing party's statement (or that of its agent) is not hearsay. *See* Fed. R. Evid. 801(d)(2). Here, any statement by Cannata regarding what steps were taken to utilize third-party information in developing the alleged trade secrets at issue is not an out-of-court statement; rather, it will be a statement made in court and thus is not hearsay. Moreover, any statement made by Mr. Prociuk (who made such statements and is indisputably an agent of Plaintiff) is expressly considered not hearsay by FRE 801(d)(2). As such, this information is relevant and entirely admissible. Mr. Gianturco's report simply uses this relevant and admissible information and Mr. Gianturco should be allowed to testify regarding the same and the Motion should be denied.

## VI. FINANCIAL AND SALES OF PLAINTIFF IS ENTIRELY RELEVANT AND MUST BE ALLOWED TO BE PRESENTED AT TRIAL

Plaintiff's Motion continues its misplaced objections on relevancy and in duplicative fashion with its fifth motion in limine to exclude sales or profitability of Plaintiff. For the same reasons asserted with respect to Plaintiff's second motion in limine to exclude the financial status of a party, which are incorporated in full herein,[13] the Motion should be denied.

## VII. EVIDENCE RELATING TO CONDUCT OF KEVIN SYKES-BONNETT AND OTHER LAWSUITS FILED BY PLAINTIFF ARE RELEVANT AND ADMISSIBLE

Plaintiff attempts to mischaracterize its lawsuit against Sykes-Bonnett, which it prosecuted at the same time it prosecuted its claims against Cannata, as somehow entirely unrelated to the current lawsuit against Cannata. However, Plaintiff has routinely undercut this bold mischaracterization during this very litigation by continuously referring to Sykes-Bonnett and Cannata's involvement with him. During Plaintiff's motion for partial summary judgment,

---

[13] *See supra* Part III.

- 7 -

1  Plaintiff referred to interactions and conduct between Sykes-Bonnett and Cannata.[14] In discovery,
2  Plaintiff routinely sought to discover Cannata's involvement with Sykes-Bonnett.[15] Indeed, even
3  Plaintiff's current Motion refers to Sykes-Bonnett and his conduct as it relates to the bounds of
4  this case.[16] Yet, now, Plaintiff nonsensically argues that somehow the fact that it also sued Sykes-
5  Bonnett, and reached a resolution relating to the same facts that overlap with this action, is
6  somehow irrelevant.  Even more concerning is the fact that Plaintiff is attempting to pin Sykes-
7  Bonnett's misconduct on Cannata by precluding any reference to Sykes-Bonnett's actions and the
8  litigation against him.  Such an attempt should not be allowed, especially considering Plaintiff's
9  failure to cite to any case law or provide any analysis whatsoever (and solely relying on conclusory
10 statements) for such a spurious proposition, thus showing Plaintiff's failure to meet its burden. *See*
11 *Smith*, 2020 U.S. Dist. LEXIS 82769 at *2 (stating that in the motion in limine context, "the party
12 requesting exclusion bears a heavy burden of showing that the evidence is inadmissible for *all*
13 potential purposes.").

14      Rather, case law shows that references to Plaintiff's entirely related and relevant
15 proceeding against Sykes-Bonnett is admissible at trial. Generally speaking, evidence of other
16 lawsuits is admissible where relevant and not offered for an improper purpose. *See, e.g.*, *Jackson*
17 *v. Fed. Express*, No. CV 10-01760, 2011 U.S. Dist. LEXIS 166109, *4-5 (C.D. Cal. June 13, 2011)
18 (citing to other cases denying motions in limine to exclude evidence of prior lawsuits). Proper
19 purposes include knowledge. *Id.* at *3.  Additionally, when there is a damage overlap concern,
20 evidence of the other lawsuit is similarly admissible. *See Scoma v. City of New York*, No. 16-cv-
21 6693, 2021 U.S. Dist. LEXIS 85360, *27 (E.D.N.Y. May 4, 2021) (finding that a related lawsuit
22 by a plaintiff was directly relevant, and thus admissible, based on potential damages overlap and
23 denying a motion in limine to exclude such references). Additionally, "judicial admissions made
24 during said lawsuit may be relevant and admissible." *Bostick v. Atl. Mut. Ins. Co.*, No. CV 04-
25 9120, 2008 U.S. Dist. LEXIS 130440, *31 (C.D. Cal. Oct. 21, 2008). However, an improper

---

[14] *See* Plaintiff's MPSJ [ECF No. 119].
[15] *See* Cannata's Response to Plaintiff's First Set of Requests for Admission, attached hereto as **Exhibit B**.
[16] *See* Motion, 9:4-11.

purpose would be using the prior lawsuits to show that a plaintiff is litigious. *See Yates v. Sweet Potatoes Enters.*, No. 11-01950, 2013 U.S. Dist. LEXIS 109374 (N.D. Cal. Aug. 1, 2013) (denying motions in limine to exclude reference to prior lawsuits because they had relevancy for damage, credibility, and impeachment purposes). To determine if such evidence is admissible, a court should look to whether the two lawsuits have a nexus to the allegations the plaintiff has made. *Jackson*, 2011 U.S. Dist. LEXIS 166109 at *5.

Here, it cannot be disputed that Plaintiff's litigation against Sykes-Bonnett and its current litigation against Cannata have a related nexus of facts. Indeed, the Motion acknowledges as such, referencing filings and facts set forth in this case by both parties.[17] Plaintiff has alleged that Cannata provided unidentified trade secrets to Sykes-Bonnett, which Sykes-Bonnett allegedly used to create a competing product. Although the evidence will show that no such competing product was ever created, the relatedness of the allegations between the two lawsuits filed by Plaintiff exhibits large factual overlap. Moreover, Plaintiff filed claims against Sykes-Bonnett for misappropriation of trade secrets, unfair competition, tortious interference with economic relations, and violation of the Computer Fraud and Abuse Act, which are identical in nature to the claims asserted against Cannata here. Thus, there is significant overlap between legal issues in both of Plaintiff's lawsuits as well.

Additionally, the resolution of the Sykes-Bonnett litigation, and what was promised by way of said resolution, goes directly to Sykes-Bonnett's credibility. Moreover, Plaintiff's knowledge of Sykes-Bonnett's actions in the separate lawsuit goes to whether Plaintiff properly mitigated its damages it now seeks from Cannata, as well as to issues relating to double recovery. Indeed, to the extent that Plaintiff received monetary compensation from Sykes-Bonnett for its unidentified trade secrets, Plaintiff should not be able to recover the same from Cannata. Further, Cannata can not be held liable for the actions of Sykes-Bonnett—an individual who he did not control. This is especially true since Cannata only provided this information to Sykes-Bonnett subject to a non-disclosure agreement, which Sykes-Bonnett admitted to in his deposition during Plaintiff's

---

[17] *See* Motion, 9:4-11.

litigation against him in Washington.[18] Plaintiff has put forth no case law or evidence suggesting Cannata can be held liable for the bad acts of Sykes-Bonnett and yet still seeks to preclude evidence relating to the same.

Simply, Plaintiff has not met its burden to establish that there is no potential purpose to admit facts, resolution, and admissions made in the Sykes-Bonnett lawsuit, including Sykes-Bonnett's conduct following the execution of a non-disclosure agreement. As such, Plaintiff's Motion should be denied.

### VIII. EVIDENCE RELATING TO COMMUNICATIONS AND DISPUTES BETWEEN CANNATA AND PLAINTIFF'S REMAINING MEMBERS IS NOT SUBJECT TO THE PAROL EVIDENCE RULE

Much like the rest of the Motion, Plaintiff seeks to be able to use evidence in its favor at trial while precluding Cannata the opportunity to defend himself using the same information. Plaintiff's improper request to bar Cannata from using *any* communications that took place prior to October 20, 2016 by invoking the parol evidence rule is just another example of such tactics. Indeed, Plaintiff—by way of its seventh motion in limine—seeks to preclude Cannata from using this while requesting the Court to allow Plaintiff to put forth such evidence. Not only is such a request improper based on the necessity for fair trials, but it also overstates and misapplies the parol evidence rule.

As an initial matter, Cannata has filed a motion to exclude any reference to the Buy-Sell Agreement, which precedes the October 20, 2016 Membership Purchase Agreement based on the parol evidence rule. As such, to the extent neither party may rely on the Buy-Sell Agreement because both parties agree it is subject to the parol evidence rule as it existed before the Membership Purchase Agreement and deals with the same subject mater (i.e., the buyout of a membership interest), then Cannata concedes this document should be precluded from evidence. However, to the extent that Plaintiff is allowed to refer to the Buy-Sell Agreement for any reason, Cannata must be given permission to do so as well in the spirit of trial fairness.

However, Plaintiff's request to exclude communications and facts as to what led up to

---
[18] *Id.*

- 10 -

Cannata deciding to step away as a member of Plaintiff, including the misdeeds of Plaintiff's remaining members, is much too expansive and does not coincide with the plain language of the parol evidence rule. The parol evidence rule only bars evidence which "var[ies] or contradict[s] the written agreement's terms." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F.Supp.2d 1184, 1191 (D. Nev. 2006). Moreover, it does not apply to areas on which the written agreement is silent. *Id.* The misdeeds of Plaintiff's other members are not referenced or considered in the Membership Purchase Agreement. As such, it is silent on this point and evidence regarding why Cannata ultimately chose to leave as a member of Plaintiff should be admitted into evidence.

Moreover and based on Plaintiff's failure to identify specific communications it seeks to preclude, the Court should not issue a blanket ruling prohibiting all communications but rather should wait to address any specific communications as they arise during trial. To adopt Plaintiff's expansive interpretation of the parol evidence rule would be to rule that any communications on any subject whatsoever that took place before the execution of a document are barred by the parol evidence rule. This is not the purpose of the parol evidence rule and the Court should deny such a request.

Lastly, Plaintiff cannot now obtain a ruling from this Court that it is allowed to use the fraud exception to the parol evidence rule because it has not satisfied the prerequisites for doing so. "A party relying upon fraud for [an exception to the parol evidence rule] must both plead and prove it." *Crockett*, 440 F.Supp.2d at 1191. "It is only when independent facts constituting fraud are first proven that parol evidence is admissible." *Id.* Here, Plaintiff has not proven any fraud occurred. There is no ruling in Plaintiff's favor on this point, nor does the Motion put forth any analysis establishing fraud actually occurred. As such, Plaintiff's request cannot be granted, and the Motion should be denied, except to the extent that the Court should find that the Buy-Sell Agreement is barred from being referenced by both parties.

**IX.   EVIDENCE RELATING TO THE FACT THAT CANNATA RECEIVED NO PECUNIARY BENEFIT IS RELEVANT AND ADMISSIBLE**

Plaintiff's eighth motion in limine conflates the issues in this case; namely, the fact that Cannata received no benefit from any alleged misappropriation because no products ever went to

market with the fact that his wife was given an ownership interest in Syked Tuning. Plaintiff has produced no evidence, nor made any argument in its Motion, that the ownership interest somehow provided a pecuniary benefit to Cannata.  Simply, it did not, especially considering that it was an ownership interest in a company that did not put any products to market and generated no revenue. Cannata will testify to this fact.

Moreover, it is entirely relevant to Plaintiff's unjust enrichment claim as to whether Cannata received any benefit conferred by Plaintiff. Indeed, the elements of unjust enrichment are as follows: (1) "a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of such a benefit, and (3) acceptance and retention by the defendant of such benefit under circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Tr.*, 113 Nev. 747, 942 P.2d 182 (Nev. 1997). This Court has already recognized the necessary element that Cannata received a benefit for Plaintiff to succeed on its unjust enrichment claim.[19] As it is a necessary element that Plaintiff must prove as the party with the burden at trial, nothing could be more relevant to whether Cannata actually received a benefit conferred by Plaintiff, pecuniary or otherwise. Moreover, Plaintiff's half-page of conclusory statements is insufficient to carry its burden to exclude evidence relating to any lack of benefit received by Cannata. *See Smith*, 2020 U.S. Dist. LEXIS 82769 at *2 (stating that in the motion in limine context, "the party requesting exclusion bears a heavy burden of showing that the evidence is inadmissible for *all* potential purposes.").

Because the facts Plaintiff seek to bar are entirely relevant (namely, that Cannata received no benefit whatsoever from his alleged misappropriation) and Plaintiff has failed to meet its burden for exclusion, Plaintiff's Motion should be denied.

**X.    EVIDENCE THAT CANNATA WAS NOT PREVIOUSLY TERMINATED FOR CAUSE FOR ANY ALLEGED MISDEEDS WHILE A MEMBER OF PLAINTIFF IS ENTIRELY RELEVANT AND ADMISSIBLE**

To the extent that the Court allows any testimony regarding the Buy-Sell Agreement and

---

[19] *See* MPSJ Order [ECF No. 157], 18:9-11 (stating that "the Ninth Circuit has recognized that unjust enrichment, in the context of trade secrets damages, may be appropriate where the infringer ***receives a benefit*** as a result of its wrongdoing.") (emphasis supplied).

the provisions therein (which it should not based on the parol evidence rule and as further described in Cannata's Motion in Limine to exclude such references), then any information regarding potential reasons as to why Cannata could have been terminated for cause previously are entirely relevant. Indeed, the fact that Cannata could have been terminated for cause previously for issues that Plaintiff knew about, and was not, undercuts Plaintiff's entire argument that it would have terminated Cannata for cause in accordance with the Buy-Sell Agreement and provisions therein.

As this Court is aware, "[e]vidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the prior acts of Cannata that could have resulted in his termination for cause, and did not, makes it more probable than not that Plaintiff would not have fired Cannata for cause for the reasons it now claims. As such, this Motion should be denied as the information it seeks to exclude is relevant, and thus admissible,[20] in addition to the fact that Plaintiff has failed to carry its burden in seeking to exclude such evidence because Plaintiff has not shown that such relevant information is not admissible for any potential purpose. *See Smith*, 2020 U.S. Dist. LEXIS 82769 at *2

### XI. MR. GRANT, AS A PROPERLY DISCLOSED REBUTTAL WITNESS, IS ENTITLED TO TESTIFY TO ALTERNATIVE BASES FOR CALCULATING PLAINTIFF'S DAMAGES, ESPECIALLY CONSIDERING PLAINTIFF'S NOTICE OF THE SAME

Plaintiff's tenth motion in limine makes several bold misstatements regarding Mr. Grant and his proposed testimony and report. Mr. Grant was retained as a rebuttal expert to rebut the theories and entirely speculative and miscalculations set forth by Plaintiff's proposed expert—Mr. John Bone. While Mr. Bone and his testimony should be excluded based on its entirely speculative nature, his calculations, if allowed, are flawed and Mr. Grant was retained to point this out to the factfinder.

As an initial matter, the Motion misstates the fact that Mr. Grant did not offer an alternative definition of "book value". Indeed, as set forth in the Opposition to Plaintiff's related motion to

---

[20] Fed. R. Evid. 402.

- 13 -

strike Mr. Grant's testimony in full, the following shows that Mr. Grant did in fact provide an alternate definition:

> **Q:** **How would you define "book value"?**
> A. Let me answer it this way: I think that, at a minimum, in terms of equity, book value would include all assets of the company and all liabilities, just like your client said yesterday, to my understanding. And if – if we frame the question that way in terms of book value of – of equity would be the difference between all assets and all liabilities, I would be comfortable with that. I think that's fair.
> I think that that accurately captures the reality – the economic and financial reality of the company's situation; whereas, you know, only using some assets and using their depreciated value, which may or may not have any connection to economic reality, although, perhaps, technically correct in certain circumstances, is not fair and really reflects a distortion of reality.
>
> ***
>
> **Q:** **You don't offer any alternative definition of book value, do you?**
> A. I mean, as we went over this at length earlier today –
> **Q:** **In your report. In your report. In your report, you do not offer an alternative definition of book value?**
> A. That's not true.[21]

Moreover, the Motion is baseless in its assertions that Mr. Grant "offered no opinion, methodologies, or calculations"[22] as to Plaintiff's damages. Indeed, Mr. Grant provides both "direct criticisms" and "additional criticisms" (i.e., opinions) regarding Plaintiff's expert's (Mr. Bone) assumptions and analysis.[23] These opinions directly attack Mr. Bone's incorrect assumptions and damage calculations on alleged overpayment to Cannata via the buyout of his membership interest, value of allegedly misappropriated trade secrets (which this Court has acknowledged Plaintiff has yet to appropriately identify what its trade secrets actually are)[24], as well as lost profits relating to fraudulent credits and cracked software.[25] These are opinions that directly rebut the assertions by Mr. Bone in his report and were acknowledged in the deposition of Mr. Grant.[26] As such, Plaintiff's statement that Mr. Grant has "provide no opinions" on these topics is strictly belied by the documents on file herein.

---

[21] *See* Deposition Transcript of Jeremiah Grant, pp. 25, 57, on file at [ECF No. 177-2].

[22] Motion, 14:5-16.

[23] *See* Mr. Grant's Rebuttal Report, pp. 8-21, submitted with the Motion as Exhibit [ECF No. 177-1].

[24] *See* Order [ECF No. 157], p. 17.

[25] *See* Mr. Grant's Rebuttal Report, pp. 8-21, submitted with the Motion as Exhibit A.

[26] *See, e.g.*, Deposition Transcript of Jeremiah Grant submitted with the Motion as Exhibit B at p. 60 (whereby Plaintiff's counsel acknowledges that Mr. Grant's "opinion" is that book value was not accurately reflected by Mr.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

As set forth in Cannata's Opposition to Plaintiff's Motion to Strike testimony of Jeremiah Grant, Mr. Grant is ***not required*** to provide any rebuttal calculations no matter how much Plaintiff protests otherwise. "First, challenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony." *Smilovits v. First solar, Inc.*, No. CV12-00555-PHX-DGC, 2019 U.S. Dist. LEXIS 216437, * 43 (D. Ariz. Dec. 17, 2019) (citing cases). Furthermore, "[r]ebuttal experts ***are not required to generate independent conclusions, based on data, which arrive at a different outcome than the experts they are rebutting. Instead, questioning methodology, and opining on methods and facts [the initial] experts did not consider are precisely the type of rebuttal testimony [that] court[s] would expect.***" *Id.* (citing *LaFlamme v. Safeway, Inc.*, No 3:09-cv-00514-ECF-VPC, 2010 U.S. Dist. LEXIS 98815 (D. Nev. Sept. 2, 2010) (emphasis supplied). Indeed, cases from this district, other districts in the Ninth Circuit, and nationwide have expressly disagreed with the assertion that Plaintiff makes here—that a rebuttal expert must offer rebuttal calculations or exact methods. *See, e.g.*, *LaFlamme*, 2010 U.S. Dist. LEXIS 98815, at *3 (finding that an expert who "evaluated the loss calculations provided by plaintiff's expert economist…by questioning [his] assumed wage growth rate and discount rate" ***could testify as a rebuttal expert without providing an independent loss calculation***) (emphasis supplied); *Space Data Corp. v. Alphabet, Inc.*, No. 16-cv-03260-BLF, 2019 U.S. Dist. LEXIS 106297, *3 (N.D. Cal. June 25, 2015) ("Dr. Hansman's rebuttal report that addresses specific assertions and assumptions in Dr. Meyer's report…is permissible."); *Sinclair Wyo. Ref. Co. v. Infrassure Ltd*, No. 15-cv-194-F, 2017 U.S. Dist. LEXIS 224844, *3 (D. Wyo. May 19, 2017) (expert offered proper rebuttal testimony where he took "known information about the technique [the initial expert] relied on and highlight[ed] how the methodology is susceptible to inaccuracy or manipulation based on what data to input into the model"); *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 829 F.Supp.2d 802, 834-35 (D. Minn. 2011) (concluding that a rebuttal expert witness may criticize other experts-theories and calculations without offering alternatives).

Bone); p. 86 (whereby Plaintiff's counsel acknowledges that Mr. Grant's "opinion" is that dissemination alone of does not necessarily decrease value of trade secrets); p. 88 (whereby Mr. Grant states that he has opinions regarding flaws in Mr. Bone's assumptions); p. 90 (opinions regarding proper use of "book value"); p. 120 (Mr. Grant stating that he has an opinion regarding issues with Mr. Bone's methodology and calculations).

As such, Mr. Grant is allowed to provide his opinions and analyze how his opinions diminish or negate the speculative damages set forth by Mr. Bone. As such, Mr. Grant is a properly disclosed rebuttal expert, and must be allowed to testify as to all issues relating to damages, the very purpose for which he was retained. The Court should deny the Motion and ignore Plaintiff's misrepresentations (which are belied by the very documents before this Court).

### XII. PLAINTIFF'S MOTION TO BAR ANY ARGUMENTS RELATING TO PLAINTIFF'S FAILURE TO SEEK RESCISSION IS IMPROPER

As noted by this Court, "[a] motion *in limine* is used to preclude prejudicial or objectionable **evidence** before it is presented to the jury." *Union Pac. R.R. Co. v. Winecup Ranch*, No. 3:17-cv-00477, 2020 U.S. Dist. LEXIS, *3 (D. Nev. Dec. 4, 2020) (emphasis supplied). Plaintiff's eleventh motion in limine does not seek to preclude any evidence; rather, it seeks to preclude legal arguments all together. Such an attempt is improper as it basically seeks a summary judgment ruling. *See, e.g.*, *Ruderman v. Rolls-Royce Motor Cars NA*, 2021 U.S. Dist. LEXIS (C.D. Cal. July 12, 2021) (citing to case law and stating that "[i]t is improper for this Court essentially [to] convert [a] motion *in limine* into a motion for summary judgment" and denying a motion in limine seeking to preclude legal arguments and related evidence thereto).

It is confusing that Plaintiff has not sought rescission in this case because Plaintiff cannot simply take both Cannata's membership interest for free (which is exactly what Plaintiff is attempting to do by seeking the entire sum paid to Cannata for said interest as damages). Moreover, the Membership Purchase Agreement expressly superseded all prior agreements on the same subject matter—i.e., the payment of a member for their membership interest. This precludes Plaintiff from now seeking to use the Buy-Sell Agreement. *See, e.g.*, *Health-Chem Corp. v. Baker*, 915 F.2d 805, 811 (2d Cir. 1990) ("When the parties to a contract enter into a new agreement that expressly supersedes the previous agreement, the previous agreement is extinguished, thereby reducing the remedy for breach to a suit on the new agreement."). The fact that Plaintiff could have sought rescission, and failed to do so, and now is barred from referring to the Buy-Sell Agreement as a result, is a legal argument that must be allowed to be presented and is not proper for decision on a motion in limine. As such, Plaintiff's Motion should be denied.

## XIII. CONCLUSION

For the foregoing reasons and except as expressly consented to herein, Plaintiff's Motion should be denied in its entirety.

DATED this 13th day of January 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I electronically transmitted the foregoing **DEFENDANT KENNETH CANNATA'S OPPOSITION TO PLAINTIFF HP TUNERS LLC'S CONSOLIDATED MOTIONS IN LIMINE** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*