Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Eq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail: blarsen@shea.law
kwyant@shea.law

*Attorneys for Defendant*
*KENNETH CANNATA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CANNATA,<br><br>Defendants. | CASE NO. 3:18-CV-00527-LRH-WGC<br><br>**DEFENDANT KENNETH CANNATA'S MOTION TO REDACT SPECIFIED LINES IN HIS TRIAL BRIEF** |

Pursuant to Local Rule 10-5, Defendant Kenneth Cannata ("Cannata"), by and through its counsel of record, hereby files this Motion to Redact Specified Lines in his *Trial Brief* (the "Brief").

Specifically, Cannata seeks permission to redact statements in the Brief as specified herein in accordance with the protective order entered in this case.

DATED this 25th day of January 2023.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652

*Attorneys for Kenneth Cannata*

- 1 -

## I. INTRODUCTION

On or about June 6, 2019, this Court entered an Order granting Cannata and Plaintiff HP Tuners, LLC's ("Plaintiff") stipulation for protective order (the "Protective Order") [ECF No. 30]. The Protective Order outlines various types of "Confidential" information, which includes non-public documents relating to the business and dealings of the parties. The specific lines of text and statements that Cannata necessarily included in his Brief may fall under the Protective Order's classification of Confidential Information. Although the information included therein will likely need to be used at trial, at this point in time and out of the abundance of caution, the information specifically described in more detail below should be redacted in compliance with the Protective Order.

As such, Cannata respectfully requests that this Court grant this Motion, and authorize Cannata's redaction of the specified lines of text contained in his Brief.

## II. LEGAL STANDARD

Public "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Although a strong presumption of public access to judicial records exists, information such as "confidential business information, proprietary technology, and trade secrets are routinely protected by filing under seal…." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017). Additionally, the public's interest in accessing court records is diminished when the document and confidential information therein is included with a non-dispositive motion as opposed to a dispositive motion. *See Kamakana*, 447 F.3d at 1179.

Indeed, when the motion to be sealed/redacted (or the documents attached thereto) is a dispositive motion—i.e., summary judgment or a motion to dismiss—the party seeking to redact/seal must show a compelling reason as to why sealing or redaction is necessary. *Id.* However, when there is a "discovery document [attached] to a non-dispositive motion" the normal presumption of access to judicial records is rebutted, and the party seeking to seal or redact only need to show that "good cause" exists to protect this information from the public eye. *Id.* at 1179-

80.     Put differently, a good cause showing will suffice to keep sealed records attached to nondispositive motions. *Id.*

Here, the pleading at issue which is sought to be redacted/sealed is Cannata's Brief for trial. This is nondispositive, and thus the good cause standard applies. As is shown below, good cause exists to redact/seal the exhibits submitted with Cannata's Brief as set forth herein.

### III.   GOOD CAUSE EXISTS TO GRANT THE MOTION AND ALLOW FOR THE REDACTION TEXT NECESSARILY INCLUDED WITH CANNATA'S BRIEF AS SET FORTH BELOW

Applying the good cause standard from *Kamakana*, the Motion should be granted based on the language of the Protective Order stipulated to between the parties, as well as this Court's comments to the same, and the fact that the information sought to be redacted/sealed is private business information and dealings between the parties.

The Protective Order defines "Confidential Material" as:

2.1 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: business records and employee files; documents relating to expertise and knowledge, including automotive tuning data and data related to other types of vehicles; documents relating to undisclosed advertising and marketing; management communications; pricing information; agreements with employees and non-parties; technical information about a party's products or anticipated products; ***communications and other nonpublic documents relating to the business and dealings of the parties***.

[ECF No. 30] (emphasis supplied). The Protective Order goes on to authorize, at ¶ 4.4, parties to seek permission from the Court to file material under seal. *Id.* The Court also added comments at the end of the Protective Order, requiring any motion to seal to comply with the requirements of *Kamakana*. Here, all of the information requested to be redacted complies with the foregoing requirements, and this Motion should be granted.

Good cause exists here to redact the lines of text identified below and necessarily included with the Brief because the information to be sealed goes directly to HPT's internal business information and documents. *See In re Conagra Foods, Inc.*, 2014 U.S. Dist. LEXIS 194205, *11 (C.D. Cal. Dec. 29, 2014) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies

sealing."). Moreover, HPT has claimed that the information set forth in Cannata's trial brief may be alleged trade secrets and alleged proprietary information of HPT. *See Kamakana*, 447 F.3d at 1179 (stating that the release of trade secrets is a compelling reason sufficient to outweigh the public's interest in disclosure and justify sealing court records).[1]

Specifically, by way of this Motion, Cannata seeks to redact/seal:

**Page 2, Lines 19-24 of the Brief (re: HPT financials);**
**Page 9, Lines 12-18 and 22 of the Brief (re: HPT business dealings and workings);**
**Page 10, Lines 1-3 of the Brief (re: HPT business dealings and workings);**
**Page 11, Lines 18-19 of the Brief (re: HPT's alleged intellectual property); and,**
**Page 12, Lines 3, 5-10, and 26 of the Brief (re: HPT's financials);**

This information falls under "communications and other nonpublic documents relating to the business and dealings of the parties." Good cause exists to redact/seal this information because the public's interest in the same does not outweigh the confidential nature of the amounts paid to specific individuals, internal business dealings of HPT, the financials of HPT, or the internal meetings and decisions of Plaintiff prior to the initiation of this litigation.

## IV.  CONCLUSION

Accordingly, Cannata respectfully requests that the identified lines of text included with his Brief sealed as requested herein.

DATED this 25th day of January, 2023.

SHEA LARSEN

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Kenneth Cannata*

---

[1] While Cannata does not agree that the information is a trade secret, no formal ruling has been made and thus, a compelling need currently exists to seal the documents.

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically transmitted the foregoing **DEFENDANT KENNETH CANNATA'S MOTION TO REDACT SPECIFIED LINES IN HIS TRIAL BRIEF** to the Office of the Clerk of the United States District Court, District of Nevada, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*